UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| VAZQUEZ COMMERCIAL CONTRACTING, LLC | ) ) ) | |
| Plaintiff | ) ) ) | |
| vs. | ) ) | Case No. _____ |
| ZIESON CONSTRUCTION COMPANY, LLC; SIMCON CORP.; ONSITE CONSTRUCTION GROUP, LLC; TORGESON ELECTRIC COMPANY, INC.; MCPHERSON CONTRACTORS, LLC; MLT INVESTMENTS, LLC; METS, LLC; HAAVIG & ASSOCIATES, L.L.C.; ZURICH AMERICAN INSURANCE COMPANY; CHPB Sub 1, LLC F/K/A TRUSS, LLC; MATTHEW TORGESON; MICHAEL PATRICK DINGLE; MATTHEW MCPHERSON; STEPHON ZIEGLER; RUSTIN SIMON; JACOB BAUCOM; MONICA HAAVIG. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and 18 U.S.C. § 1965, Defendant Zurich American Insurance Company ("Zurich"), hereby removes the above-captioned matter, originally filed in the Circuit Court of Jackson County, Missouri as case number 2016-CV11380, to the United States District Court for the Western District of Missouri. The grounds for removal are as follows.

## I. NATURE OF ALLEGATIONS

1. On May 1, 2020, Plaintiff Vazquez Commercial Contracting, LLC ("Plaintiff") commenced the present lawsuit by filing a Petition for Damages (the "Petition") in the Circuit Court of Jackson County, Missouri, at Independence, *see Vazquez Commercial Contracting, LLC v. Zieson Construction Co., LLC, et al.*, 2016-CV11380 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Petition, together with "all process, pleadings, and orders" on file in the state Court, are attached hereto as **Exhibit A**.

2. Zurich was served with the summons and a copy of the Petition through its registered agent, the Director of the Missouri Department of Commerce and Insurance ("Director"), on or about May 15, 2020. *See* Ex. A, 93–94.

3. The Petition alleges a conspiracy to fraudulently present two "front" companies—defendants Simcon Corp. ("Simcon") and Zieson Construction Company LLC ("Zieson")—as Service-Disabled Veteran-Owned Small Businesses (or "SDVOSBs") in order to obtain federal "set aside" contracts, which are construction contracts reserved to minority- and veteran-owned businesses under a complex federal regulatory scheme administered by the federal government. Ex A, Petition ¶ 24.

4. Plaintiff is a third-party SDVOSB contractor who claims to have lost a bid against defendant Simcon for a set-aside contract with the U.S. Army Corps of Engineers ("USACE") in September 2016. *Id.* ¶¶ 57–60. Based on this single incident, Plaintiff now brings a host of claims against *17 defendants*, including multiple claims under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962.

5. Plaintiff's claims against Zurich (including the RICO claim) are predicated solely on its underwriting and issuance of federally mandated "surety" bonds to Simcon.[1]

## II. GROUNDS FOR REMOVAL

### A. This Court Has Jurisdiction over Plaintiff's Claims.

6. Plaintiff alleges federal RICO claims against "[a]ll defendants," including Zurich. Ex. A, Pet. ¶ 72(a) (Count I); *see also id.* ¶¶ 71–91 (Counts I–III). Therefore, this Court has federal question jurisdiction over those RICO claims pursuant to 28 U.S.C. § 1331.

7. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over all remaining claims in the Petition. A court has supplemental jurisdiction over any claims that form part of the same case or controversy as those claims over which the Court has original jurisdiction. Separate claims form part of the same case or controversy when they involve "a common nucleus of operative fact[s]" such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

8. Here, as described above, *all* of Plaintiff's claims are predicated on the same nucleus of facts—*i.e.*, on the alleged fraudulent scheme to use SDVOSB "shell companies" (Simcon and Zieson) to obtain government set-aside contracts to which those companies were not qualified. Accordingly, the Court has supplemental jurisdiction over the state-law claims alleged in the Petition (¶¶ 92–140).

9. Because the Court has original or supplemental jurisdiction over all of Plaintiff's claims, the case is removable pursuant to 28 U.S.C. § 1441(c).

---

[1] The Miller Act, 40 U.S.C. § 3131, *et. seq.*, requires a contractor awarded a contract of more than $100,000 to furnish to the government specified performance and payment bonds. These surety bonds guarantee the completion of the contract and payment for the labor and materials if the contractor defaults on its obligations.

3

### B. Zurich Is Entitled to Remove This Case Irrespective of Other Defendants' Consent; But in any Event, All But One of the Served Defendants Consent to Removal.

10. As contemplated by 28 U.S.C. § 1446, Zurich has sought and obtained consent to removal of all co-defendants that have been properly served and appeared to date, with the sole exception of defendant Michael Patrick Dingle and Rustin Simon. Through counsel, Mr. Dingle refused on May 29, 2020 to consent to the present Notice of Removal of this present action. As of the time of filing, counsel for Mr. Simon had not provided a final response regarding consent but had indicated that her client was likely not willing to consent.

11. Neither Mr. Dingle's nor Mr. Simon's consent is required for removal, however, because Plaintiff's RICO claims trigger a statutory exception to the default rule of unanimous consent. 14C Fed. Prac. & Proc. Juris. § 3730 (Rev. 4th ed.) (recognizing that Congress may by statute create exceptions to the unanimous consent rule).

12. In a section entitled "Venue and Process," RICO provides that "[*a*]*ny* civil action proceeding brought under [RICO] against any person *may be instituted in the district court of the United States* for any district in which such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a) (emphasis added). That text plainly contemplates that a federal venue will be available in "any" RICO action, and confers an absolute right on any party in a RICO case to "institute[]" federal court proceedings, including by filing a notice of removal.

13. In construing this plain text, the Court "must (as usual) interpret the relevant words not in a vacuum, but with reference to the statutory context, 'structure, history, and purpose.'" *Abramski v. United States*, 573 U.S. 169, 179 (2014) (quoting *Maracich v. Spears*, 570 U.S. 48, 76 (2013)). Those tools confirm that Congress intended to confer an absolute right to invoke a federal forum on all parties in RICO actions.

4

14. To start, both RICO's venue and civil remedies provisions contemplate *only* federal court actions to enforce RICO claims. *See* 18 U.S.C. § 1965 (Venue) (stating repeatedly that actions may be brought in "district court" to enforce RICO claims); *id.* § 1964(a) (Civil Enforcement) ("The district courts of the United States shall have jurisdiction to prevent and restrain violations of section 1962 of this chapter."). Neither even considers the possibility of state-court proceedings.

15. This language is no coincidence; Congress's "clear legislative intent [was] to pattern RICO's civil enforcement provision on the Clayton Act." *Agency Holding Corp. v. Malley–Duff & Associates*, 483 U.S. 143, 143 (1987) ("Even a cursory comparison of the two statutes reveals that the civil action provision of RICO was patterned after the Clayton Act"); *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 489 (1985) ("clearest current" in RICO's "legislative history is the reliance on the Clayton Act model"). RICO's civil enforcement provision was lifted nearly verbatim from the then-current Section 4 of the Clayton Act. *See* 15 U.S.C. § 15 (1970). And Congress explicitly stated that RICO's "venue and process" provision was "modeled on present antitrust legislation [*i.e.*, referring to the Clayton Act]." H.R. REP. No. 91-1549 (1970), *as reprinted in* 1970 U.S.C.C.A.N. 4007, 4034, 1970 WL 5695.

16. That is relevant because the Clayton Act vests *exclusive* jurisdiction over all claims in federal courts. Though RICO's nearly identical language has been held not to fully divest state courts of concurrent jurisdiction (at least not where all parties prefer to remain in state court), Congress's deliberate and consistent emphasis on the availability of federal courts in RICO cases reflects a clear intent to permit any defendant at least to remove an action to federal court where RICO claims are involved.

5

17. Any contrary application would be incompatible with RICO's fundamentally criminal character and obstruct the purpose of RICO and its venue provision in particular.

18. In enacting the Organized Crime Control Act of 1970, which created RICO, Congress specifically sought to address a perceived problem of "*national* dimensions" by "mov[ing] large substantive areas formerly totally within the police power of the State into the Federal realm." *United States v. Turkette*, 452 U.S. 576, 586–87 (1981) (collecting citations to legislative history). In other words, RICO is fundamentally a criminal statute, over which "[t]he district courts of the United States … have original jurisdiction, *exclusive* of the courts of the States." 18 U.S.C. § 3231 (emphasis added). Though RICO's civil enforcement provision does not technically fall within the scope of Section 3231, that provision must be interpreted with this backdrop in mind.

19. RICO contains other unique features reflecting a strong intent that federal courts be available in RICO cases. In addition to the provisions discussed above, RICO's venue statute provides for nationwide subpoena power over witnesses and other parties in RICO cases whenever "it is shown that the ends of justice require that other part[y] … be brought before the court." 18 U.S.C. § 1965(b); *see also id.* § 1965(c)–(d). As the Department of Justice's Civil RICO guidance recognizes, the purpose of this statutorily specified venue "'is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial.'" DOJ, *Civil RICO: A Manual for Federal Attorneys*, 88 (Oct. 2007) (emphasis in original) (quoting *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183–84 (1979)). But that procedural tool is available only in federal court. It would therefore obstruct Congress's manifest intent to force defendants who wish to proceed in federal court to instead stay in state court, thereby depriving them of the procedural tools Congress provided.

**20.** For all these reasons, RICO reflects an unambiguous intent to override the default rule of unanimous consent to removal and instead to permit any defendant to "institute" federal court proceedings by removing a RICO action. Zurich has properly exercised that right.

### C. Removal to this District Is Otherwise Proper.

1. Zurich's Notice of Removal is timely. A "notice of removal of a civil action or proceeding [must] be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief …." 28 U.S.C. § 1446.

2. As described above, Plaintiff served a copy of the Summons and Petition on Zurich via the Director on May 15, 2020. Thirty days from May 15, 2020 is June 14, 2020. But because June 14, 2020 is a Sunday, the deadline for Zurich to file its Notice of Removal is extended to Monday, June 15, 2020. Fed. R. Civ. Proc. 6(a)(1)(C) ("[I]f the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

3. Venue in this Court is proper: This Notice of Removal is filed in the District Court of the United States for the district and division in which the case is pending. *See* 28 U.S.C. §§ 1441, 1446(a). Specifically, the United States District Court for the Western District of Missouri encompasses the location (Jackson County, Missouri) where the State Court action is pending. 28 U.S.C. § 105.

4. Zurich has attached a copy of all "process, pleadings, and orders served upon" all defendants in this action, as well as a copy of the state court's docket sheet to this Notice of Removal. *See* Ex. A.

5. Zurich has provided Plaintiff with written notice of this Notice of Removal, as required by 28 U.S.C. § 1446(d), by service on counsel.

6. Pursuant to 28 U.S.C. § 1446(d), Zurich is filing a copy of this Notice of Removal with the Clerk of the Circuit Court of Jackson County, Missouri.

WHEREFORE, Zurich respectfully requests that this action now pending in the Circuit Court of Jackson County, State of Missouri be removed to this Court, that this Court exercise its subject-matter jurisdiction over this action, and that the Court grant such other and further relief as it deems just and proper.

Dated: June 15, 2020                     Respectfully submitted,

          s/ Debra Bogo-Ernst
          Debra Bogo-Ernst (pro hac vice pending)
          *DErnst@mayerbrown.com*
          Samantha C. Booth (pro hac vice pending)
          *sbooth@mayerbrown.com*
          MAYER BROWN LLP
          71 South Wacker Drive
          Chicago, IL 60606-4637
          Telephone: (312) 782-0600
          Facsimile: (312) 701-7711

          Carol Z. Smith
          *csmith@dysarttaylor.com*
          Matthew W. Geary
          *mgeary@dysarttaylor.com*
          4420 Madison Avenue Suite 200
          Kansas City, MO 64111
          Telephone: (816) 931-2700
          Facsimile: (816) 931-7377

          *Attorneys for Defendant Zurich American Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 15, 2020, a copy of the foregoing Notice of Removal was electronically filed with the Court using the Court's ECF system which sent copies of the same to all attorneys of record as follows:

Mark E. Parrish
Joshua A. Sanders
Erica Fumagalli
Boyd Kenter Thomas & Parrish, LLC
P O Box 1099
221 West Lexington Ave.  Suite 200
Independence, MO  64051
(816) 471-4511
mparrish@bktplaw.com
jsanders@bktplaw.com
efumagalli@bktplaw.com
Attorneys for Plaintiff Vazquez Commercial Contracting, LLC

Jean Paul Bradshaw II
Jennifer Hannah
Taryn A. Nash
Lathrop GPM LLP
2345 Grand Boulevard  Suite 2200
Kansas City, MO  64108-2618
816-292-2000
jennifer.hannah@lathropgpm.com
jeanpaul.bradshaw@lathropgpm.com
taryn.nash@lathropgpm.com
Attorneys for Defendant Torgeson Electric Company

Thomas M. Bradshaw
Van Osdol, P.C.
1000 Walnut Street  Suite 1500
Kansas City, MO  64106
tbradshaw@vanosdolkc.com
Attorneys for Defendant Michel Patrick Dingle

Mary Anne Mellow
Philip C. Graham
Sandberg Phoenix & von Gontard P.C.
600 Washington Ave. 15th Floor
St. Louis, MO 63101-1313
mmellow@sandbergphoenix.com
pgraham@sandbergphoenix.com
Attorneys for Defendant CHPB Sub 1, LLC,
f/k/a Truss, LLC

Katrina L. Smeltzer
Sandberg Phoenix & von Gontard P.C.
4600 Madison Avenue Suite 1000
Kansas City, MO 64112
ksmeltzer@sandbergphoenix.com
Attorneys for Defendant CHPB Sub 1, LLC,
f/k/a Truss, LLC

Melanie Morgan
Morgan Pilate LLC
926 Cherry Street
Kansas City, MO 64106
mmorgan@morganpilate.com
Attorneys for Defendant Michel Patrick Dingle

Jamie H. Steiner
Husch Blackwell LLP
1801 Wewatta Street Suite 1000
Denver, CO 80202
Jamie.steiner@huschblackwell.com
Attorneys for Defendant Rustin Simon

        /s/ Carol Z. Smith
        Carol Z. Smith