**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT INDEPENDENCE**

VAZQUEZ COMMERCIAL CONTRACTING,
LLC

                   Plaintiff,

vs.

ZIESON CONSTRUCTION COMPANY, LLC
Serve Registered Agent:
Secretary of State
600 West Main
Jefferson City, MO 65101

SIMCON CORP.
Serve Registered Agent:
Simon, Rustin
13408 Craig Ct
Smithville, MO 64089

ONSITE CONSTRUCTION GROUP, LLC
Serve Registered Agent:
Baucom, Jacob C
7580 Olive Blvd
Saint Louis, MO 63130

TORGESON ELECTRIC COMPANY, INC.
Serve Registered Agent:
Registered Agent Solutions, Inc.
3225 - A Emerald Lane
Jefferson City, MO 65109

MCPHERSON CONTRACTORS, LLC
Serve Registered Agent:
CSC-Lawyers Incorporating Service Company
221 Bolivar Street
Jefferson City, MO 65101

MLT INVESTMENTS, LLC
Serve Registered Agent:
Gower, Andrea
1716 Sunrise St.
Warrensburg, MO 64093

Case No.

Division

METS, LLC
Serve Registered Agent:
Dingle, Michael P.
4478 SW Hwy J
Trimble, MO 64492

HAAVIG & ASSOCIATES, L.L.C.
Serve Registered Agent:
Haavig, Monica L.
4478 SW Highway J
Trimble, MO 64492

ZURICH AMERICAN INSURANCE
COMPANY
Serve Registered Agent:
Missouri Division of Insurance
221 Bolivar Street
Jefferson City, MO 65101

CHPB Sub 1, LLC F/K/A TRUSS, LLC
Serve Registered Agent:
CSC-Lawyers Incorporating Service Company
221 Bolivar Street
Jefferson City, MO 65101

MATTHEW TORGESON
Serve at:
3545 SW 6th Ave,
Topeka, KS 66606-1985

MICHAEL PATRICK DINGLE
Serve at:
6513 Ridge Rd,
Parkville, MO 64152-3134

MATTHEW MCPHERSON
Serve at:
391 Highway AA,
Steelville, MO 65565-5010

STEPHON ZIEGLER
Serve at:
8309 NW Forest Dr,
Weatherby Lake, MO 64152-1625

JCCC000002

RUSTIN SIMON
Serve at:
13408 Craig Ct,
Smithville, MO 64089-9087

JACOB BAUCOM
Serve at:
4309 Native Dancer Dr,
Edmond, OK 73025-9522

MONICA HAAVIG
Serve at:
6525 E Cave Creek Rd # 15
Cave Creek, AZ 85331-8658

                       Defendants.

## PETITION FOR DAMAGES

COMES NOW Plaintiff, by and through counsel, and for its causes of action against Defendants state as follows:

### PARTIES

1.      Vazquez Commercial Contracting, LLC is a domestic entity organized under the laws of Missouri with its principal place of business in Missouri.

2.      Zieson Construction Company, LLC is a foreign entity organized under the laws of Kansas. Zieson was administratively canceled on November 30, 2018.

3.      Simeon Corp. is a domestic entity organized under the laws of Missouri with its principal place of business in Smithville, Missouri.

4.      Torgeson Electric Company, Inc. is a foreign entity organized under the laws of Kansas with its principal place of business in Topeka, Kansas.

5.      McPherson Contractors, LLC is a foreign entity organized under the laws of Kansas with its principal place of business in Topeka, Kansas.

3

6. MLT Investments, LLC is a domestic entity organize under the laws of Missouri. MLT was dissolved on February 23, 2017.

7. Mets, LLC is a domestic entity organized under the laws of Missouri with its principal place of business in Trimble, Missouri.

8. Haavig & Associates is a domestic entity organized under the laws of Missouri with its principal place of business in Trimble, Missouri. Haavig & Associates was terminated on April 17, 2018.

9. Zurich American Insurance Company is a foreign insurance company organized under the laws of Illinois with its principal place of business in Schaumburg, Illinois.

10. CHPB Sub 1, LLC is a domestic limited liability company in good standing and was formerly known as Truss, LLC prior to a name change on or about August 16, 2019 and prior to 2015 was known as Cretcher Heartland/Power Group ("Truss").

11. Matthew Torgeson is an individual and resident of Topeka, Kansas.

12. Michael Patrick Dingle is an individual and resident of Parkville, Missouri.

13. Matthew McPherson is an individual and resident of Steelville, Missouri.

14. Stephen Ziegler is an individual and resident of Weatherby Lake, Missouri.

15. Rustin Simon is an individual and resident of Smithville, Missouri.

16. Jacob Baucom is an individual and resident of Trenton, Missouri.

17. Monica Haavig is an individual and resident of Cave Creek, Arizona.

18. At all pertinent times to this lawsuit, all employees of Defendants were acting in their individual capacity and also as agents of Defendants within the course and scope of their employment and authority and in furtherance of the business of Defendants. All acts and omissions of employees of Defendants imputed to their employer, who is liable for such acts and omissions.

4

19.     Defendant John Doe 1 through 50 are unknown at this time, but Plaintiff expects to identify them through discovery.

<p align="center">**JURISDICTION AND VENUE**</p>

20.     Jurisdiction is proper in this Court in that Defendants Dingle, McPherson, Ziegler, Simon, and Baucom are residents and citizens of Missouri.

21.     Jurisdiction is proper in this Court in that Defendants Zieson Construction Company, LLC, Simcon Corp. MLT Investments, LLC, Mets, LLC, Haavig & Associates, L.L.C., and Truss, LLC are domestic Missouri entities.

22.     That jurisdiction is proper in this Court pursuant to Article III, Section 2 of the United States Constitution and 28 USC 1331 as this action arises under the laws of the United States.

23.     Venue is proper in this Court pursuant to 28 USC 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred in Jackson County, Missouri.

<p align="center">**GENERAL ALLEGATIONS**</p>

*HISTORY OF FRAUDULENT SCHEME*

24.     Zieson Construction Company, LLC, Simcon Corp, Onsite Construction Group, LLC, Torgeson Electric Company, Inc., McPherson Contractors, LLC, MLT Investments, LC, Mets, LLC, Haavig and Associates, Zurich Insurance, Truss, LLC Matthew Torgeson, Michael Patrick Dingle, Matthew McPherson, Stephon Ziegler, Rustin Simon, Jacob Baucom, Monica Haavig, John Doe Individual 1 through 50 ("Defendants") conspired to utilize the Service-Disabled Veteran ("SDV") and or 8(a) minority status of Stephon Ziegler, Rustin Simon, and Jacob Baucom to compete for and obtain federal government set-aside contracts to which they were not entitled because they were neither SDV's nor 8(a) minorities.

<p align="center">5</p>

25.     Through the creation of Zieson Construction Company, LLC, Simeon Corp, and Onsite Construction Group, LLC, Defendants fraudulently claimed SDVOSB and 8(a) status for in order to obtain federal government set-aside contracts for the financial benefit of themselves and their various business entities.

26.     Through the creation of Zieson, Simeon and Onsite, Defendants fraudulently claimed SDVOSB & 8(a) status, legitimate SDVOSB's and 8(a) minority owned and operated small businesses were denied work and profits from set aside contracts to which they would have been entitled.

27.     At all pertinent times, Plaintiff Vazquez Commercial Contracting, LLC ("Vazquez") was an entity qualified to obtain federal government set-aside contracts under the Small Business Act.

28.     The Service-Disabled Veteran-Owned Small Business program (SDVOSB) is a federal program that awards certain government contracts ("set-aside contracts") to service-disabled veteran-owned small businesses.

29.     The 8(a) Business Development program ("8(a)") is a federal program that awards certain government contracts ("set-aside contracts") to small businesses owned by socially and economically disadvantaged people or entities.

30.     There are several qualifications to obtain set-aside contracts under the SDVOSB or 8(a) programs, including but not limited to:

   a.  The SDV or 8(a) minority business owner must be a small business;

   b.  The SDV or 8(a) business owner must manage and control the day-to-day operations and long-term decision-making for the business;

   c.  The SDV or 8(a) business owner must be the highest paid employee of

6

JCCC000006

the set-aside business or provide an explanation as to why it is in the best interest of the set-aside business that the SDV or minority owner is not the most highly compensation; and

    d. The set-aside business cannot be controlled by a non-SDV or non-minority "shadow owner."

31.      Zieson Construction Company, LLC was formed by Defendants as a pass through or front company for Torgeson Electric Company, Inc. to obtain SDVOSB/8(a) set-aside contracts using Stephon Ziegler's SDV/8(a) status.

32.      Defendants used the proceeds from Zieson Construction to disburse profits to themselves or their entities.

33.      When Zieson Construction was formed in 2009, Stephon Ziegler was a 52% owner with Matthew Torgeson a 48% owner.

34.      In 2010, when Zieson was accused by a competing company of being affiliated with Torgeson Electric Company, Matthew Torgeson sold the entirety of his shares to Stephon Ziegler.

35.      Since Zieson was created, it has been awarded approximately sixty-two (62) government funded contracts, worth approximately $317.4 million, with, the majority of these contracts being SDVOSB/8(a) set-aside contracts.

36.      Zieson did not qualify for SDVOSB/8(a) set-aside contracts because:

    a. Stephon Ziegler as Zieson's SDV and 8(a) minority owner did not control the day to day operations or long-term decision making of Zieson;

    b. Ziegler only occasionally stopped into the Zieson offices to sign paperwork;

7

JCCC000007

c. Zieson's day to day operation and long tem decision making was made by Patrick Dingle who is not an SDV or SBA certified minority;

d. While Torgeson, Dingle, and McPherson were not identified as paid employees of Zieson, Dingle was listed on contract bids for Zieson as its Vice President and Dingle has signed several contracts as operations manager;

e. Torgeson Electric, MLT Investments, LLC, Mets, LLC, and McPherson Contractors, Inc., all non-SDV/8(a) businesses, received the majority of proceeds from government set aside contracts obtained by Zieson; and

f. Torgeson, Dingle, and McPherson, all non-SDV/8(a) individuals, received approximately 3.7 million individually and through their respective entities in personal distributions from 2015-2017;

g. Stephen Ziegler as Zieson's SDV and 8(a) minority owner received $1 million from 2010-2017.

37.    When Zieson Construction became too large to qualify as a small business under the SDVOSB/8(a) programs, Simeon Corp. was formed to continue the same practices.

38.    Simeon was a Missouri corporation with its headquarters in Missouri and all of its relevant acts relating to the contracting process occurred predominantly in the State of Missouri.

39.    Simeon Corp. was formed as a pass through or front company for Zieson Construction and Torgeson Electric Company to obtain 8(a) set-aside contracts using Rustin Simon's 8(a) status.

40.    Defendants used the proceeds from Simeon Corp. to disburse profits to themselves or their entities as a continuation of the Zieson scheme.

8

JCCC000008

41.   Simeon Corp. does not qualify for the 8(a) set-aside contracts because:

    a.  Rustin Simon, as Simeon's qualified 8(a) minority owner, did not manage and control the day to day operations or long-term decision making of Simeon;

    b.  Simeon's day to day operation and long-term decision making was by Patrick Dingle, who is not an SBA certified minority;

    c.  Simeon was used as a front company to fraudulently disburse proceeds from 8(a) set-aside contracts to Defendants;

    d.  Simeon was an illegal pass through company as it was commingled with Zieson and other defendants.

42.   Defendants used Simeon as a front company to receive federal government set-aside contracts to which they were not entitled for their own financial benefit.

43.   Torgeson Electric Co., Inc. received approximately $23.7 million from Zieson and Simeon between September 2010 through March 2017 for "contract" work.

44.   Matthew Torgeson is the president of Torgeson Electric Co., Inc.

45.   McPherson Contractors, Inc. received approximately $6.8 million from Zieson and Simeon, $3.1 million of which appears to be "subcontracted" work from Zieson.

46.   Matthew McPherson is the president of McPherson Contracts, Inc.

47.   MLT Investments, LLC received approximately $4.2 million from Zieson and Simeon between April 2010 and July 2017.

48.   MLT is believed to stand for "Matthew L. Torgeson."

49.   Mets, LLC received $6 million from Zieson and Simeon between July 2010 and July 2017.

9

50.     Patrick Dingle is the registered agent and organizer of Mets, LLC.

51.     Matthew Torgeson, Matthew McPherson, and Patrick Dingle each received approximately $3.7 million in personal distributions from their various entities due to the fraudulent scheme.

52.     Monica Haavig was an employee of Zieson, Simeon, and McPherson Contractors, Inc. and received payments from Zieson.

53.     Haavig and Associates received at or around $620,000 from Mets, LLC as part of the fraudulent scheme.

54.     The majority of the acts complained of in this complaint occurred at business locations in the State of Missouri including, but not limited to, 1601 Iron Street, North Kansas City Missouri.

55.     Additional details of the scheme are set forth in a civil forfeiture action filed by the Department of Justice in the Western District of Missouri, Western Division case number 18-6028-CV-SJ-ODS and incorporated herein by reference as Exhibit A.

56.     John Doe Entities 1 through 50 were employees and/or agents of the above-named defendants that breached duties to the Plaintiff by either  actively participating in the scheme or failing to uncover or notify third parties about information which would have revealed the scheme.

**USACE CONTRACT**

57.     On August 4, 2016 the U.S. Army Corps of Engineers ("USACE") issued an invitation for Bids to renovate a historic building including mechanical, electrical, architectural, and structural repairs as a small business set aside ("USACE set aside").

58.     Simeon and Vazquez were the only bidders for the USACE set-aside job.

59.     Simeon was the lowest bidder, and Vazquez was the second-lowest bidder on the

10

USACE set-aside.

60.     The USACE set-aside was awarded to Simeon Corp. on September 13, 2016.

61.     As a direct and proximate result of the Defendants' conduct, in creating Simeon as an illegal and fraudulent pass through business in order to bid on and obtain 8(a) small business set aside contracts, Vazquez Commercial Contracting did not obtain USACE set-aside to which it would have otherwise been awarded and entitled.

62.     Vazquez Commercial Contracting would have been awarded and obtained the USACE set-aside if not for the fraudulent conduct of Defendants.

63.     As a direct and proximate result of the Defendants' conduct, Vazquez Commercial Contracting sustained a loss of revenue in the amount of the USACE contract.

### *TRUSS, LLC AND ZURICH INSURANCE COMPANY ROLE IN SCHEME*

64.     The federal contracts awarded Zieson and Simeon required bonding and insurance.

65.     Throughout the course of the fraudulent activity set forth above and in Exhibit A, the Defendants obtained federally mandated bonding and insurance utilizing the services of Truss, LLC and Zurich Insurance for that purpose.

66.     Truss, LLC and Zurich Insurance (individually and through Truss, LLC as agent) provided bonding and insurance to Zieson and Simeon and knew or should have known these companies either were not qualified to bid on the projects being bonded or were not the true principals involved in performing the contracts.

67.     In the alternative to Paragraph 66, Truss, LLC and Zurich Insurance should have known that Zieson and Simeon were not qualified to bid on the projects being bonded and/or that they were not the true principal involved in performing the contracts.

68.     Truss, LLC and Zurich Insurance engaged the mail and wire to transmit false

11

documents in furtherance of the scheme.

69.     Truss, LLC and Zurich materially benefitted from the scheme in the form of commissions and premiums on the bonds provided on the projects/contracts pursued by Defendants.

70.     The relevant actions of Truss and Zurich occurred primarily in the City of Kansas City in the State of Missouri through Truss' corporate offices on Ward Parkway.

### COUNT I — RICO § 1962(c)

71.     The Plaintiff incorporates all preceding and following paragraphs as though fully set forth herein.

72.     The Defendants were all involved in a common enterprise and were associated in fact with each other to obtain set aside contracts for their pecuniary benefit that the shell companies were not entitled to bid on as follows:

> a.  All defendants participated in a scheme to use fraudulent minority and small-business shell companies to obtain set aside contracts over the course of multiple contracts with multiple shell companies;
>
> b.  The individual defendants, including John Doe defendants, were knowingly associated with the common enterprise and directed and/or aided its activities; and
>
> c.  Truss, LLC and Zurich provided financial support for the enterprise over multiple iterations of its activity in the form of fraudulent bonding documents identifying the shell companies as the Principal and assisting with the structuring the finances of the co-conspirators to facilitate the activities of the shell companies.

73.     The common enterprise was engaged in and affected interstate commerce and contracted directly with the federal government.

12

JCCC000012

74.   The Defendants are employed by or associated with the enterprise.

75.   The Defendants agreed to and did conduct and participate in the conduct of the enterprise's affairs through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding the federal government and other companies like Plaintiff that were bidding on set aside contracts.

76.   The Defendants conducted and participated in the conduct of the affairs of the enterprise through a pattern of racketeering activity over the course of almost seven years as follows:

   a.   Truss, LLC and Zurich Insurance knew that the enterprise was bidding on and obtaining contracts they were not qualified to bid on and assisted the enterprise by certifying the front companies as the Principal and by providing them with financial resources necessary for the scheme. These entities, furthermore, operated and managed the enterprise by structuring applications and underwriting requirements for the shell companies to be successfully bonded thereby enabling the award of federal contracts to the shell companies;

   b.   Torgeson Electric Company and McPherson Contractors controlled the activities of the subordinate shell companies, participated in the performance of the contracts, provided technical expertise necessary to bid the jobs, and otherwise utilized the shell companies as alter-egos.

   c.   MLT Investments, LC, Mets, LLC, and Haavig and Associates received and laundered the proceeds of the enterprise as a mechanism to distribute profits to non-owners and served the essential function of distributing funds in manners other than profit distributions from the shell companies which were nominally owned by the

13

minorities and veterans used as "front" owners and, therefore, acted in the role of operating owners rather than entities with contractual relationships with the shell companies.

    d. The John Doe defendants are persons, currently unidentified, that operated and/or managed the enterprise both independently and at the direction of their superiors.

77. Pursuant to and in furtherance of their fraudulent scheme, Defendants committed multiple related acts of mail, wire, and bank fraud as follows:

    a. Currently unidentified principals, employees, and associated persons of the common enterprise transmitted by mail and/or wire false bid and supporting documents to the contracting officer and did so on multiple prior occasions on behalf of Simeon and Zieson.

    b. Currently unidentified principals and employees of Truss, LLC and Zurich Insurance used the mail and/or wire to submit a Performance Bond and Payment bond to the contracting officer for the contract identifying Simeon as the principal when they knew the true principal(s) were the co-conspirators in the scheme and did so on multiple prior occasions on behalf of Simeon and Zieson.

    c. Employees and/or agents of the common enterprise submitted payment requests to the federal government on behalf of Simeon at the time project benchmarks were met which mis-identified Simeon as the actual contracting party and thereby caused funds on deposit with one or more financial institutions to be paid out based on false representations and did so on multiple prior occasions on behalf of Simeon and Zieson.

78. The acts set forth above and in the civil forfeiture complaint incorporated herein as

14

Electronically Filed - Jackson - Independence - May 01, 2020 - 12:42 PM

Exhibit A constitute a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5).

79.    The Defendants have directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering and activity described above, in violation of 18 U.S.C. § 1962(c).

80.    As a direct and proximate result of the Count I Defendants' racketeering activities and violations of 18 U.S.C. § 1962(c) Plaintiff, as second highest bidder on the contract in question, did not receive the contract it was entitled to receive in the absence of the Defendants' conduct and was forced to generally compete with the Defendant market participants leading to additional losses in the form of lost business revenue and business expectancies.

<div align="center">

**COUNT II — RICO § 1962(a) — ALL DEFENDANTS
OTHER THAN TRUSS AND ZURICH INSURANCE**

</div>

81.    The Plaintiff incorporates all preceding and following paragraphs as though fully set forth herein.

82.    The enterprise described in Count I is an enterprise engaged in and whose activities affect interstate commerce, and which contracted directly with the federal government.

83.    The Defendant(s) used and invested income that was derived from a pattern of racketeering activity in an interstate enterprise by distributing proceeds of the enterprise through the mail and by wire in the form of direct transfers and sub-contracts thereby obscuring the true source of the funds.

84.    The activities described herein, Count I, and in Exhibit A constitute a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5).

85.    As direct and proximate result of the Count II Defendant(s)' racketeering activities and violations of 18 U.S.C. § 1962(a), Plaintiff have been injured in their business and property in that the Count II Defendants were able to use the proceeds to materially aid the conspiracy in

JCCC000015

general and Zieson, Onsite, and Simeon in particular to artificially compete with Plaintiff for bids and to bolster their economic prospects. As a result, over the course of a number of years, Plaintiff was forced to compete with an enterprise with illegally sourced profits that put the participants in the enterprise at a competitive advantage compared to Plaintiff and Plaintiff thereby suffered diminished and lost business expectancies including and in addition to the USACE contract.

## COUNT III — RICO § 1962(d) — ALL DEFENDANTS OTHER THAN TRUSS AND ZURICH INSURANCE

86.     The Plaintiff incorporates all preceding and following paragraphs as though fully set forth herein.

87.     As set forth above, the Defendants agreed and conspired to violate 18 U.S.C. § 1962(a) and (c) as more fully set forth in Counts I and II.

88.     The Defendants have intentionally conspired and agreed to directly and indirectly use or invest income that is derived from a pattern of racketeering activity in an interstate enterprise, and/or conduct and participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity.

89.     The Defendants knew that their predicate acts were part of a pattern of racketeering activity and agreed to the commission of those acts to further the schemes described above.

90.     That above-described conduct constitutes a conspiracy to violate 18 U.S.C.A. § 1962(a) and (c), in violation of 18 U.S.C. § 1962(d).

91.     As direct and proximate result of the Count IV Defendant(s)' conspiracy, the overt acts taken in furtherance of that conspiracy, and violations of 18 U.S.C. § 1962(d), Plaintiff has been injured in their business and property as more fully described in Count I and Count II.

## COUNT IV – NEGLIGENCE – TRUSS AND ZURICH INSURANCE

92.     The Plaintiff incorporates all preceding and following paragraphs as though fully

16

set forth herein.

93.     Truss and Zurich held themselves out to be in the business of providing public bonding on federal construction contracts.

94.     Truss and Zurich had a duty to ensure that the principals they were bonding were qualified for the federal contracts being bonded.

95.     It was foreseeable to Truss and Zurich knew or should have known that third parties dependent upon the integrity of the federal bidding and contracting of federal project under 8(a) and SDVOSB would be injured if they enabled, through the issuance of bonds and insurance, a company that was not qualified to obtain federal contracts to do so and, specifically, that bids granted to the shell companies would result in other legitimate companies like Plaintiff being denied contracting opportunities.

96.     Truss and Zurich knew or should have known that third parties dependent upon the integrity of the federal bidding and contracting of federal project under 8(a) and SDVOSB would be injured if they enabled, through the issuance of bonds and insurance, a company that was not qualified to obtain federal contracts to do so and, specifically, that bids granted to the shell companies would result in other legitimate companies like Plaintiff being denied contracting opportunities.

97.     Truss and Zurich had a duty to Plaintiff and other legitimate 8(a) and SDVOSB bidders on federal project to issue insurance and bonds to companies that they knew, or should have known, were qualified to bid on federal contracts.

98.     Truss and Zurich failed their duty to issue insurance and bonds to companies that they knew, or should have known, were not qualified to bid on federal contracts.

99.     As a result of the breach of Truss and Zurich's duties, the Plaintiff was injured by

JCCC000017

the loss of the USACE contract noted herein.

## COUNT V – NEGLIGENCE – ALL DEFENDANTS
## OTHER THAN TRUSS AND ZURICH INSURANCE

100.     The Plaintiff incorporates all preceding and following paragraphs as though fully set forth herein.

101.     Defendants and their John Doe employees regularly contracted with the federal government and had knowledge of both the requirements for legal contracting with the federal government and the potential harm to fellow government contractors precipitated by failure to abide by federal laws and regulations.

102.     Defendants who were involved in subcontracting from Simeon had a duty to ensure that the prime contracts under which they sub-contracted were procured in accordance with applicable federal law and regulations.

103.     Defendants who participated in the bidding, contracting, and performance of the USACE contract and who deny knowledge of the fraudulent nature of that bid, knew or should have known that Simeon was not a properly qualified small business.

104.     Defendants who participated knew or should have known and that it was not entitled to the contract and had a duty to report or prevent the bidding, contracting, and performance of the contract in contravention of federal law.

105.     Without the skill, expertise, personnel, and experience of the Defendants, Simeon would not have had the necessary resources to bid for and perform the Prime Contract and its actions thereby enabled the receipt of the Prime Contract.

106.     Defendants knew or should have known that by enabling the Prime Contractor to obtain the bid it would necessarily cause the loss of a contract and economic loss to the second lowest bidder.

Case 4:20-cv-00486-DGK   Document 1-1   Filed 06/15/20   Page 18 of 173

Electronically Filed - Jackson - Independence - May 01, 2020 - 12:42 PM

107.    Defendants, by and through its Defendant employees, officers, directors, and owners breached their duties described herein by:

    a.  Failing to confirm that the prime contractor had legally procured the contracts under which it sub-contracted

    b.  By failing to report to federal authorities that they believed that Simcon was not qualified as a small business, and

    c.  By actions which enabled the bidding, contracting, and performance of the USACE contract to be awarded to Simcon over the Plaintiff.

108.    The Plaintiff as the second lowest bidder to the Prime Contract, did not receive the contract.

109.    The loss of the contract caused the Plaintiff damage in the form of the loss of the USACE contract.

### COUNT VI – NEGLIGENT MISREPRESENTATION – ALL DEFENDANTS

110.    The Plaintiff incorporates all preceding and following paragraphs as though fully set forth herein.

111.    Defendants had a duty regarding the information they submitted, by and through their employees, officers, directors, and owners to ensure that it provided true information to the federal government in connection with the USACE contract awarded to Simcon on 8/4/2016 (Prime Contract).

112.    The information submitted to the federal government was false in that it misrepresented or omitted key facts regarding the Simcon's Native American and small business status in the following respects:

19

JCCC000019

Electronically Filed - Jackson - Independence - May 01, 2020 - 12:42 PM

a. That the putative Native American and small business owner, in fact, was not actively involved in the operation of the business, was not the beneficial majority owner, and was otherwise included in the business enterprise merely for his minority and veteran's status;

b. That the representations regarding Native American and small business status were materially false in that the putative small business was beneficially owned by an entity or entities that did not meet the criteria to bid as a small business, veteran, or minority;

c. Individuals who knew or should have known about Simeon's true status failed to ascertain and communicate the correct information; and

d. Truss and Zurich Insurance certified Simeon as the principal for necessary federal bonds when they knew or should have known such certification was false.

113. The Defendants failed to use ordinary care to obtain and/or communicate accurate information on the current status of Simeon's qualifications to bid and perform on federal contracts as an 8(a) or SBVOSB and failed to use ordinary care to perform due diligence to ascertain the truth or falsity of the information and representations made.

114. The false information was provided to the federal government for the pecuniary benefit of the Defendants and their employees, officers, directors and owners with the intent that the federal government rely on the information as evidenced by certifications required in the contracting process.

115. The federal government justifiably relied on the certified information and, as a result, awarded the contract to Simeon.

20

JCCC000020

116. The defendants held themselves out as individuals and entities actively involved in federal contracting and knew, or should have known, that supplying false information in the bidding process would cause economic loss to the second lowest bidder in the event the contract was awarded to it.

117. Defendants had a duty to third parties dependent on the integrity of the federal bidding and contracting of federal projects under 8(a) and SDVOSB to provide truthful information in the bidding process.

118. Defendants by theirs actions set forth herein breached that duty.

119. Plaintiff was the second lowest bidder on the project and as a result of the communication of the false information, suffered an economic loss as set forth herein.

<div align="center">

### COUNT VII – UNJUST ENRICHMENT – ALL DEFENDANTS OTHER THAN TRUSS AND ZURICH INSURANCE

</div>

120. The Plaintiff incorporates all preceding and following paragraphs as though fully set forth herein.

121. A benefit was conferred on the Defendants in the form of the USACE contract, subcontracts thereof, and distribution of profits on the job and this benefit enriched the Defendants.

122. The Defendants knew they were receiving the benefit described herein.

123. The Defendants that did not directly receive the benefits from the federal government, received them from Simeon under circumstances where they knew or should have known that the prime contractor Simeon did not receive them legally.

124. Had the Defendants not accepted the benefits arising from the USACE contract, the benefits would have gone to the Plaintiff as the second lowest bidder.

125. The retention of the benefit would be unjust as the Prime Contractor Simeon was not legally qualified to receive the contract for the reasons described elsewhere herein.

21

126.    The benefits wrongfully received and retained by the Defendants should be restored to the Plaintiff.

## COUNT VIII – TORTIOUS INTERFERENCE – ALL DEFENDANTS

127.    The Plaintiff incorporates all preceding and following paragraphs as though fully set forth herein.

128.    Plaintiff had a valid business expectancy that if it was both qualified to bid and low bidder on the federal contract(s) at issue it would be awarded the contract.

129.    Defendants knew that Plaintiff and others similarly situated to Plaintiff were submitting bids on the contracts at issue.

130.    As the second lowest bidder, the Plaintiff would have realized the business relationship and expectancy but for the actions of the Defendants.

131.    Defendants intentionally misrepresented its Simcon's Native American and small business status in order to induce the federal government in order to procure the contract for themselves at the expense of the second lowest bidder.

132.    The Defendants intentionally provided Simcon with material support necessary to deprive Plaintiff, as the second lowest bidder, of the business expectancy in the form of false statements, false representation of principal in bonds, false certifications, failure to notify the federal government of the true facts known to them in the presence of an affirmative duty to do so, and material resources and support necessary to enable Simcon to complete the contract at issue.

133.    The Plaintiff was the second lowest bidder and the Defendants actions thereby caused the federal government to deny the contract to the Plaintiff.

CCC000022

134. There was no justification for the intentional acts of Defendants as there was an affirmative and legal duty to provide accurate information to the federal government in connection with the contracting process.

135. As a direct and proximate result of the Defendants actions described herein, the Plaintiff suffered damage as described herein.

## COUNT IX – CIVIL CONSPIRACY – ALL DEFENDANTS

136. The Plaintiff incorporates all preceding and following paragraphs as though fully set forth herein.

137. The Defendants collectively had the objective of obtaining the USACE contract for their mutual benefit.

138. The Defendants knew or should have known that Simcon did not qualify for the USACE contract.

139. The Defendants collectively took a course of action in furtherance of the obtaining of the USACE contract including, but not limited to:

      a. Issuing payment and performance bonds in the name of Simcon when they knew or should have known that Simcon was not the true principal;

      b. Providing necessary insurance to Simcon;

      c. Making certifications of Simcon's Native American and/or small business status; and

      d. Gathering cost data for the compilation of the bid or otherwise engaging in acts which allowed the bid to be compiled and submitted.

140. As a result of the concerted actions of the Defendants, the USACE contract bid was awarded to Simcon to the detriment and financial loss of the second lowest bidder, Plaintiff.

23

3CCC000023

## DEMAND FOR JURY TRIAL

141.     Plaintiff demands a trial by jury.

WHEREFORE, for the foregoing reasons, Plaintiff requests that this Court enter judgment against the Defendants for damages to be determined at trial, for treble damages, for its attorney's fees, for post-judgment interest, and for such other and further relief as the Court deems just and proper on the premises.

Respectfully submitted,

BOYD KENTER THOMAS & PARRISH, LLC

Mark E. Parrish      Mo. Bar No. 40571
Joshua A. Sanders    Mo. Bar No. 64305
Erica Fumagalli      Mo. Bar No. 70069
PO Box 1099
221 W. Lexington Avenue, Suite 200
Independence, Missouri 64051
Telephone: (816) 471-4511
Facsimile: (816) 471-8450
E-mail: mparrish@bktplaw.com
E-mail: jsanders@bktplaw.com
E-mail: efumagalli@bktplaw.com

ATTORNEYS FOR PLAINTIFF

Electronically Filed - Jackson - Independence - May 01, 2020 - 12:42 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
☐ AT KANSAS CITY   ☒ AT INDEPENDENCE

VAZQUEZ COMMERCIAL CONTRACTING, LLC
　　　　　　　　　　　　　PLAINTIFF,

VS.

ZIESON CONSTRUCTION COMPANY, LLC, et al.
　　　　　　　　　　　　　DEFENDANT.

CASE NO._____

## MOTION FOR APPROVAL AND APPOINTMENT
## OF PRIVATE PROCESS SERVER

COMES NOW Plaintiff in the above captioned matter and for her Motion for Approval/Appointment of a Private Process Server, pursuant to Local Rule 4.9 of the Jackson County Circuit Court Rules, states to the Court as follows:

The Plaintiff requests that the following individuals be approved and appointed to serve process in this case:

　　Greg Hulver:  PPS20-0002; Valerie Summer:  PPS20-0523; Rick Swank:  PPS20-0217;

　　Conni Wilson:  PPS20-0131; Scott Wiechmann:  PPS20-0223

The Plaintiff states that:
☐　The above-named individual is qualified to serve process in this matter and that an affidavit containing the information required by Rule 4.9 and attesting to such qualifications is attached and incorporated as Exhibit "A".
☒　The above-named individuals are on the Court's List of Approved Process Servers and all of the information contained in his/her Application and Affidavit currently on file is still correct.
☐　The above-named individual is on the Court's List of Approved Process Servers and the information contained in his/her Application and Affidavit needs to be updated as indicated in an attachment, provided by me herewith.

_____
Plaintiff's Signature

## ORDER

It is hereby ordered that Plaintiff's Motion for Approval and Appointment of a Private Process server is sustained and the above-named individual is hereby approved and appointed to serve process in the above captioned matter.

_____　　　　　_____
DATE　　　　　　　　　　　　　　　　JUDGE

3CCC000025

Electronically Filed - Jackson - Independence - May 01, 2020 - 12:42 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

VAZQUEZ COMMERCIAL
CONTRACTING, LLC

                    Plaintiff,            Case No.

vs.                                       Division

ZIESON CONSTRUCTION COMPANY,
LLC, et al.
                    Defendants.

## MOTION FOR APPROVAL AND APPOINTMENT
## OF PRIVATE PROCESS SERVER

COMES NOW Plaintiff, by and through its attorney of record, and for its Motion for Approval/Appoint of Private Process Server, and requests that D&B Legal Services, Inc.: Legal Names (s):

| | | |
|---|---|---|
| Jamie Andrews PPS20-0009 | Tonya Elkins PPS20-0036 | Patrick Jones PPS20-0063 |
| Caleb Battreal PPS20-0010 | William Ferrell PPS20-0037 | Derec Kelley PPS20-0064 |
| Bernard Beletsky PPS20-0011 | Robert Finley PPS20-0335 | Brent Kirkhart PPS20-0065 |
| Carrington Bell PPS20-0012 | James Frago PPS20-0038 | Janice Kirkhart PPS20-0066 |
| Thomas Bogue PPS20-0013 | John Frago PPS20-0039 | Tyler Kirkhart PPS20-0067 |
| Brent Bohnhoff PPS20-0014 | Kenneth Frechette II PPS20-0040 | Damon Lester PPS20-0068 |
| Arthur Boyer PPS20-0015 | Andrew Garza PPS20-0041 | Daniel Maglothin PPS20-0069 |
| Scott Brady PPS20-0016 | Bradley Gordon PPS20-0042 | Chad Maier PPS20-0070 |
| Gary Brakemeyer PPS20-0017 | Thomas Gorgen PPS20-0043 | Kenneth Marshall PPS20-0071 |
| Jeff Brown PPS20-0018 | Tom Gorgone PPS20-0044 | Deborah Martin PPS20-0072 |
| Hester Bryant PPS20-0019 | Richard Gray PPS20-0045 | Michael Martin PPS20-0073 |
| Nicholas Bull PPS20-0020 | Charles Gunning PPS20-0046 | Todd Martinson PPS20-0074 |
| Randy Burrow PPS20-0021 | James Hannah PPS20-0047 | Timothy McGarity PPS20-0075 |
| Gory Burt PPS20-0022 | Rufus Harmon PPS20-0048 | Casey McKee PPS20-0076 |
| Kyle Carter PPS20-0023 | James Harvey PPS20-0049 | Michael Meador PPS20-0077 |
| Michael Conklin PPS20-0024 | Natalie Hawks PPS20-0050 | Kenny Medlin PPS20-0078 |
| Lisa Corbett PPS20-0025 | Douglas Hays PPS20-0051 | Maria Meier PPS20-0079 |
| Dennis Dahlberg PPS20-0026 | Stephen Heitz PPS20-0052 | Thomas Melte PPS20-0080 |
| Mary Dahlberg PPS20-0027 | Wendy Hilgenberg PPS20-0053 | Matthew Millhollin PPS20-0081 |
| Bert Daniels JR PPS20-0028 | James Hise PPS20-0054 | James Mitchell PPS20-0082 |
| Richard Davis PPS20-0029 | Gerald Hissam PPS20-0055 | Alexious Moehring PPS20-0083 |
| Anthony Dice PPS20-0497 | William Hockersmith PPS20-0056 | Jonathan Moehring PPS20-0084 |
| David Dice PPS20-0030 | Alex Holland PPS20-0057 | Jason Moody PPS20-0085 |
| Maureen Dice PPS20-0031 | Mary Hurley PPS20-0058 | Ronald Moore PPS20-0086 |
| Norman Diggs PPS20-0032 | Betty Johnson PPS20-0059 | Andrew Myers PPS20-0087 |
| Edwina Ditmore PPS20-0033 | Edward Johnson PPS20-0060 | Frederick Myers PPS20-0088 |
| Marrissa Doan PPS20-0034 | James Johnson PPS20-0061 | James Myers PPS20-0089 |
| Shawn Edwards PPS20-0035 | Etoya Jones PPS20-0062 | Stephanie Myers PPS20-0090 |

| | | |
|---|---|---|
| Christopher New PPS20-0091 | Jorge Rivera PPS20-0107 | Robert Torrey PPS20-0121 |
| Jeremy Nicholas PPS20-0092 | Sammie Robinson PPS20-0108 | Lucas Traugott PPS20-0122 |
| Michael Noble PPS20-0093 | Richard Roth PPS20-0109 | Steve Trueblood PPS20-0123 |
| Greg Noll PPS20-0094 | Edna Russell PPS20-0110 | Jonathan Trumpower PPS20-0124 |
| Robert O'Sullivan PPS20-0095 | Brenda Schiwitz PPS20-0111 | Ryan Weekley PPS20-0125 |
| Mike Perry PPS20-0096 | Michael Siegel PPS20-214 | Misty Wege PPS20-0126 |
| Bob Peters PPS20-0097 | Joe Sherrod PPS20-0112 | Andrew Wheeler PPS20-0127 |
| Devin Pettenger PPS20-0098 | Andrew Sitzes PPS20-0113 | Andrew Wickliffe PPS20-0128 |
| Carrie Pfeifer PPS20-0099 | Laura Skinner PPS20-0114 | Norman Wiley PPS20-0129 |
| Craig Poese PPS20-0159 | Thomas Skinner PPS20-0115 | Gregory Willing PPS20-0130 |
| Bill Powell PPS20-0100 | Richard Skyles PPS20-0215 | Conni Wilson PPS20-0131 |
| Dee Powell PPS20-0101 | Chris Stanton PPS20-0216 | Jerry Wilson PPS20-0132 |
| Samantha Powell PPS20-0102 | William Steck PPS20-0116 | Debra Woodhouse PPS20-0133 |
| Kim Presler PPS20-0103 | Randy Stone PPS20-0117 | Stan Yoder PPS20-0134 |
| Marcus Presler PPS20-0104 | Sonja Stone PPS20-0118 | Greg Zotta PPS20-0135 |
| Mark Rauss PPS20-0105 | David Taliaferro PPS20-0119 | |
| Terri Richards PPS20-0106 | Michael Taylor PPS20-0120 | |

who are qualified persons to serve process, are not parties to the case and are not less than eighteen (18) years of age, as private process servers in the above cause to serve process in this case.

Petitioner/ Plaintiff's Signature

**<u>ORDER</u>**

It is hereby ordered that the Plaintiff's Motion for Approval and Appointment of private process server is granted, and the above-named individuals are hereby approved and appointed to serve process in the above-captioned matter.

Date: _____        _____

                                                                    Judge or Clerk

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

VAZQUEZ COMMERCIAL CONTRACTING, LLC,

                    **PLAINTIFF(S),**                    CASE NO. 2016-CV11380
VS.                                                      DIVISION 2

ZIESON CONSTRUCTION COMPANY, LLC,

                    **DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION

NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **KENNETH R GARRETT III** on 17-AUG-2020 in DIVISION 2 at 08:30 AM. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

At the Case Management Conference, counsel should be prepared to address at least the following:

    a.     A trial setting;

    b.     Expert Witness Disclosure Cutoff Date;

    c.     A schedule for the orderly preparation of the case for trial;

    d.     Any issues which require input or action by the Court;

    e.     The status of settlement negotiations.

JCCC000028

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ KENNETH R GARRETT III
KENNETH R GARRETT III, **Circuit Judge**

### Certificate of Service

This is to certify that a copy of the foregoing was electronic noticed, faxed, emailed and/or mailed or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
ERICA FUMAGALLI, 221 W LEXINGTON AVENUE, SUITE 200, INDEPENDENCE, MO 64051

JOSHUA ALTON SANDERS, BOYD KENTER THOMAS & PARRISH, 221 W LEXINGTON, SUITE 200, PO BOX 1099, INDEPENDENCE, MO 64051

MARK EVERETT PARRISH, 221 W LEXINGTON STE 200, P O BOX 1099, INDEPENDENCE, MO 64051

Defendant(s):
ZIESON CONSTRUCTION COMPANY, LLC
SIMCON CORP.
ONSITE CONSTRUCTION GROUP, LLC
TORGESON ELECTRIC COMPANY, INC.

JCCC000029

MCPHERSON CONTRACTORS, LLC
MLT INVESTMENTS, LLC
METS, LLC
HAAVIG & ASSOCIATES, L.L.C.
ZURICH AMERICAN INSURANCE COMPANY
CHPB SUB 1, LLC
MATTHEW TORGESON
MICHAEL PATRICK DINGLE
MATTHEW MCPHERSON
STEPHON ZIEGLER
RUSTIN SIMON
JACOB BAUCOM
MONICA HAAVIG

**Dated:** 01-MAY-2020

MARY A. MARQUEZ
Court Administrator

Case 4:20-cv-00486-DGK   Document 1-1   Filed 06/15/20   Page 30 of 173

JCCC000030

Electronically Filed - Jackson - Independence - May 12, 2020 - 02:34 PM

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

VAZQUEZ COMMERCIAL
CONTRACTING, LLC

<div align="center">Plaintiff,</div>

vs.

Case No. 2016-CV11380

ZIESON CONSTRUCTION COMPANY,
LLC, et al.,

Division 2

<div align="center">Defendants.</div>

## ORDER

It is hereby ordered that the Plaintiff's Motion for Approval and Appointment of Private Process Server is granted, and the named individual, John J. Shadid, is hereby approved and appointed to serve process in the above-captioned matter.


Date: _____      _____

<div align="right" style="margin-right:35%">Judge or Clerk</div>

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

VAZQUEZ COMMERCIAL
CONTRACTING, LLC

                     Plaintiff,

vs.

ZIESON CONSTRUCTION COMPANY,
LLC, et al.

                     Defendants.

Case No.

Division

## MOTION FOR APPROVAL AND APPOINTMENT
## OF PRIVATE PROCESS SERVER

COMES NOW Plaintiff, by and through its attorney of record, and for its Motion for Approval/Appoint of Private Process Server, and requests that D&B Legal Services, Inc.: Legal Names (s):

Jamie Andrews PPS20-0009
Caleb Battreal PPS20-0010
Bernard Beletsky PPS20-0011
Carrington Bell PPS20-0012
Thomas Bogue PPS20-0013
Brent Bohnhoff PPS20-0014
Arthur Boyer PPS20-0015
Scott Brady PPS20-0016
Gary Brakemeyer PPS20-0017
Jeff Brown PPS20-0018
Hester Bryant PPS20-0019
Nicholas Bull PPS20-0020
Randy Burrow PPS20-0021
Gory Burt PPS20-0022
Kyle Carter PPS20-0023
Michael Conklin PPS20-0024
Lisa Corbett PPS20-0025
Dennis Dahlberg PPS20-0026
Mary Dahlberg PPS20-0027
Bert Daniels JR PPS20-0028
Richard Davis PPS20-0029
Anthony Dice PPS20-0497
David Dice PPS20-0030
Maureen Dice PPS20-0031
Norman Diggs PPS20-0032
Edwina Ditmore PPS20-0033
Marrissa Doan PPS20-0034
Shawn Edwards PPS20-0035

Tonya Elkins PPS20-0036
William Ferrell PPS20-0037
Robert Finley PPS20-0335
James Frago PPS20-0038
John Frago PPS20-0039
Kenneth Frechette II PPS20-0040
Andrew Garza PPS20-0041
Bradley Gordon PPS20-0042
Thomas Gorgen PPS20-0043
Tom Gorgone PPS20-0044
Richard Gray PPS20-0045
Charles Gunning PPS20-0046
James Hannah PPS20-0047
Rufus Harmon PPS20-0048
James Harvey PPS20-0049
Natalie Hawks PPS20-0050
Douglas Hays PPS20-0051
Stephen Heitz PPS20-0052
Wendy Hilgenberg PPS20-0053
James Hise PPS20-0054
Gerald Hissam PPS20-0055
William Hockersmith PPS20-0056
Alex Holland PPS20-0057
Mary Hurley PPS20-0058
Betty Johnson PPS20-0059
Edward Johnson PPS20-0060
James Johnson PPS20-0061
Etoya Jones PPS20-0062

Patrick Jones PPS20-0063
Derec Kelley PPS20-0064
Brent Kirkhart PPS20-0065
Janice Kirkhart PPS20-0066
Tyler Kirkhart PPS20-0067
Damon Lester PPS20-0068
Daniel Maglothin PPS20-0069
Chad Maier PPS20-0070
Kenneth Marshall PPS20-0071
Deborah Martin PPS20-0072
Michael Martin PPS20-0073
Todd Martinson PPS20-0074
Timothy McGarity PPS20-0075
Casey McKee PPS20-0076
Michael Meador PPS20-0077
Kenny Medlin PPS20-0078
Maria Meier PPS20-0079
Thomas Melte PPS20-0080
Matthew Millhollin PPS20-0081
James Mitchell PPS20-0082
Alexious Moehring PPS20-0083
Jonathan Moehring PPS20-0084
Jason Moody PPS20-0085
Ronald Moore PPS20-0086
Andrew Myers PPS20-0087
Frederick Myers PPS20-0088
James Myers PPS20-0089
Stephanie Myers PPS20-0090

| | | |
|---|---|---|
| Christopher New PPS20-0091 | Jorge Rivera PPS20-0107 | Robert Torrey PPS20-0121 |
| Jeremy Nicholas PPS20-0092 | Sammie Robinson PPS20-0108 | Lucas Traugott PPS20-0122 |
| Michael Noble PPS20-0093 | Richard Roth PPS20-0109 | Steve Trueblood PPS20-0123 |
| Greg Noll PPS20-0094 | Edna Russell PPS20-0110 | Jonathan Trumpower PPS20-0124 |
| Robert O'Sullivan PPS20-0095 | Brenda Schiwitz PPS20-0111 | Ryan Weekley PPS20-0125 |
| Mike Perry PPS20-0096 | Michael Siegel PPS20-214 | Misty Wege PPS20-0126 |
| Bob Peters PPS20-0097 | Joe Sherrod PPS20-0112 | Andrew Wheeler PPS20-0127 |
| Devin Pettenger PPS20-0098 | Andrew Sitzes PPS20-0113 | Andrew Wickliffe PPS20-0128 |
| Carrie Pfeifer PPS20-0099 | Laura Skinner PPS20-0114 | Norman Wiley PPS20-0129 |
| Craig Poese PPS20-0159 | Thomas Skinner PPS20-0115 | Gregory Willing PPS20-0130 |
| Bill Powell PPS20-0100 | Richard Skyles PPS20-0215 | Conni Wilson PPS20-0131 |
| Dee Powell PPS20-0101 | Chris Stanton PPS20-0216 | Jerry Wilson PPS20-0132 |
| Samantha Powell PPS20-0102 | William Steck PPS20-0116 | Debra Woodhouse PPS20-0133 |
| Kim Presler PPS20-0103 | Randy Stone PPS20-0117 | Stan Yoder PPS20-0134 |
| Marcus Presler PPS20-0104 | Sonja Stone PPS20-0118 | Greg Zotta PPS20-0135 |
| Mark Rauss PPS20-0105 | David Taliaferro PPS20-0119 | |
| Terri Richards PPS20-0106 | Michael Taylor PPS20-0120 | |

who are qualified persons to serve process, are not parties to the case and are not less than eighteen (18) years of age, as private process servers in the above cause to serve process in this case.

Petitioner/ Plaintiff's Signature

## **ORDER**

It is hereby ordered that the Plaintiff's Motion for Approval and Appointment of private process server is granted, and the above-named individuals are hereby approved and appointed to serve process in the above-captioned matter.

Date: _____01-May-2020_____

_____

DEPUTY COURT ADMINISTRATOR



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>KENNETH R GARRETT III | **Case Number: 2016-CV11380** |
| Plaintiff/Petitioner:<br>VAZQUEZ COMMERCIAL CONTRACTING, LLC | Plaintiff's/Petitioner's Attorney/Address<br>MARK EVERETT PARRISH<br>221 W LEXINGTON STE 200<br>P O BOX 1099<br>INDEPENDENCE, MO 64051 |
| vs. | |
| Defendant/Respondent:<br>ZIESON CONSTRUCTION COMPANY, LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** ZIESON CONSTRUCTION COMPANY, LLC
**Alias:**

C/O SECRETARY OF STATE
600 WEST MAIN
JEFFERSON CITY, MO 65101

# PRIVATE PROCESS SERVER

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

01-MAY-2020
Date

Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
Date

_____
Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 20-SMCC-3660** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:20-cv-00486-DGK   Document 1-1   Filed 06/15/20   Page 30 of 158   JCCC000034

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 2016-CV11380 |
|---|---|
| Plaintiff/Petitioner:<br>VAZQUEZ COMMERCIAL CONTRACTING, LLC | Plaintiff's/Petitioner's Attorney/Address<br>MARK EVERETT PARRISH<br>221 W LEXINGTON STE 200<br>P O BOX 1099<br>INDEPENDENCE, MO 64051 |
|         vs. | |
| Defendant/Respondent:<br>ZIESON CONSTRUCTION COMPANY, LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

## Summons in Civil Case

| The State of Missouri to: SIMCON CORP.<br>Alias: | **PRIVATE PROCESS SERVER** |
|---|---|

C/O SIMON, RUSTIN
13408 CRAIG CT.
SMITHVILLE, MO 64089

*COURT SEAL OF*



*JACKSON COUNTY*

       You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

<u>01-MAY-2020</u>
Date

_____
Clerk

Further Information:

## Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*    Subscribed and sworn to before me on _____ (date).

My commission expires: _____

_____ Date

_____ Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 20-SMCC-3661** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:20-cv-00486-DGK   Document 1-1   Filed 06/15/20   Page 36 of 173   JCCC000036

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 2016-CV11380 |
|---|---|
| Plaintiff/Petitioner:<br>VAZQUEZ COMMERCIAL CONTRACTING, LLC | Plaintiff's/Petitioner's Attorney/Address<br>MARK EVERETT PARRISH<br>221 W LEXINGTON STE 200<br>P O BOX 1099<br>INDEPENDENCE, MO 64051 |
| vs. | |
| Defendant/Respondent:<br>ZIESON CONSTRUCTION COMPANY, LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** ONSITE CONSTRUCTION GROUP, LLC

**Alias:**

C/O BAUCOM, JACOB C.
7580 OLIVE BLVD.
ST. LOUIS, MO 63130

# PRIVATE PROCESS SERVER



*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

01-MAY-2020
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____

Date

_____
Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 20-SMCC-3663**   1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:20-cv-00486-DGK   Document 1-1   Filed 06/15/20   Page 38 of 173   JCCC000038

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>KENNETH R GARRETT III | **Case Number: 2016-CV11380** |
| Plaintiff/Petitioner:<br>VAZQUEZ COMMERCIAL CONTRACTING,<br>LLC | Plaintiff's/Petitioner's Attorney/Address<br>MARK EVERETT PARRISH<br>221 W LEXINGTON STE 200<br>P O BOX 1099<br>INDEPENDENCE, MO 64051 |
| **vs.** | |
| Defendant/Respondent:<br>ZIESON CONSTRUCTION COMPANY, LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** TORGESON ELECTRIC COMPANY, INC.
**Alias:**

C/O REGISTERED AGENT SOLUTIONS
3225 A EMERALD LANE
JEFFERSON CITY, MO 65109

## PRIVATE PROCESS SERVER



*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

01-MAY-2020
_____
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☐ other _____.
_____ (address)
Served at _____
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
Date

_____
Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

JCCC000041



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 2016-CV11380 |
|---|---|
| Plaintiff/Petitioner:<br>VAZQUEZ COMMERCIAL CONTRACTING, LLC | Plaintiff's/Petitioner's Attorney/Address<br>MARK EVERETT PARRISH<br>221 W LEXINGTON STE 200<br>P O BOX 1099<br>INDEPENDENCE, MO 64051 |
| vs. | |
| Defendant/Respondent:<br>ZIESON CONSTRUCTION COMPANY, LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: MCPHERSON CONTRACTORS, LLC
**Alias:**

**PRIVATE PROCESS SERVER**

C/O CSC-LAWYERS INCORP SERV CO
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101



*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

<u>01-MAY-2020</u>
Date

Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____ .

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ | _____
Printed Name of Sheriff or Server | Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)* Subscribed and sworn to before me on _____ (date).

My commission expires: _____ | _____
Date | Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 20-SMCC-3665** 1 of 1Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:20-cv-00486-DGK   Document 1-1   Filed 06/15/20   Page 42 of 173   JCCC000042

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 2016-CV11380 |
| Plaintiff/Petitioner:<br>VAZQUEZ COMMERCIAL CONTRACTING, LLC | Plaintiff's/Petitioner's Attorney/Address<br>MARK EVERETT PARRISH<br>221 W LEXINGTON STE 200<br>P O BOX 1099<br>INDEPENDENCE, MO 64051 |
| vs. | |
| Defendant/Respondent:<br>ZIESON CONSTRUCTION COMPANY, LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** MLT INVESTMENTS, LLC
**Alias:**

**PRIVATE PROCESS SERVER**

C/O ANDREA GOWER
1716 SUNRISE ST.
WARRENSBURG, MO 64093

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

<u>01-MAY-2020</u>
Date

_____ Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
- ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
- ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
- ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).
- ☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
                                    Date                              Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $   10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 20-SMCC-3666** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,<br>54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:20-cv-00486-DGK   Document 1-1   Filed 06/15/20   Page 44 of 173   JCCC000044

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

JCCC000045



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 2016-CV11380 |
| Plaintiff/Petitioner:<br>VAZQUEZ COMMERCIAL CONTRACTING, LLC<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MARK EVERETT PARRISH<br>221 W LEXINGTON STE 200<br>P O BOX 1099<br>INDEPENDENCE, MO 64051 |
| Defendant/Respondent:<br>ZIESON CONSTRUCTION COMPANY, LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: METS, LLC
Alias:

# PRIVATE PROCESS SERVER

C/O MICHAEL P. DINGLE
4478 SW HWY J
TRIMBLE, MO 64492

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

01-MAY-2020
Date

Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ | _____
Printed Name of Sheriff or Server | Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date | Notary Public

| Sheriff's Fees | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 20-SMCC-3667** 1 of 1Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo
Case 4:20-cv-00486-DGK   Document 1-1   Filed 06/15/20   Page 46 of 173
JCCC000046

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

JCCC000047



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 2016-CV11380 |
| Plaintiff/Petitioner:<br>VAZQUEZ COMMERCIAL CONTRACTING, LLC<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>MARK EVERETT PARRISH<br>221 W LEXINGTON STE 200<br>P O BOX 1099<br>INDEPENDENCE, MO 64051 |
| Defendant/Respondent:<br>ZIESON CONSTRUCTION COMPANY, LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

<div align="center">

## Summons in Civil Case

</div>

| | |
|---|---|
| **The State of Missouri to:** HAAVIG & ASSOCIATES, L.L.C.<br>Alias:<br><br>C/O MONICA L. HAAVIG<br>4478 SW HIGHWAY J<br>TRIMBLE, MO 64492 | **PRIVATE PROCESS SERVER** |

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

<u>01-MAY-2020</u>
Date

_____
Clerk

Further Information:

---

<div align="center">

### Sheriff's or Server's Return

</div>

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

| _____ | _____ |
|---|---|
| Printed Name of Sheriff or Server | Signature of Sheriff or Server |

<div align="center">

**Must be sworn before a notary public if not served by an authorized officer:**

</div>

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____ _____

| | Date | Notary Public |

---

| Sheriff's Fees | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( ____ miles @ $. ____ per mile) |
| **Total** | $ _____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only: Document Id # 20-SMCC-3668*  1  of  1Civil Procedure Form No. 1, Rules 54.01 – 54.05,

Case 4:20-cv-00486-DGK   Document 1-1   Filed 06/15/20   Page 48 of 173

54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 2016-CV11380 |
|---|---|
| Plaintiff/Petitioner:<br>VAZQUEZ COMMERCIAL CONTRACTING, LLC<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MARK EVERETT PARRISH<br>221 W LEXINGTON STE 200<br>P O BOX 1099<br>INDEPENDENCE, MO 64051 |
| Defendant/Respondent:<br>ZIESON CONSTRUCTION COMPANY, LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: ZURICH AMERICAN INSURANCE COMPANY
Alias:

C/O MISSOURI DIV OF INSURANCE
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

# PRIVATE PROCESS SERVER

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*JACKSON COUNTY*

<u>01-MAY-2020</u>
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date

_____
Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| **Total** | $ _____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 20-SMCC-3669   1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:20-cv-00486-DGK   Document 1-1   Filed 06/15/20   Page 50 of 173   JCCC000050

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County



# IN THE 16TH JUDICIAL CIRCUIT **COURT, JACKSON COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>KENNETH R GARRETT III | **Case Number:** 2016-CV11380 |
| Plaintiff/Petitioner:<br>VAZQUEZ COMMERCIAL CONTRACTING, LLC<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MARK EVERETT PARRISH<br>221 W LEXINGTON STE 200<br>P O BOX 1099<br>INDEPENDENCE, MO 64051 |
| Defendant/Respondent:<br>ZIESON CONSTRUCTION COMPANY, LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| **The State of Missouri to:** CHPB SUB 1, LLC<br>**Alias:** TRUSS LLC<br><br>C/O CSC-LAWYERS INCORP SERV CO<br>221 BOLIVAR STREET<br>JEFFERSON CITY, MO 65101 | **PRIVATE PROCESS SERVER** |



*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

01-MAY-2020
Date

_____ Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ | _____
Printed Name of Sheriff or Server | Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date

_____
Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 20-SMCC-3670** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:20-cv-00486-DGK   Document 1-1   Filed 06/15/20   Page 52 of 173

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org $\rightarrow$ Electronic Filing Information $\rightarrow$ Required Documents for Service – eFiled cases $\rightarrow$ Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

JCCC000053



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 2016-CV11380 |
|---|---|
| Plaintiff/Petitioner:<br>VAZQUEZ COMMERCIAL CONTRACTING, LLC | Plaintiff's/Petitioner's Attorney/Address:<br>MARK EVERETT PARRISH<br>221 W LEXINGTON STE 200<br>P O BOX 1099<br>INDEPENDENCE, MO 64051 |
| vs. | |
| Defendant/Respondent:<br>ZIESON CONSTRUCTION COMPANY, LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: MATTHEW TORGESON
               Alias:

3545 SW 6TH AVE.
TOPEKA, KS 66606-1985

## PRIVATE PROCESS SERVER

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

01-MAY-2020
    Date                              Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)   ☐ the clerk of the court of which affiant is an officer.
                ☐ the judge of the court of which affiant is an officer.
*(Seal)*         ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                ☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $ _____ per mile) |
| **Total** | $_____ |

**See the following page for directions to clerk and to officer making return on service of summons.**

OSCA (8/2018) SM60 (JAKSMOS) *For Court Use Only:* **Document ID# 20-SMOS-316** 1 of 2     **(2016-CV11380)**
Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 4:20-cv-00486-DGK   Document 1-1   Filed 06/15/20   Page 54 of 173
JCCC000054

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 2016-CV11380 |
| Plaintiff/Petitioner:<br>VAZQUEZ COMMERCIAL CONTRACTING, LLC<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>MARK EVERETT PARRISH<br>221 W LEXINGTON STE 200<br>P O BOX 1099<br>INDEPENDENCE, MO 64051 |
| Defendant/Respondent:<br>ZIESON CONSTRUCTION COMPANY, LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: MICHAEL PATRICK DINGLE
Alias:

6513 RIDGE RD
PARKVILLE, MO 64152-3134

# PRIVATE PROCESS SERVER

**COURT SEAL OF**

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

<u>01-MAY-2020</u>
Date

_____
Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date

_____
Notary Public

| Sheriff's Fees | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 20-SMCC-3671** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:20-cv-00486-DGK   Document 1-1   Filed 06/15/20   Page 57 of 173
JCCC000057

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.    Thank you.

Circuit Court of Jackson County



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 2016-CV11380 |
|---|---|
| Plaintiff/Petitioner:<br>VAZQUEZ COMMERCIAL CONTRACTING, LLC | Plaintiff's/Petitioner's Attorney/Address<br>MARK EVERETT PARRISH<br>221 W LEXINGTON STE 200<br>P O BOX 1099<br>INDEPENDENCE, MO 64051 |
| vs. | |
| Defendant/Respondent:<br>ZIESON CONSTRUCTION COMPANY, LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** MATTHEW MCPHERSON
391 HIGHWAY AA
STEELVILLE, MO 65565-5010

**Alias:**

# PRIVATE PROCESS SERVER



*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

01-MAY-2020
_____
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date

_____
Notary Public

### Sheriff's Fees

| Summons | $_____ |
|---|---|
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 20-SMCC-3672** 1 of 1Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:20-cv-00486-DGK   Document 1-1   Filed 06/15/20   Page 59 of 173

JCCC000059

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

JCCC000060



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 2016-CV11380 |
|---|---|
| Plaintiff/Petitioner:<br>VAZQUEZ COMMERCIAL CONTRACTING, LLC<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>MARK EVERETT PARRISH<br>221 W LEXINGTON STE 200<br>P O BOX 1099<br>INDEPENDENCE, MO 64051 |
| Defendant/Respondent:<br>ZIESON CONSTRUCTION COMPANY, LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | <div align="right">(Date File Stamp)</div> |

## Summons in Civil Case

The State of Missouri to: STEPHON ZIEGLER
Alias:

8309 NW FOREST DR.
WEATHERBY LAKE, MO 64152-1625

## PRIVATE PROCESS SERVER

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

01-MAY-2020
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date

_____
Notary Public

### Sheriff's Fees

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ | (____ miles @ $.____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 20-SMCC-3673** 1 of 1Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:20-cv-00486-DGK   Document 1-1   Filed 06/15/2013   Page 200 of 173CCC000061

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

JCCC000062



# IN THE 16TH JUDICIAL CIRCUIT **COURT, JACKSON COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>KENNETH R GARRETT III | **Case Number: 2016-CV11380** |
| Plaintiff/Petitioner:<br>VAZQUEZ COMMERCIAL CONTRACTING, LLC | Plaintiff's/Petitioner's Attorney/Address<br>MARK EVERETT PARRISH<br>221 W LEXINGTON STE 200<br>P O BOX 1099<br>INDEPENDENCE, MO 64051 |
| vs. | |
| Defendant/Respondent:<br>ZIESON CONSTRUCTION COMPANY, LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: RUSTIN SIMON
     **Alias:**

13408 CRAIG CT.
SMITHVILLE, MO 64089-9087

# PRIVATE PROCESS SERVER

*COURT SEAL OF*

*JACKSON COUNTY*

    You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

01-MAY-2020
   Date                                              Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
- [ ] delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
- [ ] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
- [ ] (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
- [ ] other _____

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____            _____
   Printed Name of Sheriff or Server                      Signature of Sheriff or Server
        **Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*      Subscribed and sworn to before me on _____ (date).

My commission expires: _____      _____
                             Date                           Notary Public

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ _____ | |
| Non Est | $ _____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $ _____ | (_____ miles @ $._____ per mile) |
| **Total** | $ _____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 20-SMCC-3674** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:20-cv-00486-DGK    Document 1-1    Filed 06/15/20    Page 5 of 100    JCCC000063

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

JCCC000064

Electronically Filed - Jackson - Independence - May 08, 2020 - 12:02 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE**

VAZQUEZ COMMERCIAL
CONTRACTING, LLC

                       Plaintiff,

vs.

ZIESON CONSTRUCTION COMPANY,
LLC, et al.,

                  Defendants.

Case No. 2016-CV11380

Division 2

## MOTION FOR APPROVAL AND APPOINTMENT
## OF PRIVATE PROCESS SERVER

    COMES NOW Plaintiff, by and through its attorney of record, and for its Motion for Approval/Appoint of Private Process Server, and requests that:

    Craig Joseph Podgurshi, Jr. and Zachary Mueller

who are qualified persons to serve process, are not parties to the case and are not less than eighteen (18) years of age, as private process servers in the above cause to serve process in this case. See their Affidavits attached hereto.

                       Respectfully submitted,

                       BOYD KENTER THOMAS & PARRISH, LLC

| | |
|---|---|
| Mark E. Parrish | Mo. Bar No. 40571 |
| Joshua A. Sanders | Mo. Bar No. 64305 |
| Erica Fumagalli | Mo. Bar No. 70069 |

PO Box 1099
221 W. Lexington Avenue, Suite 200
Independence, Missouri 64051
Telephone: (816) 471-4511
Facsimile: (816) 471-8450
E-mail: mparrish@bktplaw.com
E-mail: jsanders@bktplaw.com
E-mail: efumagalli@bktplaw.com

ATTORNEYS FOR PLAINTIFF

## AFFIDAVIT FOR APPOINTMENT AS A PRIVATE PROCESS SERVER

CASE NO. _____

**Process Server's Information:**

Legal Name: _Craig Joseph Podgurski Jr_

Current Address: _9393 N 90th St #121 Scottsdale Az 85258_

Occupation and Employer: _Process Server, Arizona Quick Serve_

Telephone Number: _480-314-5050_

I, _Craig Podgurski Jr_, being duly sworn under oath and penalty of perjury
(Name of Process Server)
do hereby state that I meet the following qualifications:

(Indicate with initials each qualification that applies)

_cp_ I am at least eighteen (18) years of age;

_cp_ I am a citizen of the United States;

_cp_ I have a high school diploma or equivalent;

_cp_ I have not plead guilty or been convicted of a felony or a misdemeanor involving moral turpitude;

_cp_ I am not a fugitive from justice or currently charged with a felony or misdemeanor involving

moral turpitude;

_cp_ I am not related to or employed by a party in the action;

_cp_ I am of good moral character;

_cp_ I will not serve process in any jurisdiction unless I am authorized by law to serve process within

the jurisdiction where such service is made; and

_cp_ I have not been disqualified by any Court to act as a process server within the preceding twelve

(12) months.

_____
Process Server's Signature

STATE OF MISSOURI     )
COUNTY OF JACKSON     ) SS.

Subscribed and sworn to before me on _5/7/2020_

(Seal)                    _____
                          Notary Public

My Commission Expires: _2-28-23_

**Note: It is a Class A Misdemeanor to make a false affidavit for the purpose of misleading a public
servant. Section 575.050 RSMo**

10-23-2009

OFFICIAL SEAL
GREG TORTORA
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY
COMM # 504830
My Comm. Expires 2/28/2023

## AFFIDAVIT FOR APPOINTMENT AS A PRIVATE PROCESS SERVER

CASE NO. _____

**Process Server's Information:**

Legal Name: _Zachary Mueller_

Current Address: _9393 N 90th St #121 Scottsdale AZ 85258_

Occupation and Employer: _Process Server, Arizona Quick Serve_

Telephone Number: _480-314-5050_

I, _Zachary Mueller_, being duly sworn under oath and penalty of perjury
**(Name of Process Server)**
**do hereby state that I meet the following qualifications:**

(Indicate with initials each qualification that applies)

_ZM_ I am at least eighteen (18) years of age;

_ZM_ I am a citizen of the United States;

_ZM_ I have a high school diploma or equivalent;

_ZM_ I have not plead guilty or been convicted of a felony or a misdemeanor involving moral turpitude;

_ZM_ I am not a fugitive from justice or currently charged with a felony or misdemeanor involving

moral turpitude;

_ZM_ I am not related to or employed by a party in the action;

_ZM_ I am of good moral character;

_ZM_ I will not serve process in any jurisdiction unless I am authorized by law to serve process within

the jurisdiction where such service is made; and

_ZM_ I have not been disqualified by any Court to act as a process server within the preceding twelve

(12) months.

_____
Process Server's Signature

STATE OF MISSOURI )
COUNTY OF JACKSON ) SS.

Subscribed and sworn to before me on _5/5/2020_

(Seal)
CRAIG PODGURSKI JR
Notary Public - Arizona
Maricopa County
My Comm. Expires Dec 15, 2020

_____
Notary Public

My Commission Expires: _12/15/20_

**Note: It is a Class A Misdemeanor to make a false affidavit for the purpose of misleading a public
servant. Section 575.050 RSMo**

10-23-2009



## IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 2016-CV11380 |
|---|---|
| Plaintiff/Petitioner:<br>VAZQUEZ COMMERCIAL CONTRACTING, LLC<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MARK EVERETT PARRISH<br>221 W LEXINGTON STE 200<br>P O BOX 1099<br>INDEPENDENCE, MO 64051 |
| Defendant/Respondent:<br>ZIESON CONSTRUCTION COMPANY, LLC | Court Address:<br>308 W KANSAS<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

### Summons in Civil Case

| The State of Missouri to: MLT INVESTMENTS, LLC | **PRIVATE PROCESS SERVER** |
|---|---|
| Alias: | |

C/O ANDREA GOWER
1716 SUNRISE ST.
WARRENSBURG, MO 64093

**COURT SEAL OF**

*You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.*

01-MAY-2020
Date

**JACKSON COUNTY**                              Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☒ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _1716 Sunrise Street Warrensburg MO_ (address)

in _Johnson_ (County/City of St. Louis), MO, on _5/6/2020_ (date) at _4:35 AM_ (time).

_Greg Hulwer PPS20-0002_
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _May 7, 2020_ (date).

My commission expires: _Feb 5 2023_
Date

_____
Notary Public

KARA R ALEWEL
Notary Public - Notary Seal
STATE OF MISSOURI
Jackson County
My Commission Expires Feb. 5, 2023
Commission # 19905500

| Sheriff's Fees | |
|---|---|
| Summons | $ |
| Non Est | $ |
| Sheriff's Deputy Salary | $ |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( _____ miles @ $. _____ per mile) |
| **Total** | $ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only*: **Document Id # 20-SMCC-3666** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

ZCCC000068

Electronically Filed - Jackson - Independence - May 13, 2020 - 11:54 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT INDEPENDENCE**

VAZQUEZ COMMERCIAL
CONTRACTING, LLC

                              Plaintiff,

vs.                                                    Case No. 2016-CV11380

ZIESON CONSTRUCTION COMPANY,                           Division 2
LLC, et al.,

                              Defendants.

## MOTION FOR APPROVAL AND APPOINTMENT
## OF PRIVATE PROCESS SERVER

      COMES NOW Plaintiff, by and through its attorney of record, and for its Motion for Approval/Appoint of Private Process Server, and requests that:

      John J. Shadid

who is a qualified person to serve process, is not a party to the case and is not less than eighteen (18) years of age, as a private process server in the above cause to serve process in this case. See his Affidavit attached hereto.

      Respectfully submitted,

      BOYD KENTER THOMAS & PARRISH, LLC

      _____

      Mark E. Parrish     Mo. Bar No. 40571
      Joshua A. Sanders   Mo. Bar No. 64305
      Erica Fumagalli     Mo. Bar No. 70069
      PO Box 1099
      221 W. Lexington Avenue, Suite 200
      Independence, Missouri 64051
      Telephone: (816) 471-4511
      Facsimile: (816) 471-8450
      E-mail: mparrish@bktplaw.com
      E-mail: jsanders@bktplaw.com
      E-mail: efumagalli@bktplaw.com

      ATTORNEYS FOR PLAINTIFF

JCCC000069

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
☐ AT KANSAS CITY  ☒ AT INDEPENDENCE

RE: VAZQUEZ COMMERCIAL CO V ZIESON CONSTRUCTION C ET A
CASE NO: 2016-CV11380

TO: MARK EVERETT PARRISH
221 W LEXINGTON STE 200
P O BOX 1099
INDEPENDENCE, MO 64051

We have received pleadings, which you submitted for filing in the case and they have been file-stamped on 05-12-2020 . However, your pleading cannot be processed further until the following action is taken:

**RULE 3.2 - STYLE**
☐ Additional service instructions are needed.
☐ Incorrect case number/filed in wrong county.
☐ Document is unreadable.

**RULE 4.2 (2)**
☐ Need Circuit Court Form 4

**RULE 5.6 – COLLECTIONS OF DEPOSIT**
☐ No fee, or incorrect fee, received; fee required is $_____.
☐ Insufficient Filing Fee; Please Remit $_____
☐ No signature on check/form 1695.
☐ No request to proceed in forma pauperis.
☐ No personal checks accepted.

**RULE 68.1**
☐ Need Circuit Court Form 17

**RULE 68.7 – VITAL STATISTICS REPORT**
☐ Need Certificate of dissolution of marriage form.

**RULE 74.14 SUPREME CT – FOREIGN JUDGMENT**
☐ Authentication of foreign judgment required.
☐ Affidavit pursuant to Supreme Court Rule 74.14

**RULE 54.12 SERVICE IN REM OR QUASI IN REM ACTIONS**
☐ Affidavit for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Order for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Notice for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Affidavit for Service by Certified/Registered Mail pursuant to Supreme Court Rule 54.12b.

☒ **OTHER:** **No affidavit filed with motion for John Shadid please file. Then will complete process. Thank you. 881-1664.**
☐ Please take the actions necessary to comply with the Circuit Court Rules and your request will be processed.
☐ The private process server listed is not on our approved list.
☐ Execution in effect. Return date _____. Request may be resubmitted within one week prior to return date.
☐ Supreme Court Rule 90.13 requires interrogatories be served with summons of garnishment.

**If the filing was a new case, please be advised that unless the additional information marked is received within 30 days of the date of this notice this case will be dismissed pursuant to Rule 37.4 for failure to prosecute without prejudice, at the Plaintiff's cost. Collection efforts will be pursued for these costs.**

Please refer to the Court's website at www.16thcircuit.org for Court Rules or Forms.

Copies electronic noticed, faxed, emailed and/or mailed MAY 13, 2020 to:

COURT ADMINISTRATOR'S OFFICE
**DEPARTMENT OF CIVIL RECORDS**
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

_____MAY 13, 2020_____
Date

By _____
Deputy Court Administrator

☐ 415 East 12th St., Kansas City, Missouri 64106
☒ 308 W. Kansas, Independence, Missouri 64050

## AFFIDAVIT OF SERVICE

**State of Missouri**          **County of Jackson**          **Circuit Court**

Case Number: 2016-CV11380

Plaintiff:
**VAZQUEZ COMMERCIAL CONTRACTING, LLC**
vs.
Defendant:
**ZIESON CONSTRUCTION COMPANY LLC**

POW2020003921

For: BOYD KENTER THOMAS & PARRISH LLC

Received by D & B Legal Services, Inc. on the 6th day of May, 2020 at 9:51 am to be served on **ONSITE CONSTRUCTION GROUP LLC C/O REGISTERED AGENT JACOB C BAUCOM, 7580 OLIVE BLVD, SAINT LOUIS, MO 63130.** I, _MIKE RUESS_, being duly sworn, depose and say that on the _11_ day of _MAY_, 20_20_ at _1:50_ _p_.m., executed service by delivering a true copy of the **Summons in Civil Case, Petition For Damages, Notice of Case Management Conference for Civil Case and Order for Mediation** in accordance with state statutes in the manner marked below:

( ) CORPORATE SERVICE: By serving _____ as _____

( ) CORPORATE SERVICE AT ALTERNATE ADDRESS: By serving _____ as _____
_____ at the alternate address of _____
_____

( ) PUBLIC AGENCY: By serving _____ as _____ of the within-named agency.

(X) NON SERVICE: For the reason detailed in the Comments below.
COMMENTS: _ADDRESS IS VACANT BEAUTY SHOP_
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the _11_ day of
_MAY 2020_ by the affiant who is personally
known to me.

_____
NOTARY PUBLIC

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**D & B Legal Services, Inc.**
**P.O. Box 7471**
**Overland Park, KS 66207**
**(913) 362-8110**

LAWANDA RAUSS
Notary Public, Notary Seal
State of Missouri
St. Louis City
Commission # 13393006
My Commission Expires September 10, 2020

Our Job Serial Number: 2020003921

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1c



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 2016-CV11380 |
|---|---|
| Plaintiff/Petitioner:<br>VAZQUEZ COMMERCIAL CONTRACTING, LLC | Plaintiff's/Petitioner's Attorney/Address<br>MARK EVERETT PARRISH<br>221 W LEXINGTON STE 200<br>P O BOX 1099<br>INDEPENDENCE, MO 64051 |
| vs. | |
| Defendant/Respondent:<br>ZIESON CONSTRUCTION COMPANY, LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

## Summons in Civil Case

| The State of Missouri to: ONSITE CONSTRUCTION GROUP, LLC<br>Alias: | **PRIVATE PROCESS SERVER** |
|---|---|

C/O BAUCOM, JACOB C.
7580 OLIVE BLVD.
ST. LOUIS, MO 63130

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

01-MAY-2020
Date

Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date

_____
Notary Public

### Sheriff's Fees

| Summons | $_____ |
|---|---|
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - Jackson - Independence - May 19, 2020 - 02:42 PM

**AFFIDAVIT OF SERVICE**

| State of Missouri | County of Jackson | Circuit Court |
|---|---|---|

Case Number: 2016-CV11380

Plaintiff:
**VAZQUEZ COMMERCIAL CONTRACTING,
LLC**
vs.
Defendant:
**ZIESON CONSTRUCTION COMPANY LLC**

POW2020003921

For: BOYD KENTER THOMAS & PARRISH LLC

Received by D & B Legal Services, Inc. on the 6th day of May, 2020 at 9:51 am to be served on **ONSITE CONSTRUCTION GROUP LLC C/O REGISTERED AGENT JACOB C BAUCOM, 7580 OLIVE BLVD, SAINT LOUIS, MO 63130**. I, _Mike Knies_, being duly sworn, depose and say that on the _11_ day of _May_, 20_20_ at _4:30_ _.m., executed service by delivering a true copy of the **Summons in Civil Case, Petition For Damages, Notice of Case Management Conference for Civil Case and Order for Mediation** in accordance with state statutes in the manner marked below:

( ) CORPORATE SERVICE: By serving _____ as _____

( ) CORPORATE SERVICE AT ALTERNATE ADDRESS: By serving _____ as _____ at the alternate address of

_____

( ) PUBLIC AGENCY: By serving _____ as _____ of the within-named agency.

(X) NON SERVICE: For the reason detailed in the Comments below

COMMENTS: _ADDRESS IS VACANT BEAUTY SHOP_

_____

_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the _11_ day of
_May 2020_ by the affiant who is personally
known to me.

_____
NOTARY PUBLIC

PROCESS SERVER #
Appointed in accordance with State Statutes

TAWANDA RAINS
Notary Public, Notary Seal
State of Missouri
St. Louis City
Commission # 12294400
My Commission Expires November __, 20__

**D & B Legal Services, Inc.**
P.O. Box 7471
Overland Park, KS 66207
(913) 362-8110

Our Job Serial Number: 2020003921

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1c

JCCC000073

Electronically Filed - Jackson - Independence - May 19, 2020 - 02:42 PM



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 2016-CV11380 |
|---|---|
| Plaintiff/Petitioner:<br>VAZQUEZ COMMERCIAL CONTRACTING,<br>LLC | Plaintiff's/Petitioner's Attorney/Address<br>MARK EVERETT PARRISH<br>221 W LEXINGTON STE 200<br>P O BOX 1099<br>INDEPENDENCE, MO 64051 |
| vs. | |
| Defendant/Respondent:<br>ZIESON CONSTRUCTION COMPANY, LLC | Court Address:<br>308 W Kansas |
| Nature of Suit:<br>CC Other Tort | INDEPENDENCE, MO 64050 |
| | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** ONSITE CONSTRUCTION GROUP, LLC
Alias:

C/O BAUCOM, JACOB C.
7580 OLIVE BLVD.
ST. LOUIS, MO 63130

# PRIVATE PROCESS SERVER

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

01-MAY-2020
Date

_____ Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ | _____
Printed Name of Sheriff or Server | Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)* Subscribed and sworn to before me on _____ (date).

My commission expires: _____ | _____
Date | Notary Public

### Sheriff's Fees
| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 20-SMCC-3663** 1 of 1Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 2016-CV11380 |
|---|---|
| Plaintiff/Petitioner:<br>VAZQUEZ COMMERCIAL CONTRACTING, LLC<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MARK EVERETT PARRISH<br>221 W LEXINGTON STE 200<br>P O BOX 1099<br>INDEPENDENCE, MO 64051 |
| Defendant/Respondent:<br>ZIESON CONSTRUCTION COMPANY, LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | |

**RECEIVED**

MAY 1 2 2020

COLE COUNTY
SHERIFF'S OFFICE

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: MCPHERSON CONTRACTORS, LLC
Alias:

C/O CSC-LAWYERS INCORP SERV CO
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

**PRIVATE PROCESS SERVER**

COURT SEAL OF

JACKSON COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

01-MAY-2020
Date
_____ Clerk

Further Information:

FILED-CIRCUIT COURT
JACKSON CO. MO-1
20 MAY 21 AM 9: 1

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to CSC Lawyers, S.C. (name) designee (title).
☐ other _____
Served at 350 E. High (address)
in Cole (County/City of St. Louis), MO, on 05-13-2020 (date) at 800 AM (time).
Sheriff John P Wheeler By ____ aimee Wray
Printed Name of Sheriff or Server        Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

(Seal)

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date          Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ ( _____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI**

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 2016-CV11380 |
|---|---|
| Plaintiff/Petitioner:<br>VAZQUEZ COMMERCIAL CONTRACTING,<br>LLC | Plaintiff's/Petitioner's Attorney/Address<br>MARK EVERETT PARRISH<br>221 W LEXINGTON STE 200<br>P O BOX 1099<br>INDEPENDENCE, MO 64051 |
| vs. | |
| Defendant/Respondent:<br>ZIESON CONSTRUCTION COMPANY, LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:   METS, LLC
Alias:

# PRIVATE PROCESS SERVER

C/O MICHAEL P. DINGLE
4478 SW HWY J
TRIMBLE, MO 64492

*COURT SEAL OF*



*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

01-MAY-2020
_____
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
Michael P. Dingle (name) Officer (title).

☐ other

Served at 6513 Ridge Rd, Parkville MO 64152 (address)
in Platte (County/City of St. Louis), MO, on 5-7-20 (date) at 3:45 am (time).

VAKPUZ SUMMSE

STEPHEN LICATA
Signature of Sheriff or Server

Notary Public - Notary Seal  Must be sworn before a notary public if not served by an authorized officer:
STATE OF MISSOURI  Subscribed and sworn to before me on 5/8/20 (date).
Commissioned for Clay County
My Commission Expires: March 19, 2022  My commission expires: 3/19/22
ID #08695259

_____  _____
Date  Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $ |
| Non Est | $ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $ ( _____ miles @ $. _____ per mile) |
| **Total** | $ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 20-SMCC-3667**   1  of  1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 2016-CV11380 |
|---|---|
| Plaintiff/Petitioner:<br>VAZQUEZ COMMERCIAL CONTRACTING, LLC | Plaintiff's/Petitioner's Attorney/Address<br>MARK EVERETT PARRISH<br>221 W LEXINGTON STE 200<br>P O BOX 1099<br>INDEPENDENCE, MO 64051 |
| vs. | |
| Defendant/Respondent:<br>ZIESON CONSTRUCTION COMPANY, LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: MICHAEL PATRICK DINGLE
Alias:

6513 RIDGE RD
PARKVILLE, MO 64152-3134

**PRIVATE PROCESS SERVER**

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

01-MAY-2020
Date

_____ Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

[X] delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

[ ] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

[ ] (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

[ ] other _____

Served at 6513 Ridge Rd, Parkville MO 64152 (address)

in Platte (County/City of St. Louis), MO, on 5-7-20 (date) at 3:45 pm (time).

VALERIE SUMMER _____
STEPHEN _____ Name of Sheriff or Server        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Notary Public - Notary Seal
STATE OF MISSOURI
Commission for Clay County
My Commission Expires: March 19, 2022
ID #08695259

Subscribed and sworn to before me on 5/8/20 (date).

My commission expires: 3/19/22        _____ Notary Public
                        Date

| Sheriff's Fees | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| **Total** | $ _____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 20-SMCC-3671** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:20-cv-00486-DGK   Document 1-1   Filed 06/15/20   Page 77 of 173        JCCC000077



## IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 2016-CV11380 |
|---|---|
| Plaintiff/Petitioner:<br>VAZQUEZ COMMERCIAL CONTRACTING,<br>LLC<br><div style="text-align:right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>MARK EVERETT PARRISH<br>221 W LEXINGTON STE 200<br>P O BOX 1099<br>INDEPENDENCE, MO 64051 |
| Defendant/Respondent:<br>ZIESON CONSTRUCTION COMPANY, LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

### Summons in Civil Case

The State of Missouri to: RUSTIN SIMON
Alias:

13408 CRAIG CT.
SMITHVILLE, MO 64089-9087

## PRIVATE PROCESS SERVER

*COURT SEAL OF*

CIRCUIT COURT OF MISSOURI

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

01-MAY-2020
Date

_____ Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☒ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
Sandy Mayra _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at 13408 Craig Ct. Smithville MO 64089 (address)

in Platte (County/City of St. Louis), MO, on 5-7-20 (date) at 2:50 pm (time).

VALERIE SUMMER _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on 5/8/20 (date).

STEPHEN LICATA
Notary Public - Notary Seal
STATE OF MISSOURI
Commissioned for Clay County
My Commission Expires: March 19, 2022
ID #05695359

My commission expires: 3/19/22
Date

_____
Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 20-SMCC-3674   1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:20-cv-00486-DGK   Document 1-1   Filed 06/15/20   Page 78 of 173   JCCC000078



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 2016-CV11380 |
|---|---|
| Plaintiff/Petitioner:<br>VAZQUEZ COMMERCIAL CONTRACTING, LLC | Plaintiff's/Petitioner's Attorney/Address<br>MARK EVERETT PARRISH<br>221 W LEXINGTON STE 200<br>P O BOX 1099<br>INDEPENDENCE, MO 64051 |
| vs. | |
| Defendant/Respondent:<br>ZIESON CONSTRUCTION COMPANY, LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to: STEPHON ZIEGLER<br>Alias: | **PRIVATE PROCESS SERVER** |
|---|---|
| 8309 NW FOREST DR.<br>WEATHERBY LAKE, MO 64152-1625 | |

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

01-MAY-2020
Date

Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

[X] delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

[ ] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

[ ] (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

[ ] other

Served at 8309 NW Forest Dr. Weatherby Lake MO 64152 (address)

in Platte (County/City of St. Louis), MO, on 5-7-20 (date) at 3:31 pm (time).

VALERIE SUMMER
Printed Name of Sheriff or Server

Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on 5/8/20 (date).

STEPHEN LICATA
Notary Public - Notary Seal
STATE OF MISSOURI
Commissioned for Clay County
My Commission Expires: March 19, 2022
Sheriff ID #08695259

My commission expires: 3/19/22
Date

Notary Public

| Summons | $ |
|---|---|
| Non Est | $ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $ ( _____ miles @ $._____ per mile) |
| **Total** | $ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 20-SMCC-3673**  1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - Jackson - Independence - May 19, 2020 - 02:42 PM



**IN THE** 16TH JUDICIAL CIRCUIT **COURT**, JACKSON COUNTY, **MISSOURI**

| Judge or Division: | Case Number: 2016-CV-11386 |
|---|---|
| JENNIFER GARRETT ERI | |
| **Plaintiff/Petitioner:** | **Plaintiff's/Petitioner's Attorney/Address** |
| VAZQUEZ COMMERCIAL CONTRACTING, LLC | MARK LAURELL PARRISH |
| | 221 W LEXINGTON STE 201 |
| | PO BOX 1099 |
| vs. | INDEPENDENCE, MO 64051 |
| **Defendant/Respondent:** | **Court Address:** |
| ZENON CONSTRUCTION COMPANY, LLC | 308 W Kansas |
| **Nature of Suit:** | INDEPENDENCE, MO 64050 |
| CC Other Tort | |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: ZENON ELECTRIC COMPANY, INC

Alias:

**PRIVATE PROCESS SERVER**

CT CORPORATION AGENT/SOLUTIONS
3225 A EMERALD LANE
JEFFERSON CITY, MO 65109

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____ _____
Date                        Clerk

Further Information:

## Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to *Shelby Braun* (name) *Authorized Agent* (title).

☐ other

Served at *3225-A Emerald Lane Jefferson City, Mo* (address)

in *Cole* (County/City of St. Louis), MO, on *5-5-20* (date) at *10:35 AM* (time).

*Rufus R Harmon* Printed Name of Sheriff or Server      *Rufus R. Harmon* Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

DONNA R. MEYER
Notary Public - Notary Seal
STATE OF MISSOURI
Commissioned for Cole County
Commission No.: 19435325
My Commission Expires 3/3/2021

Subscribed and sworn to before me on *05-08-2020* (date).

My commission expires: *03-03-2021* (date)      *Donna R. Meyer* Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $ |
| Non-Est | $ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $ ( miles @ $ per mile) |
| Total | $ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-2018) SM30 (JAKSMCC) For Court Use Only: Document Id # 20-SMCC-3664    1 of 1   Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

## AFFIDAVIT OF SERVICE

**State of Missouri**                        **County of Jackson**                        **Circuit Court**

Case Number: 2016-CV11380

Plaintiff:
**VAZQUEZ COMMERCIAL CONTRACTING LLC**
vs.
Defendant:
**ZIESON CONSTRUCTION COMPANY LLC**

POW2020004231

For: BOYD KENTER THOMAS & PARRISH LLC

Received by D & B Legal Services, Inc. on the 18th day of May, 2020 at 9:22 am to be served on **MONICA HAAVIG, 6525 E CAVE CREEK RD #15, CAVE CREEK, AZ 85331.** I, _Zachary Mueller_, being duly sworn, depose and say that on the _____ day of _____, 20___ at ___:___.m., executed service by delivering a true copy of the **Summons in Civil Case, Petition for Damages and Notice of Case Management Conference for Civil Case and Order for Mediation** in accordance with state statutes in the manner marked below:

( ) INDIVIDUAL SERVICE: Served the within-named person.

( ) INDIVIDUAL SERVICE AT ALTERNATE ADDRESS: Served the within-named person at the alternate address of
_____

( ) SUBSTITUTE SERVICE: By serving _____ as
_____

( ) SUBSTITUTE SERVICE AT ALTERNATE ADDRESS: By Serving _____ as
_____. At the address of

( ) POSTED: ( ) at a public place, address listed below - ( ) at the residence of the within-named person, address listed below.

(X) NON SERVICE: For the reason detailed in the Comments below.

COMMENTS: Attempted on 5/21/20 at 7:44am: No answer, no activity heard. Attempted on 5/26/20 at 5:39pm: No answer and no activity heard. Attempted on 5/30/20 at 10:39am: No answer and no activity. The County Assessor shows Haavig as the owner of this property

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the 5th day of _June_, 2020 by the affiant who is personally known to me.

NOTARY PUBLIC

PROCESS SERVER # _MC-8735_
Appointed in accordance with State Statutes

**D & B Legal Services, Inc.**
**P.O. Box 7471**
**Overland Park, KS 66207**
**(913) 362-8110**

Our Job Serial Number: 2020004231

CRAIG PEDERSON
Notary Public - Arizona
Maricopa County
My Comm. Expires Dec 19, 2020

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.tc



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 2016-CV11380 |
| Plaintiff/Petitioner:<br>VAZQUEZ COMMERCIAL CONTRACTING, LLC | Plaintiff's/Petitioner's Attorney/Address:<br>MARK EVERETT PARRISH<br>221 W LEXINGTON STE 200<br>P O BOX 1099<br>INDEPENDENCE, MO 64051 |
| vs. | |
| Defendant/Respondent:<br>ZIESON CONSTRUCTION COMPANY, LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: MONICA HAAVIG
                     Alias:

6525 E CAVE CREEK RD.
#15
CAVE CREEK, AZ 85331-8658

**PRIVATE PROCESS SERVER**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

*JACKSON COUNTY*

01-MAY-2020
_____
Date

_____
Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Subscribed and Sworn To me before this** _____ (day) _____ (month) _____ (year)

I am: (check one)   ☐ the clerk of the court of which affiant is an officer.
                         ☐ the judge of the court of which affiant is an officer.
*(Seal)*             ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                         ☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $ _____ per mile) |
| **Total** | $_____ |

See the following page for directions to clerk and to officer making return on service of summons.

OSCA (8/2018) SM60 (JAKSMOS) *For Court Use Only:* Document ID# 20-SMOS-318  1 of 2    (2016-CV11380)
Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo
Case 4:20-cv-00486-DGK   Document 1-1   Filed 06/15/20   Page 3 of 14
9COG000082

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States.  If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

OSCA (8/2018) SM60 (JAKSMOS) *For Court Use Only:* **Document ID# 20-SMOS-318** 2 of 2          **(2016-CV11380)**
Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 4:20-cv-00486-DGK   Document 1-1   Filed 06/15/20   Page 83 of 173

Electronically Filed - Jackson - Independence - June 10, 2020 - 01:12 PM

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

JCCC000084



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 2016-CV11380 |
|---|---|
| Plaintiff/Petitioner:<br>VAZQUEZ COMMERCIAL CONTRACTING, LLC | Plaintiff's/Petitioner's Attorney/Address:<br>MARK EVERETT PARRISH<br>221 W LEXINGTON STE 200<br>P O BOX 1099<br>INDEPENDENCE, MO 64051 |
| vs. | |
| Defendant/Respondent:<br>ZIESON CONSTRUCTION COMPANY, LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: JACOB BAUCOM
Alias:

4309 NATIVE DANCER DR.
EDMOND, OK 73025-9522

**PRIVATE PROCESS SERVER**

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

01-MAY-2020
Date _____ Clerk

Further Information: _____

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)
   ☐ the clerk of the court of which affiant is an officer.
   ☐ the judge of the court of which affiant is an officer.
   ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
   ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $_____ per mile) |
| **Total** | $_____ |

**See the following page for directions to clerk and to officer making return on service of summons.**

OSCA (8/2018) SM60 (JAKSMOS) *For Court Use Only*: Document ID# 20-SMOS-317  1 of 2    (2016-CV11380)
Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 4:20-cv-00486-DGK   Document 1-1   Filed 06/15/20   Page 85 of 173

JCCC000085

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

JCCC000087



## IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 2016-CV11380 |
| --- | --- |
| Plaintiff/Petitioner:<br>VAZQUEZ COMMERCIAL CONTRACTING, LLC | Plaintiff's/Petitioner's Attorney/Address:<br>MARK EVERETT PARRISH<br>221 W LEXINGTON STE 200<br>P O BOX 1099<br>INDEPENDENCE, MO 64051 |
| vs. | |
| Defendant/Respondent:<br>ZIESON CONSTRUCTION COMPANY, LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

### Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: JACOB BAUCOM
Alias:

4309 NATIVE DANCER DR.
EDMOND, OK 73025-9522

## PRIVATE PROCESS SERVER

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

*JACKSON COUNTY*

01-MAY-2020
Date

Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server            Signature of Sheriff or Server

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)

I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                   ☐ the judge of the court of which affiant is an officer.
                   ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
*(Seal)*           ☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

| Service Fees, if applicable | |
| --- | --- |
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $ _____ per mile) |
| Total | $_____ |

See the following page for directions to clerk and to officer making return on service of summons.

OSCA (8/2018) SM60 (JAKSMOS) *For Court Use Only*: Document ID# 20-SMOS-317 1 of 2      (2016-CV11380)<br>Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Electronically Filed - Jackson - Independence - May 22, 2020 - 12:12 PM

# AFFIDAVIT OF SERVICE

**State of Missouri**　　　　County of Jackson　　　　**Circuit Court**

Case Number: 2016-CV11380

Plaintiff:
VAZQUEZ COMMERCIAL CONTRACTING LLC
vs.
Defendant:
ZIESON CONSTRUCTION COMPANY LLC

POW2020004232

For: BOYD KENTER THOMAS & PARRISH LLC

Received by D & B Legal Services, Inc. on the 18th day of May, 2020 at 9:22 am to be served on JACOB BAUCOM, 4309 NATIVE DANCER DR, EDMOND, OK 73025. I, _John Shields_, being duly sworn, depose and say that on the _18_ day of _May_, 2020 at _6:35_ p.m., executed service by delivering a true copy of the Summons in Civil Case, Petition for Damages and Notice of Case Management Conference for Civil Case and Order for Mediation in accordance with state statutes in the manner marked below:

(X) INDIVIDUAL SERVICE: Served the within-named person.

( ) INDIVIDUAL SERVICE AT ALTERNATE ADDRESS: Served the within-named person at the alternate address of

( ) SUBSTITUTE SERVICE: By serving _____ as

( ) SUBSTITUTE SERVICE AT ALTERNATE ADDRESS: By Serving _____ as _____. At the address of

( ) POSTED: ( ) at a public place, address listed below - ( ) at the residence of the within-named person, address listed below.

( ) NON SERVICE: For the reason detailed in the Comments below.

COMMENTS:

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and sworn to before me on the _18_ day of _May_, _2020_ by the affiant who is personally known to me.

NOTARY PUBLIC

PROCESS SERVER # _PSS-17-88_
Appointed in accordance with State Statutes

D & B Legal Services, Inc.
P.O. Box 7471
Overland Park, KS 66207
(913) 362-8110

Our Job Serial Number: 2020004232

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1c

Case 4:20-cv-00486-DGK   Document 1-1   Filed 06/15/20   Page 89 of 173   JCCC000089



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 2016-CV11380 |
|---|---|
| Plaintiff's/Petitioner:<br>VAZQUEZ COMMERCIAL CONTRACTING, LLC | Plaintiff's/Petitioner's Attorney/Address<br>MARK EVERETT PARRISH<br>221 W LEXINGTON STE 200<br>P O BOX 1099<br>INDEPENDENCE, MO 64051 |
| vs. | |
| Defendant/Respondent:<br>ZIESON CONSTRUCTION COMPANY, LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | |

RECEIVED

MAY 1 2 2020

COLE COUNTY
SHERIFF'S OFFICE

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: CHPB SUB 1, LLC
   Alias: TRUSS LLC

C/O CSC-LAWYERS INCORP SERV CO
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

# PRIVATE PROCESS SERVER

COURT SEAL OF

JACKSON COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

01-MAY-2020
Date

_____
Clerk

Further Information:

FILED - CIRCUIT COURT
JACKSON CO. MO-I
2020 MAY 21

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
   _CSC Lawyers, S.C._ (name) _designee_ (title).

☐ other _____.

Served at _350 E. High_ (address)

in _Cole_ (County/City of St. Louis), MO, on _05-13-2020_ (date) at _800 AM_ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

(Seal)

Subscribed and sworn to before me on _____ (date).

My commission expires: _____

_____          _____
Date          Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ ( ___ miles @ $.___ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (SMCC) For Court Use Only: Document Id # 20-SMCC-3676-1 of Civil Procedure Form No. 1; Rules 54.06, 54.07, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

VAZQUEZ COMMERCIAL CONTRACTING,
LLC

                Plaintiff,

vs.

ZIESON CONSTRUCTION COMPANY, LLC,
ET AL.

                Defendants.

Case No. 2016-CV11380

Division 2

### ENTRY OF APPEARANCE AND DESIGNATION OF LEAD COUNSEL

COME NOW Thomas M. Bradshaw of Van Osdol, PC and Melanie Morgan of Morgan

Pilate LLC, hereby enter their appearances, on behalf of Defendant, Michael Patrick Dingle, in the

above-captioned matter.  Pursuant to Rule 3.5 of the Circuit Court of Jackson County, Thomas M.

Bradshaw is designated as lead counsel of record.

Respectfully submitted,

VAN OSDOL, P.C.

By: /s/Thomas M. Bradshaw
Thomas M. Bradshaw, MO #20411
LEAD COUNSEL
1000 Walnut Street, Suite 1500
Kansas City, Missouri  64106
Phone:  (816) 421-0644
Fax:     (816) 421-0758
TBradshaw@VanOsdolKC.com

JCCC000091

MORGAN PILATE LLC

By: /s/Melanie S. Morgan
Melanie Morgan, MO #58084
926 Cherry Street
Kansas City, Missouri 64106
Phone: (816) 471-6694
Fax:    (816) 472-3516
mmorgan@morganpilate.com
**ATTORNEYS FOR DEFENDANT
MICHAEL PATRICK DINGLE**

## CERTIFICATE OF SERVICE

On this 26th day of May, 2020, I hereby certify that I served a true and correct copy of the above and foregoing upon counsel of record filing the same electronically with the Court's Electronic Case Management System, which effects service via email upon parties of record.

/s/ Thomas M. Bradshaw
Attorney for Defendant Michael Patrick Dingle

JCCC000092

State of Missouri

# Department of Commerce and Insurance



TO:   Corporate Secretary (or United States Manager or Last Appointed General Agent) of

ZURICH AMERICAN INSURANCE COMPANY
CSC LAWYERS INCORPORATING SERVICE COMPANY
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

RE:   Court: Jackson Co. at Independence, Case Number: 2016-CV11380

You will take notice that original process in the suit against you, a copy of which is attached hereto and sent to you by certified mail, was duly served upon you at Jefferson City, Missouri, by serving the same on the Director of the Department of Commerce and Insurance of the state of Missouri, Dated at Jefferson City, Missouri this Friday, May 15, 2020.

_Chlora Lindley-Myers_

Director of Commerce and Insurance

---

AFFIDAVIT

State of Missouri,
                    ss.
County of Cole,

The undersigned Director of the Department of Commerce and Insurance or the Director's designated agent, hereby makes oath and certifies the original of the above notice to the above addressee was mailed at the United States Post Office in Jefferson City, Missouri on May 18, 2020
by first class certified mail prepaid as provided by section 375.906.5, RSMo. and Supreme Court Rule 54.15

Director, Department of Commerce and Insurance

By: _____

Subscribed and sworn to before me this 18 day of May, 2020

_Kimby Sandus_

Notary Public

My commission expires:

KIMBERLY LANDERS
My Commission Expires
May 18, 2024
Callaway County
Commission #12558402

301 West High Street, Room 530, P.O. Box 690 / JeffersonCity, Missouri 65102-1690
Telephone 573-526-0000 / TDD 1-573-526-4536 (Hearing Impaired)
http://www.dci.mo.gov



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 2016-CV11380 |
| Plaintiff/Petitioner:<br>VAZQUEZ COMMERCIAL CONTRACTING,<br>LLC | Plaintiff's/Petitioner's Attorney/Address<br>MARK EVERETT PARRISH<br>221 W LEXINGTON STE 200<br>P O BOX 1099<br>INDEPENDENCE, MO 64051 |
| vs. | |
| Defendant/Respondent:<br>ZIESON CONSTRUCTION COMPANY, LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | |

**RECEIVED**

MAY 1 2 2020

COLE COUNTY
SHERIFF'S OFFICE

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  ZURICH AMERICAN INSURANCE COMPANY
Alias:

C/O MISSOURI DIV OF INSURANCE
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

**PRIVATE PROCESS SERVER**

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

01-MAY-2020
Date

_____ Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

Debra Lee _____ (name) Designee _____ (title).

☐ other _____

Served at 301 W High St Jefferson City Mo 65101 _____ (address)

in Cole _____ (County/City of St. Louis), MO, on 05-15-2020 (date) at 2:30 pm (time).

Sheriff _____ By Dep. John Stroble 81 _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

(Seal)

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____ _____
Date                          Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| **Total** | $ _____ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAXSMCC) *For Court Use Only*   Document Id: SMCC-3669         1 of 1   Civil Procedure Form No. 1, Rules 54.01 – 54.05,<br>54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 2016-CV11380 | |
|---|---|---|
| Plaintiff/Petitioner:<br>VAZQUEZ COMMERCIAL CONTRACTING,<br>LLC<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MARK EVERETT PARRISH<br>221 W LEXINGTON STE 200<br>P O BOX 1099<br>INDEPENDENCE, MO 64051 | RECEIVED<br>MAY 12 2020<br>COLE COUNTY<br>SHERIFF'S OFFICE |
| Defendant/Respondent:<br>ZIESON CONSTRUCTION COMPANY, LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 | |
| Nature of Suit:<br>CC Other Tort | | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to: ZIESON CONSTRUCTION COMPANY, LLC | |
|---|---|
| C/O SECRETARY OF STATE<br>600 WEST MAIN<br>JEFFERSON CITY, MO 65101 | Alias: |

**PRIVATE PROCESS SERVER**

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

01-MAY-2020
Date

_____ Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

Scott Clark (name) Designee (title).

☐ other _____

Served at 600 W Main St Jefferson City MO 65101 (address)

in Cole (County/City of St. Louis), MO, on 05·18·2020 (date) at 8:35 Am (time).

Sheriff _____
Printed Name of Sheriff or Server

By Dep. John Stroble 81
Signature of Sheriff or Server

*(Seal)*

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date).

My commission expires: _____

_____ Date

_____ Notary Public

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ _____ | |
| Non Est | $ _____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ 10.00 | |
| Mileage | $ _____ | (_____ miles @ $._____ per mile) |
| Total | $ _____ | |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (SMCC) For Court Use Only: Document ID# 20-SMCC-3660 1 of 1 Civil Procedure Form No. 1, Rules 54.06, 54.07, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 20-cv-00486-DGK Document 1-1 Filed 06/15/20 Page 95 of 173 00095

Electronically Filed - Jackson - Independence - May 28, 2020 - 02:50 PM

**AFFIDAVIT OF SERVICE**

State of Missouri                    County of Jackson                    Circuit Court

Case Number: 2016-CV11380

Plaintiff:
**VAZQUEZ COMMERCIAL CONTRACTING LLC**
vs.
Defendant:
**ZIESON CONSTRUCTION COMPANY LLC**

POW2020003889

For: BOYD KENTER THOMAS & PARRISH LLC

Received by D & B Legal Services, Inc. on the 4th day of May, 2020 at 4:32 pm to be served on **MATTHEW TORGESON, 3545 SW 6TH AVE, TOPEKA, KS 66606.** I, R. Sean Roth , being duly sworn, depose and say that on the 12th day of May , 2020 at 1:43 p.m., executed service by delivering a true copy of the Summons in Civil Case, Petition for Damages and Notice of Case Management Conference for Civil Case and Order for Mediation in accordance with state statutes in the manner marked below:

( ) INDIVIDUAL SERVICE: Served the within-named person.

( ) INDIVIDUAL SERVICE AT ALTERNATE ADDRESS: Served the within-named person at the alternate address of
_____

( ) SUBSTITUTE SERVICE: By serving _____ as
_____

( ) SUBSTITUTE SERVICE AT ALTERNATE ADDRESS: By Serving _____ as
_____. At the address of
_____

( ) POSTED: ( ) at a public place, address listed below - ( ) at the residence of the within-named person, address listed below.

( ) NON SERVICE: For the reason detailed in the Comments below.

COMMENTS: Intended recipient is deceased according to Pat Brown, Receptionist at Torgeson (3545 sw 6th) Pat in a w/f appox 60 y/o Grey hair, 5'4" & 160 lbs

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

R. Sean Roth

Subscribed and Sworn to before me on the 18th day of
May , 2020 by the affiant who is personally
known to me.

Dianne L Hilton
NOTARY PUBLIC

DIANNE L HILTON
Notary Public, State of Kansas
My Appointment Expires
4/30/2022

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**D & B Legal Services, Inc.**
P.O. Box 7471
Overland Park, KS 66207
(913) 362-8110

Our Job Serial Number: 2020003889

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1c

JCCC000096



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 2016-CV11380 |
|---|---|
| Plaintiff/Petitioner:<br>VAZQUEZ COMMERCIAL CONTRACTING, LLC | Plaintiff's/Petitioner's Attorney/Address:<br>MARK EVERETT PARRISH<br>221 W LEXINGTON STE 200<br>P O BOX 1099<br>INDEPENDENCE, MO 64051 |
| vs. | |
| Defendant/Respondent:<br>ZIESON CONSTRUCTION COMPANY, LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: MATTHEW TORGESON
Alias:

**PRIVATE PROCESS SERVER**

3545 SW 6TH AVE.
TOPEKA, KS 66606-1985

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

*JACKSON COUNTY*

01-MAY-2020
Date

_____
Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   - [ ] delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   - [ ] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   - [ ] (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   - [ ] other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)
 - [ ] the clerk of the court of which affiant is an officer.
 - [ ] the judge of the court of which affiant is an officer.
 - [ ] authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
 - [ ] authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $ _____ per mile) |
| **Total** | $_____ |

See the following page for directions to clerk and to officer making return on service of summons.

OSCA (8/2018) SM60 (JAKSMOS) *For Court Use Only:* Document ID# 20-SMOS-316  1 of 2          (2016-CV11380)          Rules 54.06, 54.07, 54.14, 54.20, 506.500, 506.510 RSMo

Case 4:20-cv-00486-DGK   Document 1-1   Filed 06/15/20   Page 9 of 12          9CCC000097

Electronically Filed - Jackson - Independence - June 01, 2020 - 01:17 PM


# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

☐ AT KANSAS CITY     ☒ AT INDEPENDENCE

VAZQUEZ COMMERCIAL CONTRACTING, LLC

VS.

ZIESON CONSTRUCTION COMPANY, LLC, et al.

NO. 2016-CV11380

☒ CIRCUIT JUDGE
☐ ASSOCIATE CIRCUIT JUDGE
☐ SMALL CLAIMS

## MEMORANDUM TO DEPARTMENT OF CIVIL RECORDS
### INSTRUCTIONS FOR ALIAS SUMMONS

☒ **PRIVATE PROCESS**     ☐ **CIVIL PROCESS**

☒ ISSUE ALIAS SUMMONS TO DEFENDANT

Matthew C. McPherson

27392 W. 108th St.

Olathe, KS 66061

Johnson
COUNTY OF SERVICE

CASE CONTINUED TO: _____

☐ PREPARE TRANSCRIPT OF JUDGMENT    ☐ AUTHENTICATED ☐ CERTIFIED ☐ RECORD AS LIEN
    ☐ W/LETTER

## REQUESTED BY

Mark E. Parrish, MO Bar No. 40571
NAME OF ☐ CREDITOR ☐ ATTORNEY & BAR NO.

221 W. Lexington, Suite 200
ADDRESS

Independence, MO 64050
CITY     STATE     ZIP

_____
SIGNATURE

(816) 471-4511
PHONE

June 1, 2020
DATE

## Please Provide Original & Copy

CIRCT 1699 - 4/96

JCCC000098

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

| | | |
|---|---|---|
| VASQUEZ COMMERCIAL CONTRACTING, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:     2016-CV11380 |
| | ) | |
| ZIESON CONSTRUCTION COMPANY, LLC, ET AL | ) | Division 2 |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT PATRICK MICHAEL DINGLE'S MOTION FOR AN EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING

COMES NOW Defendant Patrick Michael Dingle, by and through his counsel of record, pursuant to Mo. Sup. Ct. R. 55.25(a) and Jackson County Local Rule 33.5(2), and hereby requests this Honorable Court grant him an extension of sixty days to file a responsive pleading in the above-captioned cause. Defendant's responsive pleading is currently due by June 8, 2020. Defendant is requesting an extension of time allowing him until August 7, 2020 to file a responsive pleading. Mark Parrish, Counsel for the Plaintiff, does not object to this request.

Respectfully submitted,

VAN OSDOL, P.C.

By:   _/s/ Thomas M. Bradshaw_
        Thomas M. Bradshaw, MO # 20411
        LEAD COUNSEL
        1000 Walnut Street, Suite 1500
        Kansas City, Missouri 64106
        Phone: (816) 421-0644
        Fax:     (816) 421-0758

JCCC000099

tbradshaw@vanosdolkc.com

MORGAN PILATE LLC

By: /s/Melanie S. Morgan
Melanie Morgan, MO #58084
926 Cherry Street
Kansas City, Missouri 64106
Phone: (816) 471-6694
Fax: (816) 472-3516
mmorgan@morganpilate.com

**ATTORNEYS FOR DEFENDANT
PATRICK MICHAEL DINGLE**

## CERTIFICATE OF SERVICE

On this 2nd day of June, 2020, I hereby certify that I served a true and correct copy of the above and foregoing by filing the same electronically with the Court's Electronic Case Management System, which effects service via email upon parties of record.

/s/ Thomas M. Bradshaw
Attorney for Defendant Patrick Michael Dingle

JOCC000100

Electronically Filed - Jackson - Independence - June 02, 2020 - 04:39 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

| | | |
|---|---|---|
| VASQUEZ COMMERCIAL CONTRACTING, LLC | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:    2016-CV11380 |
| | ) | |
| ZIESON CONSTRUCTION COMPANY, LLC, ET AL | ) | |
| | ) | Division 2 |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING DEFENDANT PATRICK MICHAEL DINGLE'S MOTION FOR AN EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING

Having reviewed Defendant Patrick Michael Dingle's Motion for an Extension of Time to File a Responsive Pleading, and good cause appearing, this Court hereby grants the Motion.

IT IS SO ORDERED.

_____
Date

_____
Judge

JGCC000101

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## IN INDEPENDENCE

| | | |
|---|---|---|
| **VAZQUEZ COMMERCIAL** | ) | |
| **CONTRACTING, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **V.** | ) | **Case No. 2016-CV11380** |
| | ) | |
| **ZIESON CONSTRUCTION** | ) | |
| **COMPANY, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

### DEFENDANT TORGESON ELECTRIC COMPANY'S COMBINED
### MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT

Defendant Torgeson Electric Company ("Torgeson Electric"), by counsel, pursuant to Mo.

Sup. Ct. Rules 55.27(a)(6) and 55.15, moves the Court to dismiss Plaintiff Vazquez Commercial

Contracting, LLC's ("Plaintiff") Petition against Torgeson Electric for failure to state a claim for

relief. Plaintiff's Petition fails to plead facts – not conclusions – that state any claim for relief

against Torgeson Electric specifically. Further, several of Plaintiff's claims fail to meet the

pleading requirements of Mo. Sup. Ct. Rule 55.15. In the alternative to dismissal, Torgeson

Electric moves pursuant to Mo. Sup. Ct. Rule 55.27(d) for an order requiring Plaintiff to provide

a more definite statement as to each and all of its claims.

In support of this Motion, Torgeson Electric incorporates by reference its Suggestions in

Support, which is filed herewith, and attaches a proposed order hereto as Exhibit 1.

DATED: June 4, 2020

Respectfully submitted,

By: */s/ Jennifer Hannah*

Jennifer Hannah     (MO #50093)
Jean Paul Bradshaw II  (MO #31800)
Taryn A. Nash       (MO #70271)
LATHROP GPM LLP
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2618
Telephone: 816-292-2000
Facsimile: 816-292-2001
jennifer.hannah@lathropgpm.com
jeanpaul.bradshaw@lathropgpm.com
taryn.nash@lathropgpm.com

Attorneys for Defendant Torgeson Electric
Company

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2020, I electronically filed a true and correct copy of the above and foregoing with the Clerk of the Court using the CM/ECF system, which effects service via email upon parties of record.

*/s/ Jennifer Hannah*

An attorney for Defendant Torgeson Electric
Company

2

32764270v.1

JGCC000103

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## IN INDEPENDENCE

| | | |
|---|---|---|
| **VAZQUEZ COMMERCIAL** | ) | |
| **CONTRACTING, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **V.** | ) | **Case No. 2016-CV11380** |
| | ) | |
| **ZIESON CONSTRUCTION** | ) | |
| **COMPANY, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

### DEFENDANT TORGESON ELECTRIC COMPANY'S
### SUGGESTIONS IN SUPPORT OF ITS COMBINED MOTION TO DISMISS
### OR MOTION FOR A MORE DEFINITE STATEMENT

Defendant Torgeson Electric Company ("Torgeson Electric"), by counsel, submits the following suggestions in support of its Motion to Dismiss Plaintiff Vazquez Commercial Contracting, LLC's ("Plaintiff") claim against Torgeson Electric because, as demonstrated below, Plaintiff's Petition fails to state a claim upon which relief can be granted under Mo. Sup. Ct. Rule 55.27(a)(6) and fails to meet the particularity requirement as set forth in Mo. Sup. Ct. Rule 55.15. In the alternative to dismissal, Torgeson Electric requests the Court to order Plaintiff to file a more definite statement pursuant to Mo. Sup. Ct. Rule 55.27(d) as the matters contained in Plaintiff's Petition have not been plead with sufficient definiteness or particularity to enable Torgeson Electric to respond. In support of its motion, Torgeson Electric states as follows.

### I.    Introduction

Plaintiff brought this action against 17 Defendants,[1] alleging that they engaged in a scheme in which three entities – Defendants Zieson Construction Company, LLC, Simcon Corp, and

---

[1] Plaintiff does not define the term "Defendants" or delineate which of the 17 different named defendants are included in this term. Throughout the Petition, Plaintiff apparently lumps all 17 defendants (individuals, businesses,

Onsite Construction Group, LLC. – were created for the purpose of "obtain[ing] federal government set-aside contracts for the financial benefit of themselves and their various business entities" and "fraudulently claimed SDVOSB & 8(a) status" of Defendants Stephen Ziegler, Rustin Simon, and Jacob Baucom to compete for and obtain federal government set-aside contracts to which they were not entitled. Pet. ¶¶ 24-26. Plaintiff alleges that it was out-bid by Simcon for a specific federal contract that it was not qualified for. Pet. ¶¶ 57-60. However, Plaintiff's Petition woefully fails to plead sufficient facts to suggest how Defendant *Torgeson Electric* was involved in this alleged scheme; acted fraudulently; breached any duty; or otherwise caused Plaintiff harm. Torgeson Electric has no business being a defendant in this suit, and requests dismissal of all counts against it.

Plaintiff's Petition centers on a federal contract under the Service-Disabled Veteran-Owned Small business program. The Service-Disabled Veteran-Owned Small Business program is a federal program which awards government "set-aside contracts" to service-disabled veteran-owned small business. Similarly, the 8(a) Business Development program is a federal program that awards government set-aside contracts to small business owned by socially and economically disadvantaged people or entities. Pet. ¶¶ 28, 29. Plaintiff claims to be an entity qualified to obtain federal government set-aside contracts under the Small Business Act. Pet. ¶ 27.

---

insurers, etc.) into the term "Defendants." Plaintiff also vaguely alleges the existence of up to 50 "John Doe" Defendants that have yet to be identified. Pet. ¶¶ 19, 24.

It is also worth noting that Plaintiff filed this action against Matt Torgeson, claiming that he could be served with process at Torgeson Electric and was the current President of the company. A simple google search would have revealed that Matt Torgeson died six (6) months before the filing of this Petition and, furthermore, that he was neither President at that time, nor had he been President of or employed by Torgeson Electric for several years prior to his death.

2

Ultimately, Plaintiff's alleged harm arises from a single set-aside contract in 2016. Plaintiff states that on August 4, 2016, the U.S. Army Corp of Engineers issued an invitation to bid on a renovation project on a historic building as a small business set-aside contract (the "USACE Contract"). Pet. ¶ 57. The USACE Contract was to involve mechanical, electrical, architectural and structural repairs. *Id.* Plaintiff alleges that the only bidders for the work was itself and Defendant Simcon. Pet. ¶ 58. Simcon was the lowest bidder and was awarded the set-aside contract on September 13, 2016. Pet. ¶¶ 59-60. Plaintiff alleges that "if not for the fraudulent conduct of Defendants" it would have been awarded the USACE contract and that as a direct and proximate result, Plaintiff sustained a loss of revenue in the amount of the USACE contract. Pet. ¶ 62. Noticeably absent from the Petition are *any allegations* whatsoever as to any conduct, fraudulent or otherwise, as it relates specifically to Torgeson Electric.

Rather, a review of Plaintiff's Petition reveals that it is made up of nothing more than conclusory allegations; not at all in keeping with the level of particularity as required by Mo. Sup. Ct. Rule 55.15 or its federal counterpart, Fed. R. Civ. P. Rule 9(b). Instead, Plaintiff's Petition makes allegations against all 17 defendants generally, for example, stating that Defendants "conspired" to "obtain federal government set-aside contracts to which they were not entitled" and "Defendants fraudulently claimed SDVOSB & 8(a) status." Pet. ¶¶ 24-26. Nowhere in the Petition does Plaintiff state the who, what, why or how *Torgeson Electric* allegedly conspired with any of the Defendants or committed fraud. For example, Plaintiff makes no allegation that: Torgeson Electric was responsible for any bid for any set-aside contract; that Torgeson Electric was responsible for the USACE set-aside contract; that Torgeson Electric made any false representation via bid or otherwise at any time for the purpose of obtaining set-aside contracts;

3

that Torgeson Electric had knowledge of any of Simcon's actions in making the bid; that Torgeson Electric received any of the proceeds from any set-aside contract obtained through fraud; that Torgeson Electric received any of the proceeds from the USACE set-aside contract. Simply put, Plaintiff's Petition falls well below the standards required under Rule 55.15. For those reasons Plaintiff's Petition should be dismissed as to Torgeson Electric.

Moreover, Plaintiff's other various non-RICO counts fail to state a claim for relief, both because Plaintiff fails to plead facts supporting each element of the claims and because Plaintiff fails to plead facts establishing Torgeson Electric's liability.

In the alternative, and at the very least, Plaintiff's Petition should be dismissed and Plaintiff should be required to file a more definite statement pursuant to Mo. Sup. Ct. Rule 55.27(d).

## II.    Standard of Review for a Motion to Dismiss

A petition for damages should be dismissed if the plaintiff fails to state a claim upon which relief can be granted. Mo. Sup. Ct. R. 55.27(a)(6). Missouri is a fact-pleading state, and thus a plaintiff must plead facts, not conclusions, to state a claim. *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 379 (Mo. banc 1993); Mo. Sup. Ct. Rule 55.02 ("A pleading…shall contain (1) a short and plain statement of the facts showing that the pleader is entitled to relief.").

Although a plaintiff need not plead "evidentiary or operative facts…it must plead ultimate facts demonstrating such an entitlement." *Gerke v. City of Kansas City*, 493 S.W.3d 433, 436 (Mo. App. 2016) (quoting *Gardner v. Bank of Am., N.A.*, 466 S.W.3d 642, 646 (Mo.App.2015)). "A petition that asserts only conclusions is insufficient, and we must disregard any conclusions that are not supported by facts." *Id.* at 436-67.

4

Electronically Filed - Jackson - Independence - June 04, 2020 - 06:02 PM

Furthermore, where a plaintiff makes allegations of fraud, the pleading standards are heightened. Rule 55.15 requires that "[i[n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Mo. Sup. Ct. Rule 55.15. This requires a plaintiff to plead facts which support its fraud claim, not merely make general, conclusory allegations or mirror the elements of the cause of action. *Jennings v. SSM Health Care St. Louis*, 355 S.W.3d 526, 537 (Mo. App. 2011) (holding that Plaintiff's mirroring of the elements of a fraudulent misrepresentation claim was not particular enough to withstand dismissal); *Birkenmeier v. Keller Biomedical, LLC*, 312 S.W.3d 380, 390 (Mo. App. 2010) (holding that where plaintiff "merely set forth allegations that mirrored the badges of fraud" and "failed to set forth any facts in support of these allegations" the petition had not been pled with particularity).

The heightened pleading requirements for fraud serve several purposes. The Eighth Circuit has stated:

> First, it deters the use of complaints as a pretext for fishing expeditions of unknown wrongs designed to compel *in terrorem* settlements. Second, it protects against damage to professional reputations resulting from allegations of moral turpitude. Third, it ensures that a defendant is given sufficient notice of the allegations against him to permit the preparation of an effective defense.

*Streambend Properties II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1010 (8th Cir. 2015) (quoting *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 549 (8th Cir.1997)).

"No claim is stated without compliance with Rule 55.15." *Jennings*, 355 S.W.3d at 537. A fraud claim that has not been plead with this particularity is subject to dismissal. *Rhodes Eng'g Co. v. Pub. Water Supply Dist. No. 1 of Holt Cty.*, 128 S.W.3d 550, 567 (Mo. App. 2004); *Jennings*, 355 S.W.3d at 537; *Birkenmeier*, 312 S.W.3d at 390.

5

JCCC000108

The Rules of Civil Procedure encourage the use of a motion to dismiss to "permit resolution of claims as early as they are properly raised in order to avoid the expense and delay of meritless claims or defenses and to permit the efficient use of scarce judicial resources." *ITT Commercial Fin. Corp.*, 854 S.W.2d at 376. "Modern litigation is too expensive in time and money to be allowed to proceed upon mere speculation or bluff." *State ex rel. Harvey v. Wells*, 955 S.W.2d 546, 548 (Mo. banc 1997). Thus, "[w]here the pleadings fail to state a cause of action under the law or fail to state facts entitling the party to relief, the trial court may dismiss the lawsuit." *ITT Commercial Fin. Corp.*, 854 S.W.2d at 376.

### III. Argument

Plaintiff's Petition sets forth a total of nine Counts, eight of them against Torgeson Electric. Counts I-III allege violations of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962. The remaining Counts seek relief under a variety of state common law theories including negligence, negligent misrepresentation, unjust enrichment, tortious interference, and civil conspiracy. All of these Counts fail against Torgeson Electric and must be dismissed.

#### a. Count I – RICO § 1962(c)

In Count I, Plaintiff pleads violation of § 1962(c), which makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a patter on racketeering activity." 18 U.S.C. § 1962(c). Thus, to plead a § 1962(c) violation, the Plaintiff must plead "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Craig Outdoor Advert., Inc. v. Viacom Outdoor, Inc.*, 528

F.3d 1001, 1027 (8th Cir. 2008) (quoting *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496, 105 S.Ct. 3275, 87 L.Ed. 346 (1985)); *Nitro Distrib., Inc. v. Alticor, Inc.,* 565 F.3d 417, 428 (8th Cir. 2009).

Moreover, "[t]he requirements of § 1962(c) must be established as to *each individual defendant.*" *Craig Outdoor Advert., Inc,* 528 F.3d at 1027 (emphasis supplied); *see also United States v. Persico,* 832 F.2d 705, 714 (2d Cir.1987) ("The focus of section 1962(c) is on the individual patterns of racketeering engaged in by a defendant, rather than the collective activities of the members of the enterprise."), *cert. denied,* 486 U.S. 1022, 108 S.Ct. 1995, 100 L.Ed.2d 227 (1988).

Here, Plaintiff fails to state a claim under § 1962(c) as Plaintiff fails to assert anything other than general conclusory allegations. Specifically, Plaintiff makes conclusory and sweeping allegations that "[t]he Defendants were all involved in a common enterprise," "participated in a scheme to use fraudulent minority and small business shell companies to obtain set aside contracts," and "[t]he Defendants agreed to and did conduct and participate…through a pattern of racketeering." Nowhere in Plaintiff's Petition is there any facts alleged as to any activity related to Torgeson Electric. Rather, Plaintiff just sweeps all 17 defendants in its bare bone allegations. Such conclusory allegations, however, must be ignored for purposes of deciding a motion to dismiss, and Plaintiff failed to allege any other factual allegations supporting its cause of action against Torgeson Electric. *See Gerke,* 493 S.W.3d at 436–37 ("A petition that asserts only conclusions is insufficient, and we must disregard any conclusions that are not supported by facts.").

7

JOCC000110

Furthermore, because Plaintiff claims the racketeering activity – or predicate act – was mail fraud or wire fraud, Plaintiff was required to plead those predicate acts with particularity. *Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs. Co.*, 48 F.3d 1066, 1069 (8th Cir. 1995) ("The particularity requirements of Rule 9(b) apply to allegations of mail fraud…and wire fraud…when used as predicate acts for a RICO claim."). Once again, Plaintiff merely made conclusory allegations matching the elements, without any facts to support those allegations, much less the who, what, when and where of the fraud. *Id.; see also Birkenmeier,* 312 S.W.3d at 390.

Moreover, Plaintiff was required to plead the elements of § 1962(c) as to "each individual defendant." *Craig Outdoor Advert., Inc*, 528 F.3d at 1027. However, Plaintiff has not provided *any facts* of how Torgeson Electric participated in the alleged fraud or facts supporting its participation in the enterprise. Plaintiff's bare, sweeping, and conclusory allegations are plainly insufficient to allege the predicate act of fraud by Torgeson Electric or its participation in the enterprise.

In sum, Plaintiff's Petition fails to state a claim for relief against Torgeson Electric, or provide Torgeson Electric of adequate notice of the charges such as to make it possible to develop an adequate defense. While RICO claims, by definition, involve multiple Defendants and multiple acts, "the notice function cannot be served unless the complaint is specific enough to identify individual defendants with individual acts." 1233 Statement of Particular Matters—Conspiracy, 5 Fed. Prac. & Proc. Civ. § 1233 (3d ed.). This allows a defendant to understand the charges against him and for the Court to determine whether the complaint sufficiently meets RICO requirements. *Id.* "Bare allegations and sweeping generalizations fail to do so and are considered insufficient." *Id.*

Electronically Filed - Jackson - Independence - June 04, 2020 - 06:02 PM

Accordingly, Count I should be dismissed as to its claims against Torgeson Electric.

**b.**     **Count II – RICO § 1962(a)**

Count II fares no better for Plaintiff. In Count II, Plaintiff attempts to plead a violation of RICO § 1962(a), which makes it "unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity…to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in…interstate or foreign commerce." 18 U.S.C. § 1962(a).

"A section 1962(a) claim requires a showing that a defendant: (1) received income from a pattern of racketeering activity; (2) used or invested that income in the operation of an enterprise; and (3) caused the injury complained of by the use or investment of racketeering income in an enterprise." *Rao v. BP Prod. N. Am., Inc.*, 589 F.3d 389, 398 (7th Cir. 2009). To state a claim under this section, the plaintiff must allege sufficient facts showing injury by the use or investment of the racketeering income, not merely "boilerplate" allegations. *Id.* at 399 (affirming dismissal for failure to assert more than "boilerplate" allegations); *see Twombly*, 550 U.S. at 555 (complaint must allege more than "a formulaic recitation of the elements of a cause of action" to survive a motion to dismiss).

Rather than set forth any facts as to Torgeson Electric, Plaintiff uses boilerplate and conclusory allegations in stating that all 17 "Defendants used and invested income that was derived from a pattern of racketeering activity in an interstate enterprise by distributing proceeds of the enterprise through the mail and by wire in the form of direct transfers and subcontracts" and that Plaintiff was injured as a result of these racketeering activities. Pet. ¶¶ 83-85. Plaintiff fails to

9

JGCC000112

Electronically Filed - Jackson - Independence - June 04, 2020 - 06:02 PM

allege anywhere in its Petition facts that support its claim that any Defendant, let alone specifically defendant Torgeson Electric (1) "received income from a pattern of racketeering activity," (2) "used or invested that income in the operation of an enterprise," or (3) "caused the injury complained of by the use or investment of racketeering income in an enterprise." Accordingly, Count II of Plaintiff's Petition must be dismissed as Plaintiff fails to state a claim under § 1962(a) against Torgeson Electric.

### c.    Count III – RICO § 1962(d)

In Count III, Plaintiff attempts to state a claim under RICO § 1962(d) which makes it "unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c)." Plaintiff fails to plead a cause of action under this section for two reasons.

First, because Plaintiff fails to plead a cause of action under § 1962(c) or (a) above, Plaintiff's cause of action under (d) fails. Subsection (d) makes it unlawful to conspire to violate subsections (a), (b), or (c). To state a claim for conspiracy in violation of § 1962(d), Plaintiff must plead a right to relief under one of these subsections. *See United States v. Kehoe,* 310 F.3d 579, 587 (8th Cir. 2002).

In the alternative, even if Plaintiff states a claim for relief under § 1962(a) or (c), Plaintiff must plead the existence of an agreement to conspire to violate those sections. *See Handeen v. Lemaire,* 112 F.3d 1339, 1354–55 (8th Cir.1997) ("When a plaintiff has already established a right to relief under § 1962(c), he may show a conspiracy to violate RICO simply by presenting additional evidence that the defendant entered into an agreement to breach the statute.").

A conspiracy is an agreement to commit an illegal act. *United States v. Bennett*, 44 F.3d 1364, 1372 (8th Cir. 1995) (quoting *United States v. Dijan*, 37 F.3d 398, 402 (8th Cir.1994)). Thus,

10

Case 4:20-cv-00486-DGK   Document 1-1   Filed 06/15/20   Page 113 of 173
JGCC000113

Electronically Filed - Jackson - Independence - June 04, 2020 - 06:02 PM

a RICO conspiracy requires the additional element of an agreement to violate RICO. *Id.* Proof of "participation in an association in fact will not necessarily establish his membership in a conspiracy." *Id.* To establish a Defendant has joined in the conspiracy, Plaintiff must plead *facts* sufficient to demonstrate that Defendant "objectively manifested an agreement to participate directly, or indirectly, in the affairs of an enterprise through the commission of two or more predicate crimes." *Id.* While each Defendant may not need to agree to commit each and every part of the racketeering act, each conspirator must share the same criminal objective. *Salinas v. U.S.,* 522 U.S. 52, 63–64, 118 S. Ct. 469, 139 L. Ed. 2d 352 (1997).

Here, Plaintiff fails to state *any* facts to support the conclusory allegation that Torgeson Electric was in agreement with the other Defendants to violate RICO § 1962(a) or (c). Plaintiff's only allegations are conclusory, stating that "Defendants [all 17 plus 50 additional John Does] agreed and conspired to violate 18 U.S.C. § 1962(a) and (c)" and that "Defendants intentionally conspired and agreed to directly or indirectly use or invest income that is derived from a pattern of racketeering" and that this "conduct constitutes a conspiracy" to violate these provisions. Pet. ¶ 88-89. These bare bone conclusory allegations do not come close to meeting the particularity requirement of Rule 55.15 or the federal standards under RICO.

As noted above, the particularly requirement for fraud claims serves several important purposes, one of which is to protect damage to reputation resulting from allegations of fraud. *Streambend Properties II, LLC,* 781 F.3d at 1010. The severity of Plaintiff's allegation that Torgeson Electric was part of a conspiracy to violate federal racketeering laws, if allowed to proceed, could cause reputational harm to this company. Dismissing Plaintiff's conclusory and

11

JGCC000114

general allegations here serves this purpose of preventing serious and undeserving reputational harm to Torgeson Electric.

### d. Count V - Negligence

Count V of Plaintiff's Petition is styled as a claim for negligence. To state a claim for common law negligence, "the plaintiff must establish that the defendant had a duty to protect the plaintiff from injury, the defendant failed to perform that duty, and the defendant's failure proximately caused injury to the plaintiff." *Lopez v. Three Rivers Elec. Co-op.*, Inc., 26 S.W.3d 151, 155 (Mo. banc 2000). Whether the Defendant owes the Plaintiff a duty is a question of law. *Id.*

Here, Plaintiff fails to state a claim for negligence against Torgeson Electric for several reasons. First, Plaintiff fails to allege the existence of any duty owed by Torgeson Electric to Plaintiff. Instead, Plaintiff once again lumps all defendants together in the conclusory allegation that "Defendants who were involved in subcontracting from Simcon had a duty to ensure that the prime contracts under which they sub-contracted were procured in accordance with applicable federal law and regulations" and that "Defendants who participated…had a duty to report or prevent the bidding, contracting, and performance of the contract in contravention of federal law." Pet. ¶¶ 102, 104.

It should go without saying that all 17 named defendants and 50 John Doe defendants - ranging from individuals, to business, to insurers – could not all share the same duty to Plaintiff. *See, e.g. Kersey v. Harbin*, 531 S.W.2d 76, 80 (Mo. App. 1975) ("[T]he petition is very loosely drawn by any standard. Plaintiffs charge the defendants, collectively, with all fourteen assignments of negligence, although it seems fairly obvious that the defendants cannot have owed the same

12

duty to Daniel."). Regardless, Plaintiff fails to provide any additional factual support which would establish any duty of Torgeson Electric to Plaintiff. It was Simcon that bid on the USPACE set-aside contract issue, not Torgeson Electric. Pet. ¶ 58. Plaintiff states no facts that suggest Torgeson Electric knew of or participated in the bidding, contracting or performance of the USACE contract that allegedly harmed Plaintiff. Furthermore, Plaintiff states no facts that would infer that Torgeson Electric had knowledge of or should have known that Simcon had bid on contracts it was not qualified for. Nor is there any factual support for any separate relationship between Torgeson Electric and Plaintiff which could imply a duty. Without such facts establishing Torgeson Electric's knowledge of or its relationship to Plaintiff, it's impossible to understand what duty Torgeson Electric could ever have to a random business such as Plaintiff. Thus, Plaintiff has failed to identify any duty that Torgeson Electric owed Plaintiff in the alleged scheme.

Second, even assuming the Court could derive some duty owed by Torgeson Electric from these allegations, Plaintiff fails to identify how Torgeson Electric individually was in breach of any duty to Plaintiff. Once again, Plaintiff fails to state facts that show how Torgeson Electric was involved or participated in the bidding or obtaining of the USACE contract. Instead, Plaintiff makes sweeping allegations that all 17-named and 50 John Doe "Defendants" breached their duties, but leaves Torgeson Electric in the position of guessing which, if any, of these breaches applies to it. For example, Plaintiff states no facts that suggest how Torgeson Electric "enabled the bidding, contracting, and performance of the USACE contract awarded to Simcon." Pet. ¶ 107.

On its face, Plaintiff alleges nothing more than a mere possibility that Torgeson Electric was involved in the bidding or contracting which allegedly caused Plaintiff harm, which is insufficient to state a claim for relief. Plaintiff's speculation should be dismissed "to avoid the

13

expense and delay of meritless claims or defenses and to permit the efficient use of scarce judicial resources." *ITT Commercial Fin. Corp.*, 854 S.W.2d at 376.

e.      **Count IV - Negligent Misrepresentation**

To state a valid claim for negligent misrepresentation under Missouri law the Plaintiff must plead facts sufficient to establish the following five elements: "(1) the speaker supplied information in the course of his business; (2) because of a failure by the speaker to exercise reasonable care, the information was false; (3) the information was intentionally provided by the speaker for the guidance of a limited group of persons in a particular business transaction; (4) the listener justifiably relied on the information; and (5) due to the listener's justified reliance on the information, the listener suffered a pecuniary loss." *Ryann Spencer Grp., Inc. v. Assurance Co. of Am.*, 275 S.W.3d 284, 288 (Mo. App. 2008). Plaintiff has failed to allege facts in its Petition to meet these essential elements.

First, Plaintiff fails to allege that Torgeson Electric "supplied information in the course of its business" regarding Simcon's Native American and small business status or that such false information was "intentionally provided" by Torgeson Electric for the guidance of a group of persons in a business transaction. Instead, Plaintiff merely alleges that "[t]he information submitted to the federal government was false" and "[t]he false information was provided to the federal government," but never alleges which of the 17 named and 50 John Doe Defendants provided that information, let alone that Torgeson Electric provided or supplied this allegedly false information. Pet. ¶¶ 112, 114. In contrast, the majority of the allegations discuss the information provided by Defendant *Simcon* regarding its minority or small business status, as the entity that bid on the USACE contract. Pet. ¶¶ 58, 111, 112, 11. The Petition is devoid of any facts that would

14

suggest Torgeson Electric provided, supplied, or was responsible for any information for Simcon's bid.

Second, Plaintiff fails to allege that Torgeson Electric failed to exercise reasonable care in providing or supplying any information. Plaintiff makes the conclusory allegation that all 17 "Defendants failed to use ordinary care to obtain/or communicate accurate information" regarding "Simcon's qualifications to bid or perform on federal contracts." Pet. ¶ 113. Once again, it should go without saying that all 17 Defendants could not have failed to use ordinary care in an identical manner as Plaintiff's conclusory allegations suggest. More specifically, Plaintiff's Petition fails to provide any factual allegations that Torgeson Electric was involved or participated in Simcon's bid for the USACE contract or otherwise participated in communicating any information regarding Simcon's qualifications. Accordingly, Plaintiff's conclusory allegation that Torgeson Electric – as one of the 17 named "Defendants" – are in breach should be ignored, as Plaintiff fails to plead facts supporting this conclusory allegation. *See Gerke*, 493 S.W.3d at 436–37 ("[W]e must disregard any conclusions that are not supported by facts.").

**f.      Count VII – Unjust enrichment**

In Count VII, Plaintiff attempts to plead a cause of action for unjust enrichment and seeks restoration of the benefits received by Defendants to Plaintiff.

To plead a claim for unjust enrichment, Plaintiff must plead facts sufficient to show the following elements: "(1) [the plaintiff] conferred a benefit on the defendant; (2) the defendant appreciated the benefit; and (3) the defendant accepted and retained the benefit under inequitable and/or unjust circumstances." *Howard v. Turnbull*, 316 S.W.3d 431, 436 (Mo. App. 2010); *see also Cotner Productions*, 990 S.W.2d at 98 (stating that "a plaintiff must plead and prove that it

15

provided to defendant materials or services at the request or with the acquiescence of defendant, that those materials or services had a reasonable value, and that defendant, despite demands of plaintiff, has failed and refused to pay the reasonable value of those materials and labor."). The remedy is restitution of the benefit unjustly retained.

Plaintiff fails to state a claim for unjust enrichment for three reasons. First, Plaintiff has not alleged any benefit that *Plaintiff* conferred on Torgeson Electric or any Defendant in this case.

Second, Plaintiff has failed to state any facts that make it plausible on its face that Torgeson Electric received any benefit from the USACE contract. In particular, Plaintiff alleges that Simcon was the only other entity (besides itself) that bid on the USACE set-aside contract and that it was Simcon that was awarded the USACE contract. Pet. ¶¶ 58-60. Plaintiff fails to allege any facts that suggest that Torgeson Electric was a party to or received any benefit from that contract. Plaintiff's allegation that "[a] benefit was conferred" on all 17 named "Defendants" is conclusory and insufficient to state a claim that Torgeson Electric specifically received any benefit from the USACE contract.

Third, even if Plaintiff had adequately alleged that Torgeson Electric received any benefit from the USACE contract, Plaintiff has not plead facts to suggest that it would be unjust for Torgeson Electric to retain that benefit. A benefit conferred alone is not enough. *Graves v. Berkowitz*, 15 S.W.3d 59, 61 (Mo. App. 2000) (noting that "the defendant's innocence may affect the extent to which the defendant is liable."). Whether it would be unjust to retain the benefit conferred is the "most significant and most difficult of the elements." *Miller v. Horn*, 254 S.W.3d 920, 924 (Mo. App. 2008). "Mere receipt of benefits is not enough, absent a showing that it would be unjust for the defendant to retain the benefit…the fact that a party knew of the work, acquiesced

16

in its performance and voiced no disapproval of the work does not in itself make the party liable." *Id.* (internal quotations and citations omitted).

Plaintiff's only allegation regarding the "unjust" element is its conclusory statement that it would be unjust for "Simcon" to retain the benefit as "Simcon was not legally qualified to receive the contract." Pet. ¶ 61. As stated above, Plaintiff has not plead facts sufficient to suggest that *Torgeson Electric* knew of or participated in Simcon's allegedly fraudulent USACE bid. Thus, even assuming Torgeson Electric received any benefit from the USACE set-aside contract, Plaintiff has not plead sufficient facts to suggest it is unjust for it to retain it.

Accordingly, Plaintiff's Count for unjust enrichment must be dismissed in its entirety against Torgeson Electric for failure to state a claim against it specifically.

### g.      Count VIII – Tortious Interference

In Count VIII, Plaintiff attempts to plead a cause of action for tortious interference. A claim for tortious interference with a contract or business expectancy requires proof of each of the following: "(1) a contract or a valid business expectancy; (2) defendant's knowledge of the contract or relationship; (3) intentional interference by the defendant inducing or causing a breach of the contract or relationship; (4) absence of justification; and (5) damages resulting from defendant's conduct." *Healthcare Servs. of the Ozarks, Inc. v. Copeland*, 198 S.W.3d 604, 614 (Mo. banc 2006) *Downey v. McKee*, 218 S.W.3d 492, 497 (Mo. App. 2007).

Once again, Plaintiff fails to allege any facts sufficient to state a claim against Torgeson Electric.  For example, Plaintiff fails to allege that Torgeson Electric had any "knowledge of the contract or relationship" such as to be liable for tortious interference. Rather, Plaintiff, once again, makes the conclusory allegation that all 17 named "Defendants knew that Plaintiff and other

17

similarly situated to Plaintiff were submitting bids on the contracts at issue" without pleading any facts that suggest Torgeson Electric in fact had knowledge. Pet. ¶ 129.

Plaintiff also fails to allege facts that suggest Torgeson Electric "intentionally interfere[d]" with Plaintiff's business expectancy, "inducing or causing a breach of the contract or relationship." To determine whether a Defendant caused or induced the breach, a "but-for" test applied. *Ozark Employment Specialists, Inc. v. Beeman*, 80 S.W.3d 882, 894 (Mo. App. 2002). To determine whether a Defendant was the "but-for" cause, courts ask whether the defendant (1) "actively and affirmatively t[ook] steps to induce the breach; and, if so, 2) would the plaintiff's business expectancy been realized in the absence of the defendant's interference?" *Id.*

Here, assuming for the sake of argument that Plaintiff had any business expectancy in the USACE contract, Plaintiff's Petition doesn't even clear the first question. Plaintiff has not alleged facts to support the active and affirmative steps taken by Torgeson Electric to interfere with Plaintiff's alleged business expectancy. Moreover, Plaintiff fails to allege facts that support its conclusory allegation that Torgeson Electric was one of the "Defendants [that] intentionally misrepresented [] Simcon's Native American and small business status" or "intentionally provided Simcon with material support." Pet. ¶¶ 131-32. Absent any factual allegations as to Torgeson Electric's knowledge and interference in the USACE contract, Plaintiff's claim fails. Accordingly, Count VIII of Plaintiff's Petition must be dismissed as to Torgeson Electric.

h.      **Count IX – Civil Conspiracy**

In its final Count, Plaintiff attempts to plead the existence of a civil conspiracy against all Defendants. Plaintiff alleges that Defendants "collectively took a course of action in furtherance of obtaining the USACE contract." Pet ¶ 139.

18

JGCC000121

To state a claim for a civil conspiracy in Missouri, Plaintiff must allege facts sufficient to show "(1) two or more persons; (2) with an unlawful objective; (3) after a meeting of the minds; (4) committed at least one act in furtherance of the conspiracy; and (5) [Plaintiff] was thereby damaged." *W. Blue Print Co., LLC v. Roberts*, 367 S.W.3d 7, 22 (Mo. banc 2012). "Conspiracy is not itself actionable in the absence of an underlying wrongful act or tort." *Williams v. Mercantile Bank of St. Louis NA*, 845 S.W.2d 78, 85 (Mo. Ct. App. 1993); *W. Blue Print Co., LLC*, 367 S.W.3d at 22. Thus, "if tortious acts alleged as elements of a civil conspiracy claim fail to state a cause of action, then the conspiracy claim fails as well." *Oak Bluff Partners, Inc. v. Meyer*, 3 S.W.3d 777, 781 (Mo. banc 1999); *Amesquita v. Gilster-Mary Lee Corp.*, 408 S.W.3d 293, 305 (Mo. App. 2013) (where the underlying claim fails, plaintiff also fails to allege an unlawful objective, an essential element of civil conspiracy).

To begin, it's not entirely clear what unlawful purpose Plaintiff alleges is the objective of the conspiracy. Plaintiff states that all 17 named "Defendants collectively had the objective of obtaining the USACE contract," that "Defendants knew or should have known that Simon did not qualify for the USACE contract" and that "Defendants collectively took a course of action in furtherance of obtaining the USACE contract." Pet. ¶ 137-39. None of these clearly state the alleged underlying unlawful objective or wrong. Since, there is no distinct cause of action for conspiracy, Plaintiff's conspiracy count must be based upon some other cause of action. *See W. Blue Print Co., LLC*, 367 S.W.3d at 22.

Accordingly, Plaintiff's Petition leaves the reader and the Defendants guessing at which underlying alleged wrong is subject to the conspiracy. Regardless, as discussed above, Plaintiff has failed to state a claim for relief against Torgeson Electric under *any* theory. Thus, the civil

19

conspiracy count must fail as well. *See Williams*, 845 S.W.2d at 85 ("Since the underlying fraud counts do not state a cause of action, the allegations that the acts constituting fraud were the result of a conspiracy cannot breathe life into a cause of action which was otherwise nonexistent.") (internal quotations omitted).

Moreover, Plaintiff's conclusory allegations that the "Defendants collectively had the objective of obtaining the USACE contract," "Defendants knew or should have known that Simcon did not qualify for the USACE contract," and that "Defendants collectively took a course of action in furtherance of the obtaining of the USACE contract" are insufficient to allege an unlawful objective. Pet ¶¶ 137-139. "Merely alleging the commission of wrongful acts is conclusory and insufficient to state a claim for civil conspiracy." *Mackey v. Mackey*, 914 S.W.2d 48, 50 (Mo. App. 1996). Where, like here, a plaintiff only asserts conclusions not supported by the facts or fails to provide facts to support any overt illegal action or unlawful objective, the civil conspiracy fails. *Id.* Accordingly, Count IX of Plaintiff's Petition must be dismissed as to Torgeson Electric.

## IV.  Motion for a More Definite Statement

In the alternative to dismissal, Torgeson Electric requests a Motion for More Definite Statement pursuant to Mo. Sup. Ct. Rule 55.27(d). Under this rule, the defendant "may move for a more definite statement of any matter contained in a pleading that is not averred with sufficient definiteness or particularity to enable the party properly to prepare responsive pleadings or to prepare generally for trial when a responsive pleading is not required." Mo. Sup. Ct. R. 55.27. Where general allegations of liability are made, "Rule 55.27(d) provides the trial court discretion to allow a party sufficient time to discover the facts necessary to support a proper pleading." *State ex rel. Harvey v. Wells*, 955 S.W.2d 546, 548 (Mo. banc 1997).

20

JGCC000123

Torgeson Electric continues to contest the sufficiency of the Petition, and therefore believes dismissal of all claims against it is required under Missouri law. *See e.g. Gerke,* 493 S.W.3d at 438 (Motion to Dismiss and not a Motion for a More Definite Statement was the proper mechanism for challenging the sufficiency of a petition where the Plaintiffs failed to identify the specific City Defendants that had received and appreciated a benefit in support of claims of unjust enrichment and money had and received because such were ultimate facts necessary to support the elements of these causes of action). However, if the Court disagrees and finds that immediate dismissal is not warranted, Torgeson Electric requests that the Court order Plaintiff to file a more definite statement as to Plaintiff's claims against Torgeson Electric specifically. As discussed in more detail above, Plaintiff's consistent use of the word "Defendants" to describe all 17 named defendants makes it nearly impossible for Torgeson Electric to understand the allegations of fraud, duties, breaches, and the like that apply to Torgeson Electric specifically for all Counts. Thus, in the alternative, Torgeson Electric requests a more definite statement from Plaintiff on all Counts against Torgeson Electric specifically.

## V. Conclusion

For the reasons set forth above, Defendant Torgeson Electric Company prays that the Court Dismiss, with prejudice, all of Plaintiff's claims against Torgeson Electric because Plaintiff's Petition fails to plead its claims with the required specificity as required under Rule 55.15 and further fails to state a claim upon which relief can be granted in accordance with Rule 55.27(a)(6). In the alternative, Plaintiff should be required to file a more definite statement as its pleading falls woefully short of the pleading standards under Rules 55.15, 55.02, and 55.27(a)(6) such that Torgeson Electric is unable to properly answer or prepare for trial.

21

JGCC000124

DATED: June 4, 2020                     Respectfully submitted,

                                        By: _/s/ Jennifer Hannah_
                                            Jennifer Hannah        (MO #50093)
                                            Jean Paul Bradshaw II   (MO #31800)
                                            Taryn A. Nash         (MO #70271)
                                            LATHROP GPM LLP
                                            2345 Grand Boulevard, Suite 2200
                                            Kansas City, Missouri 64108-2618
                                            Telephone: 816-292-2000
                                            Facsimile: 816-292-2001
                                            jennifer.hannah@lathropgpm.com
                                            jeanpaul.bradshaw@lathropgpm.com
                                            taryn.nash@lathropgpm.com

                                            Attorneys for Defendant Torgeson Electric
                                            Company

JGCC000125

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2020, I electronically filed a true and correct copy of the above and foregoing with the Clerk of the Court using the CM/ECF system, which effects service via email upon parties of record.

/s/ Jennifer Hannah
An attorney for Defendant Torgeson Electric
Company

23

JCCC000126

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## IN INDEPENDENCE

| | | |
|---|---|---|
| **VAZQUEZ COMMERCIAL** | ) | |
| **CONTRACTING, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **V.** | ) | **Case No. 2016-CV11380** |
| | ) | |
| **ZIESON CONSTRUCTION** | ) | |
| **COMPANY, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

### ORDER

NOW, on this _____ day of _____, 2020 this Court takes up Defendant Torgeson Electric Company's Combined Motion to Dismiss or for a More Definite Statement, filed on June 4, 2020. This Court being fully advised, and for the reasons set forth in Torgeson Electric's Motion and Suggestions in Support, states as follows:

_____**IT IS HEREBY ORDERED** that Defendant Torgeson Electric Company's Motion to Dismiss is GRANTED and Motion for a More Definite Statement is DENIED AS MOOT. The Court hereby dismisses **all Counts** against Defendant Torgeson Electric Company in the above captioned action.

_____[Alternatively] **IT IS HEREBY ORDERED** that Defendant Torgeson Electric Company's Motion to Dismiss is DENIED and Motion for a More Definite Statement is GRANTED. Plaintiff has ten (10) days from the date of this Order to provide a more definite and detailed statement of its claims against Defendant Torgeson Electric Company.

**IT IS SO ORDERED.**

_____          _____
**DATE**                                             **KENNETH R. GARRETT, JUDGE**

**EXHIBIT 1**

JCCC000127

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
IN INDEPENDENCE

| | | |
|---|---|---|
| VAZQUEZ COMMERCIAL CONTRACTING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No. 2016-CV11380 |
| | ) | |
| ZIESON CONSTRUCTION COMPANY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY OF APPEARANCE

COMES NOW Taryn A. Nash, of the law firm Lathrop GPM LLP, and enters her appearance as counsel of record for Defendant Torgeson Electric Company in the above captioned case.

DATED: June 4, 2020
         Respectfully submitted,

      By: */s/ Taryn A. Nash*_____
      Jennifer Hannah   (MO #50093)
      Jean Paul Bradshaw II (MO #31800)
      Taryn A. Nash   (MO #70271)
      LATHROP GPM LLP
      2345 Grand Boulevard, Suite 2200
      Kansas City, Missouri 64108-2618
      Telephone: 816-292-2000
      Facsimile: 816-292-2001
      jennifer.hannah@lathropgpm.com
      jeanpaul.bradshaw@lathropgpm.com
      taryn.nash@lathropgpm.com

      Attorneys for Defendant Torgeson Electric Company

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2020, I electronically filed a true and correct copy of the above and foregoing with the Clerk of the Court using the CM/ECF system, which effects service via email upon parties of record.

/s/ Taryn A. Nash
An attorney for Defendant Torgeson Electric Company

2

32764302v.1

JGCC000129

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
IN INDEPENDENCE

VAZQUEZ COMMERCIAL )
CONTRACTING, LLC, )
)
    Plaintiff, )
)
V. )     Case No. 2016-CV11380
)
ZIESON CONSTRUCTION )
COMPANY, et al. )
)
    Defendants. )

## ENTRY OF APPEARANCE
## AND DESIGNATION OF LEAD COUNSEL

COMES NOW Jennifer Hannah, of the law firm Lathrop GPM LLP, and enters her appearance as lead counsel of record for Defendant Torgeson Electric Company in the above captioned case, in accordance with Local Rules 3.5.1 and 3.5.2(b).

DATED: June 4, 2020        Respectfully submitted,

        By: */s/ Jennifer Hannah*
        Jennifer Hannah    (MO #50093)
        Jean Paul Bradshaw II    (MO #31800)
        Taryn A. Nash    (MO #70271)
        LATHROP GPM LLP
        2345 Grand Boulevard, Suite 2200
        Kansas City, Missouri 64108-2618
        Telephone: 816-292-2000
        Facsimile: 816-292-2001
        jennifer.hannah@lathropgpm.com
        jeanpaul.bradshaw@lathropgpm.com
        taryn.nash@lathropgpm.com

        Attorneys for Defendant Torgeson Electric Company

32764298v.1

Electronically Filed - Jackson - Independence - June 04, 2020 - 06:02 PM

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2020, I electronically filed a true and correct copy of the above and foregoing with the Clerk of the Court using the CM/ECF system, which effects service via email upon parties of record.

/s/ Jennifer Hannah
An attorney for Defendant Torgeson Electric
Company

2

| | | |
|---|---|---|
| VAZQUEZ COMMERCIAL CONTRACTING, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2016-CV11380 |
| | ) | |
| ZIESON CONSTRUCTION COMPANY, LLC, *et al*,; | ) | Division 2 |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NOTICE OF ENTRY OF APPEARANCE

COMES NOW Jamie H. Steiner of Husch Blackwell LLP, and hereby enters her appearance on behalf of Defendant, Rustin Simon, in the above-captioned matter.

Dated: June 8, 2020.

Respectfully Submitted,

HUSCH BLACKWELL LLP

*/s/ Jamie H. Steiner*
Jamie Steiner, MO. Bar #64882
1801 Wewatta St., Suite 1000
Denver, CO 80202
T: 303.749.7256
F. 303.749.7272
jamie.steiner@huschblackwell.com

*Counsel for Defendant Rustin Simon*

1

JCCC000132

## **CERTIFICATE OF SERVICE**

On this 8th day of June 2020, I hereby certify that I served a true and correct copy of the above and foregoing upon counsel of record filing the same electronically with the Court's Electronic Case Management System, which effects service via email upon parties of record.

/s/ Jamie H. Steiner

*Counsel for Defendant Rustin Simon*

2

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

| | | |
|---|---|---|
| VAZQUEZ COMMERCIAL CONTRACTING, LLC | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 2016-CV11380 |
| ZIESON CONSTRUCTION COMPANY, LLC, *et al,*; | ) ) ) | Division 2 |
| Defendants. | ) ) ) | |

## DEFENDANT RUSTIN SIMON'S MOTION FOR AN EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING

COMES NOW Defendant Rustin Simon, by and through counsel of record, pursuant to Mo. Sup. Ct. R. 55.25(a) and Jackson County Local Rule 33.5(2), and requests an extension of thirty (30) days to file a responsive pleading in the above-captioned case. Service documents were left with an out-of-town visitor at Defendant's house on May 7, 2020. If that was proper service, Defendant was unaware that he had been served. Undersigned counsel was recently retained to represent Defendant in this lawsuit and needs additional time to respond to the Complaint. Assuming that Defendant was properly served on May 7, 2020, Defendant requests an extension of time of thirty (30) days up to and including July 8, 2020 to file a responsive pleading. Plaintiff's counsel was contacted by phone and email but has not yet responded to provide its position on this request.

1

JCCC000134

Respectfully submitted,

Husch Blackwell LLP

By: /s/ *Jamie H. Steiner*
Jamie Steiner, MO. Bar #64882
1801 Wewatta St., Suite 1000
Denver, CO 80202
T: 303.749.7256
F. 303.749.7272
jamie.steiner@huschblackwell.com

*Counsel for Defendant Rustin Simon*

## CERTIFICATE OF SERVICE

On this 8th day of June 2020, I hereby certify that I served a true and correct copy of the above and foregoing upon counsel of record filing the same electronically with the Court's Electronic Case Management System, which effects service via email upon parties of record.

/s/ *Jamie H. Steiner*

*Counsel for Defendant Rustin Simon*

2

JSCC000135



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 2016-CV11380 |
|---|---|
| Plaintiff/Petitioner:<br>VAZQUEZ COMMERCIAL CONTRACTING, LLC | Plaintiff's/Petitioner's Attorney/Address:<br>MARK EVERETT PARRISH<br>221 W LEXINGTON STE 200<br>P O BOX 1099<br>INDEPENDENCE, MO 64051 |
| vs. | |
| Defendant/Respondent:<br>ZIESON CONSTRUCTION COMPANY, LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

| The State of Missouri to: MONICA HAAVIG<br>Alias:<br>6525 E CAVE CREEK RD.<br>#15<br>CAVE CREEK, AZ 85331-8658 | **PRIVATE PROCESS SERVER** |
|---|---|

**COURT SEAL OF**

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

01-MAY-2020
Date

Clerk

Further Information:

---

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   - [ ] delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   - [ ] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   - [ ] (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   - [ ] other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)

I am: (check one)
- [ ] the clerk of the court of which affiant is an officer.
- [ ] the judge of the court of which affiant is an officer.
- [ ] authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
- [ ] authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| **Total** | $ _____ |

**See the following page for directions to clerk and to officer making return on service of summons.**

---

JCCC000136

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

OSCA (8/2018) SM60 (JAKSMOS) *For Court Use Only:* **Document ID# 20-SMOS-318**  2 of 2   **(2016-CV11380)**
Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 4:20-cv-00486-DGK   Document 1-1   Filed 06/15/20   Page 137 of 173

JCCC000137

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

JCCC000138



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 2016-CV11380 |
|---|---|
| Plaintiff/Petitioner:<br>VAZQUEZ COMMERCIAL CONTRACTING, LLC | Plaintiff's/Petitioner's Attorney/Address<br>MARK EVERETT PARRISH<br>221 W LEXINGTON STE 200<br>P O BOX 1099<br>INDEPENDENCE, MO 64051 |
| Defendant/Respondent:<br>ZIESON CONSTRUCTION COMPANY, LLC | Court Address:<br>308 W KANSAS<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

vs.

## Summons in Civil Case

**The State of Missouri to:** HAAVIG & ASSOCIATES, L.L.C.

C/O MONICA L. HAAVIG
4478 SW HIGHWAY J
TRIMBLE, MO 64492

Alias:

## PRIVATE PROCESS SERVER

*COURT SEAL OF*

**CIRCUIT COURT OF MISSOURI**

*JACKSON COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

01-MAY-2020
Date

Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).

☑ other _____

Served at   NON - EST   (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

VALERIE SUMMER
Printed Name of Sheriff or Server

Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on 5/13/20 (date).

STEPHEN LICATA
Notary Public - Notary Seal
STATE OF MISSOURI
Commissioned for Clay County
My Commission Expires: March 19, 2022
ID #08565259

My commission expires: 3/19/22
Date

Notary Public

### Sheriff's Fees

| | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $ _____ (_____ miles @ $._____ per mile) | |
| **Total** | $ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 20-SMCC-3668   1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

JSCC000139



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 2016-CV11380 |
|---|---|
| Plaintiff/Petitioner:<br>VAZQUEZ COMMERCIAL CONTRACTING, LLC<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>MARK EVERETT PARRISH<br>221 W LEXINGTON STE 200<br>P O BOX 1099<br>INDEPENDENCE, MO 64051 |
| Defendant/Respondent:<br>ZIESON CONSTRUCTION COMPANY, LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: MATTHEW MCPHERSON
Alias:

27392 W 108TH ST
OLATHE, KS 66061

**PRIVATE PROCESS SERVER**

COURT SEAL OF

JACKSON COUNTY

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

02-JUN-2020
Date _____ Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _Process Server_ of _Jackson_ County, _MO_ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☑ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _Son - Age 15 : Michael Mc Pherson_ the Defendant's/Respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe)

Served at _27392 W. 108th Street, Olathe, KS 66061_ (address)
in _Johnson_ County, _KS_ (state), on _6/5/2020_ (date) at _1:50 pm_ (time).

_Greg Slaw PPS80-0005_
Printed Name of Sheriff or Server                Signature of Sheriff or Server

Subscribed and Sworn To me before this _8_ (day) _June_ (month) _2020_ (year)
I am: (check one)
☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.    ☑ Notary
☐ authorized to administer oaths in the state in which the affiant served the above summons.
(use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

_Rosana M Johnson_
Signature and Title

ROSANNA M JOHNSON
Notary Public - Notary Seal
STATE OF MISSOURI
Jackson County
My Commission Expires Jan. 17, 2021
Commission # 17556363

| Service Fees, if applicable | |
|---|---|
| Summons | $ |
| Non Est | $ |
| Mileage | $ _____ ( _____ miles @ $ ____ per mile) |
| Total | $ |

See the following page for directions to clerk and to officer making return on service of summons.



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 2016-CV11380 |
|---|---|
| Plaintiff/Petitioner:<br>VAZQUEZ COMMERCIAL CONTRACTING, LLC<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>MARK EVERETT PARRISH<br>221 W LEXINGTON STE 200<br>P O BOX 1099<br>INDEPENDENCE, MO  64051 |
| Defendant/Respondent:<br>ZIESON CONSTRUCTION COMPANY, LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO  64050 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: MATTHEW MCPHERSON
          Alias:

27392 W 108TH ST
OLATHE, KS 66061

# PRIVATE PROCESS SERVER

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

02-JUN-2020
_____
Date

_____
Clerk

Further Information:

## Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   - ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   - ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   - ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   - ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)

I am: (check one)
- ☐ the clerk of the court of which affiant is an officer.
- ☐ the judge of the court of which affiant is an officer.
- ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
- ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $_____ per mile) |
| **Total** | $_____ |

**See the following page for directions to clerk and to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

Case 4:20-cv-00486-DGK Document 1-1 Filed 06/15/20 Page 142 of 173
JCCC000142

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

Electronically Filed - Jackson - Independence - June 11, 2020 - 01:45 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

| | | |
|---|---|---|
| *VAZQUEZ COMMERCIAL CONTRACTING, LLC* | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 2016-CV11380 |
| | ) | |
| *ZIESON CONSTRUCTION COMPANY, LLC, et al.* | ) | Division No. 2 |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## ENTRY OF APPEARANCE PHILIP C. GRAHAM

COMES NOW Philip C. Graham and the law firm Sandberg Phoenix & von Gontard P.C. and enters his appearance on behalf of Defendant CHPB Sub 1, LLC F/K/A Truss, LLC, in the above-referenced matter.

SANDBERG PHOENIX & von GONTARD P.C.

By:    */s/ Philip C. Graham*
         Mary Anne Mellow, #33351
         Philip C. Graham, #40345
         600 Washington Avenue - 15th Floor
         St. Louis, MO 63101-1313
         314-231-3332
         314-241-7604 (Fax)
         mmellow@sandbergphoenix.com
         pgraham@sandbergphoenix.com

         Katrina L. Smeltzer, #60797
         4600 Madison Avenue, Suite 1000
         Kansas City, MO 64112
         816.627.5332
         816.627.5532 (fax)
         ksmeltzer@sandbergphoenix.com
         *Attorneys for Defendant CHPB Sub 1, LLC F/K/A*
         *Truss, LLC*

### Certificate of Service

      I hereby certify on the 11th day of June 2020 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon counsel of record.

         */s/ Philip C. Graham*

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

| | |
|---|---|
| *VAZQUEZ COMMERCIAL CONTRACTING, LLC* ) ) ) | |
| Plaintiff, ) | |
| ) | Cause No. 2016-CV11380 |
| v. ) | |
| ) | Division No. 2 |
| *ZIESON CONSTRUCTION COMPANY, LLC, et al.* ) ) | |
| ) | |
| Defendants. ) | |
| ) ) | |

## ENTRY OF APPEARANCE MARY ANNE MELLOW

COMES NOW Mary Anne Mellow and the law firm Sandberg Phoenix & von Gontard

P.C. and enters her appearance on behalf of Defendant CHPB Sub 1, LLC F/K/A Truss, LLC,

in the above-referenced matter.

13573278.1

JCCC000146

SANDBERG PHOENIX & von GONTARD P.C.

By:    */s/ Mary Anne Mellow*
         Mary Anne Mellow, #33351
         Philip C. Graham, #40345
         600 Washington Avenue - 15th Floor
         St. Louis, MO 63101-1313
         314-231-3332
         314-241-7604 (Fax)
         mmellow@sandbergphoenix.com
         pgraham@sandbergphoenix.com

         Katrina L. Smeltzer, #60797
         4600 Madison Avenue, Suite 1000
         Kansas City, MO 64112
         816.627.5332
         816.627.5532 (fax)
         ksmeltzer@sandbergphoenix.com
         *Attorneys for Defendant CHPB Sub 1, LLC F/K/A*
         *Truss, LLC*

## Certificate of Service

I hereby certify on the 11th day of June 2020 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon counsel of record.

*/s/ Mary Anne Mellow*

2

JCCC000147

Electronically Filed - Jackson - Independence - June 11, 2020 - 01:54 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

| | | |
|---|---|---|
| *VAZQUEZ COMMERCIAL CONTRACTING, LLC* | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Cause No. 2016-CV11380 |
| *ZIESON CONSTRUCTION COMPANY, LLC, et al.* | ) | |
| | ) | Division No. 2 |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT CHPB SUB 1, LLC F/K/A TRUSS, LLC'S UNCONTESTED MOTION FOR EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING OR MOTIONS

COMES NOW Defendant CHPB Sub 1, LLC f/k/a Truss, LLC ("Truss"), by and through its undersigned counsel, pursuant to Mo.R.Civ.P. 55.25(a) and Local Rule 33.5(2), and for its Uncontested Motion for Extension of Time to File a Responsive Pleading states as follows:

1.    Plaintiff filed its Petition on May 1, 2020.

2.    Truss was served on May 13, 2020.  Its current deadline to file a responsive pleading is June 12, 2020.

3.    Truss seeks an extension of thirty (30) days to file its responsive pleading or motion(s) responding to the petition through and including July 13, 2020.

4.    Counsel for Truss has conferred with counsel for Plaintiff, who does not contest the thirty-day extension.

5.    This extension is sought to provide Truss time to further investigate the claims in Plaintiff's Petition.  The request is not being requested for the purpose of delay or for any improper purpose, but to further the interests of justice.

13569695.1

JCCC000148

6.    A proposed order is attached hereto as Exhibit 1.

WHEREFORE, Defendant CHPB Sub 1, LLC f/k/a Truss, LLC requests the Court grant its Uncontested Motion for Extension of Time, enter an Order extending the deadline to file its responsive pleading or motion(s) responding to the petition by thirty (30) days, up to and including July 13, 2020, and for such other and further relief as this Court deems just and proper.

SANDBERG PHOENIX & von GONTARD P.C.

By:   /s/ Katrina L. Smeltzer
Mary Anne Mellow, #33351
Philip C. Graham, #40345
600 Washington Avenue - 15th Floor
St. Louis, MO 63101-1313
314-231-3332
314-241-7604 (Fax)
mmellow@sandbergphoenix.com
pgraham@sandbergphoenix.com

Katrina L. Smeltzer, #60797
4600 Madison Avenue, Suite 1250
Kansas City, MO 64112
816.627.5332
816.627.5532 (fax)
ksmeltzer@sandbergphoenix.com
*Attorneys for Defendant Truss, LLC*

## Certificate of Service

I hereby certify on June 11, 2020 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon counsel of record.

/s/ Katrina L. Smeltzer

13569695.1



JCCC000149

Electronically Filed - Jackson - Independence - June 11, 2020 - 01:54 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

| | | |
|---|---|---|
| *VAZQUEZ COMMERCIAL CONTRACTING, LLC* | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. 2016-CV11380 |
| v. | ) | |
| | ) | Division No. 2 |
| *ZIESON CONSTRUCTION COMPANY, LLC, et al.* | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## ENTRY OF APPEARANCE KATRINA L. SMELTZER

COMES NOW Katrina L. Smeltzer and the law firm Sandberg Phoenix & von Gontard P.C. and enters her appearance on behalf of Defendant CHPB Sub 1, LLC F/K/A Truss, LLC, in the above-referenced matter.

13573002.1

JCCC000150

SANDBERG PHOENIX & von GONTARD P.C.

By:    */s/ Katrina L. Smeltzer*
      Mary Anne Mellow, #33351
      Philip C. Graham, #40345
      600 Washington Avenue - 15th Floor
      St. Louis, MO 63101-1313
      314-231-3332
      314-241-7604 (Fax)
      mmellow@sandbergphoenix.com
      pgraham@sandbergphoenix.com

      Katrina L. Smeltzer, #60797
      4600 Madison Avenue, Suite 1000
      Kansas City, MO 64112
      816.627.5332
      816.627.5532 (fax)
      ksmeltzer@sandbergphoenix.com
      *Attorneys for Defendant CHPB Sub 1, LLC F/K/A Truss, LLC*

### Certificate of Service

I hereby certify on the 11th day of June 2020 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon counsel of record.

*/s/ Katrina L. Smeltzer*

2

Electronically Filed - Jackson - Independence - June 11, 2020 - 01:54 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

| | | |
|---|---|---|
| *VAZQUEZ COMMERCIAL CONTRACTING, LLC* | ) ) ) | |
| Plaintiff, | ) ) | *Cause No. 2016-CV11380* |
| v. | ) ) | *Division No. 2* |
| *ZIESON CONSTRUCTION COMPANY, LLC, et al.* | ) ) ) | |
| Defendants. | ) ) ) | |

## ORDER GRANTING DEFENDANT CHPB SUB 1, LLC F/K/A TRUSS, LLC'S UNCONTESTED MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADING OR MOTION(S)

Having reviewed Defendant CHPB Sub 1, LLC f/k/a Truss, LLC's Uncontested Motion for Extension of Time to File Responsive Pleading or Motion(s), and good cause appearing, this Court hereby grants the Motion. Defendant CHPB Sub 1, LLC f/k/a Truss, LLC has up to and including July 13, 2020 by which to file its responsive pleading, or motion(s) responding to Plaintiff's petition.

IT IS SO ORDERED

_____                    _____
Date                                        Circuit Court Judge

13569776.1                                                    Exhibit 1

JCCC000152

*Prepared and Submitted by:*


SANDBERG PHOENIX & von GONTARD P.C.



By: _____ /s/ Katrina L. Smeltzer _____
Mary Anne Mellow, #33351
Philip C. Graham, #40345
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314-231-3332
314-241-7604 (Fax)
mmellow@sandbergphoenix.com
pgraham@sandbergphoenix.com


Katrina L. Smeltzer, #60797
4600 Madison Avenue, Suite 1250
Kansas City, MO 64112
816.627.5332
816.627.5532 (fax)
ksmeltzer@sandbergphoenix.com
*Attorneys for Defendant Truss, LLC*

2

13569776.1

JCCC000153

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

| | |
|---|---|
| *VAZQUEZ COMMERCIAL CONTRACTING, LLC* ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Cause No. 2016-CV11380 |
| *ZIESON CONSTRUCTION COMPANY, LLC, et al.* ) ) ) | Division No. 2 |
| Defendants. ) ) ) | |

## DESIGNATION OF LEAD COUNSEL

COME NOW Philip C. Graham, and the law firm Sandberg Phoenix & von Gontard P.C. and enters this designation of lead counsel on behalf of Defendant CHPB Sub 1, LLC F/K/A Truss, LLC in the above-referenced matter.

13573359.1

JCCC000154

SANDBERG PHOENIX & von GONTARD P.C.

By: _/s/ Philip C. Graham_
Mary Anne Mellow, #33351
Philip C. Graham, #40345
600 Washington Avenue - 15th Floor
St. Louis, MO 63101-1313
314-231-3332
314-241-7604 (Fax)
mmellow@sandbergphoenix.com
pgraham@sandbergphoenix.com

Katrina L. Smeltzer, #60797
4600 Madison Avenue, Suite 1000
Kansas City, MO 64112
816.627.5332
816.627.5532 (fax)
ksmeltzer@sandbergphoenix.com
_Attorneys for Defendant CHPB Sub 1, LLC F/K/A_
_Truss, LLC_

## Certificate of Service

I hereby certify on the 11th day of June 2020 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the counsel of record.

_/s/ Philip C. Graham_

THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

| | |
|---|---|
| VAZQUEZ COMMERCIAL CONTRACTING, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 2016-CV11380 ) |
| ZIESON CONSTRUCTION COMPANY, LLC, et al., | ) ) ) |
| Defendants. | ) ) |

## ENTRY OF APPEARANCE

Carol Z. Smith of the law firm Dysart Taylor Cotter McMonigle & Montemore, P.C. hereby enters her appearance in the above matter on behalf of Zurich North American Insurance Company.

DYSART TAYLOR COTTER McMONIGLE & MONTEMORE, P.C.

/s/ Carol Z. Smith
Carol Z. Smith                    MO #37836
Matthew W. Geary                  MO #53328
4420 Madison Avenue Suite 200
Kansas City, MO 64111
(816) 931-2700
Fax (816) 931-7377
csmith@dysarttaylor.com
mgeary@dysarttaylor.com

ATTORNEYS FOR ZURICH AMERICAN
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 11, 2020, a copy of the foregoing Entry of Appearance was electronically filed with the Court using the Court's ECF system which sent copies of the same to all attorneys of record as follows:

Mark E. Parrish
Joshua A. Sanders
Erica Fumagalli
Boyd Kenter Thomas & Parrish, LLC
P O Box 1099
221 West Lexington Ave.  Suite 200
Independence, MO  64051
(816) 471-4511
mparrish@bktplaw.com
jsanders@bktplaw.com
efumagalli@bktplaw.com
Attorneys for Plaintiff Vazquez Commercial Contracting, LLC

Jean Paul Bradshaw II
Jennifer Hannah
Taryn A. Nash
Lathrop GPM LLP
2345 Grand Boulevard  Suite 2200
Kansas City, MO  64108-2618
816-292-2000
jennifer.hannah@lathropgpm.com
jeanpaul.bradshaw@lathropgpm.com
taryn.nash@lathropgpm.com
Attorneys for Defendant Torgeson Electric Company

Thomas M. Bradshaw
Van Osdol, P.C.
1000 Walnut Street  Suite 1500
Kansas City, MO  64106
tbradshaw@vanosdolkc.com
Attorneys for Defendant Michel Patrick Dingle

Melanie Morgan
Morgan Pilate LLC
926 Cherry Street
Kansas City, MO  64106
mmorgan@morganpilate.com
Attorneys for Defendant Michel Patrick Dingle

/s/ Carol Z. Smith

2

Electronically Filed - Jackson - Independence - June 11, 2020 - 03:35 PM

Carol Z. Smith

3

JCCC000158

THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

VAZQUEZ COMMERCIAL CONTRACTING, )
LLC,                                )
                                    )
              Plaintiff,            )
                                    )
vs.                                 ) Case No. 2016-CV11380
                                    )
ZIESON CONSTRUCTION COMPANY, LLC,   )
et al.,                             )
                                    )
              Defendants.           )

## DESIGNATION OF LEAD COUNSEL
## FOR ZURICH AMERICAN INSURANCE COMPANY

Pursuant to Local Rule 3.5.1, Carol Z. Smith is designated as lead counsel on behalf of

Zurich American Insurance Company in the above matter.

DYSART TAYLOR COTTER McMONIGLE &
MONTEMORE, P.C.

/s/ Carol Z. Smith
Carol Z. Smith            MO #37836
Matthew W. Geary          MO #53328
4420 Madison Avenue Suite 200
Kansas City, MO  64111
(816) 931-2700
Fax (816) 931-7377
csmith@dysarttaylor.com
mgeary@dysarttaylor.com

ATTORNEYS FOR ZURICH AMERICAN
INSURANCE COMPANY

Electronically Filed - Jackson - Independence - June 11, 2020 - 03:35 PM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 11, 2020, a copy of the foregoing Designation of Lead Counsel was electronically filed with the Court using the Court's ECF system which sent copies of the same to all attorneys of record as follows:

Mark E. Parrish
Joshua A. Sanders
Erica Fumagalli
Boyd Kenter Thomas & Parrish, LLC
P O Box 1099
221 West Lexington Ave. Suite 200
Independence, MO 64051
(816) 471-4511
mparrish@bktplaw.com
jsanders@bktplaw.com
efumagalli@bktplaw.com
Attorneys for Plaintiff Vazquez Commercial Contracting, LLC

Jean Paul Bradshaw II
Jennifer Hannah
Taryn A. Nash
Lathrop GPM LLP
2345 Grand Boulevard Suite 2200
Kansas City, MO 64108-2618
816-292-2000
jennifer.hannah@lathropgpm.com
jeanpaul.bradshaw@lathropgpm.com
taryn.nash@lathropgpm.com
Attorneys for Defendant Torgeson Electric Company

Thomas M. Bradshaw
Van Osdol, P.C.
1000 Walnut Street Suite 1500
Kansas City, MO 64106
tbradshaw@vanosdolkc.com
Attorneys for Defendant Michel Patrick Dingle

Melanie Morgan
Morgan Pilate LLC
926 Cherry Street
Kansas City, MO 64106
mmorgan@morganpilate.com
Attorneys for Defendant Michel Patrick Dingle

/s/ Carol Z. Smith

2

JOCC000160

Carol Z. Smith

Electronically Filed - Jackson - Independence - June 11, 2020 - 03:35 PM

JGCC000161

THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

VAZQUEZ COMMERCIAL CONTRACTING,      )
LLC,                                  )
                                      )
            Plaintiff,                )
                                      )
vs.                                   )  Case No. 2016-CV11380
                                      )
ZIESON CONSTRUCTION COMPANY, LLC,     )
et al.,                               )
                                      )
            Defendants.               )

## <u>ENTRY OF APPEARANCE</u>

Matthew W. Geary of the law firm Dysart Taylor Cotter McMonigle & Montemore, P.C.

hereby enters his appearance in the above matter on behalf of Zurich North American Insurance

Company.

DYSART TAYLOR COTTER McMONIGLE &
MONTEMORE, P.C.

/s/ Matthew W. Geary
Carol Z. Smith              MO #37836
Matthew W. Geary            MO #53328
4420 Madison Avenue Suite 200
Kansas City, MO 64111
(816) 931-2700
Fax (816) 931-7377
csmith@dysarttaylor.com
mgeary@dysarttaylor.com

ATTORNEYS FOR ZURICH AMERICAN
INSURANCE COMPANY

Electronically Filed - Jackson - Independence - June 11, 2020 - 03:38 PM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 11, 2020, a copy of the foregoing Entry of Appearance was electronically filed with the Court using the Court's ECF system which sent copies of the same to all attorneys of record as follows:

Mark E. Parrish
Joshua A. Sanders
Erica Fumagalli
Boyd Kenter Thomas & Parrish, LLC
P O Box 1099
221 West Lexington Ave. Suite 200
Independence, MO 64051
(816) 471-4511
mparrish@bktplaw.com
jsanders@bktplaw.com
efumagalli@bktplaw.com
Attorneys for Plaintiff Vazquez Commercial Contracting, LLC

Jean Paul Bradshaw II
Jennifer Hannah
Taryn A. Nash
Lathrop GPM LLP
2345 Grand Boulevard Suite 2200
Kansas City, MO 64108-2618
816-292-2000
jennifer.hannah@lathropgpm.com
jeanpaul.bradshaw@lathropgpm.com
taryn.nash@lathropgpm.com
Attorneys for Defendant Torgeson Electric Company

Thomas M. Bradshaw
Van Osdol, P.C.
1000 Walnut Street Suite 1500
Kansas City, MO 64106
tbradshaw@vanosdolkc.com
Attorneys for Defendant Michel Patrick Dingle

Melanie Morgan
Morgan Pilate LLC
926 Cherry Street
Kansas City, MO 64106
mmorgan@morganpilate.com
Attorneys for Defendant Michel Patrick Dingle

/s/ Matthew W. Geary

JGCC000163

Matthew W. Geary

Electronically Filed - Jackson - Independence - June 11, 2020 - 03:38 PM

JCCC000164

Electronically Filed - Jackson - Independence - June 11, 2020 - 03:35 PM

THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

VAZQUEZ COMMERCIAL CONTRACTING,    )
LLC,    )
    )
         Plaintiff,    )
    )
vs.    )  Case No. 2016-CV11380
    )
ZIESON CONSTRUCTION COMPANY, LLC,    )
et al.,    )
    )
         Defendants.    )

**ZURICH AMERICAN INSURANCE COMPANY'S**
**UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO**
**PLAINTIFF'S PETITION FOR DAMAGES**

      Zurich American Insurance Company ("Zurich"), requests an extension of time, to and including August 14, 2020, in which to move, answer or otherwise respond to plaintiff's Petition for Damages.  In support of its Unopposed Motion, Zurich states:

      1.    Vazquez Commercial Contracting, LLC ("Vazquez") filed its Petition for Damages on May 1, 2020.

      2.    Zurich was served with the Petition on May 15, 2020, making its response due on June 15, 2020.

      3.    Zurich needs additional time to prepare its response to the Petition.  This motion is not made for delay. No previous extensions of time have been requested by Zurich or granted to Zurich.

      4.    Counsel for Zurich has spoken with counsel for Vazquez, who has no objection to the requested extension, and has accommodated a similar extension request for another defendant

JCCC000165

5.      Should the requested extension be granted, Zurich's response to the Petition would

be due on August 14, 2020.

WHEREFORE, Zurich American Insurance Company, prays that the Court grant it an

unopposed extension of time, to and including August 14, 2020, within which to move, answer or

otherwise respond to the Petition for Damages.

DYSART TAYLOR COTTER McMONIGLE &
MONTEMORE, P.C.

/s/ Carol Z. Smith

| Carol Z. Smith | MO #37836 |
| Matthew W. Geary | MO #53328 |

4420 Madison Avenue Suite 200
Kansas City, MO 64111
(816) 931-2700
Fax (816) 931-7377
csmith@dysarttaylor.com
mgeary@dysarttaylor.com

ATTORNEYS FOR ZURICH AMERICAN
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 11, 2020, a copy of the foregoing Unopposed
Motion for Extension of Time was electronically filed with the Court using the Court's ECF system
which sent copies of the same to all attorneys of record as follows:

Mark E. Parrish
Joshua A. Sanders
Erica Fumagalli
Boyd Kenter Thomas & Parrish, LLC
P O Box 1099
221 West Lexington Ave. Suite 200
Independence, MO 64051
(816) 471-4511
mparrish@bktplaw.com
jsanders@bktplaw.com
efumagalli@bktplaw.com
Attorneys for Plaintiff Vazquez Commercial Contracting, LLC

2

JCCC000166

Electronically Filed - Jackson - Independence - June 11, 2020 - 03:35 PM

Jean Paul Bradshaw II
Jennifer Hannah
Taryn A. Nash
Lathrop GPM LLP
2345 Grand Boulevard  Suite 2200
Kansas City, MO  64108-2618
816-292-2000
jennifer.hannah@lathropgpm.com
jeanpaul.bradshaw@lathropgpm.com
taryn.nash@lathropgpm.com
Attorneys for Defendant Torgeson Electric Company

Thomas M. Bradshaw
Van Osdol, P.C.
1000 Walnut Street  Suite 1500
Kansas City, MO  64106
tbradshaw@vanosdolkc.com
Attorneys for Defendant Michel Patrick Dingle

Melanie Morgan
Morgan Pilate LLC
926 Cherry Street
Kansas City, MO  64106
mmorgan@morganpilate.com
Attorneys for Defendant Michel Patrick Dingle

/s/ Carol Z. Smith
Carol Z. Smith

3



Judicial Links | eFiling | Help | Contact Us | Print GrantedPublicAccess Logoff CAROLSMITH

## 2016-CV11380 - VAZQUEZ COMMERCIAL CO V ZIESON CONSTRUCTION C ET A (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**
**Click here to Respond to Selected Documents**

Sort Date Entries: ● Descending    Display Options: [All Entries ▼]
○ Ascending

---

06/11/2020 ☐ **Motion Granted/Sustained**
Having reviewed Defendant CHPB Sub 1, LLC f/k/a Truss, LLC's Unopposed Motion for Extension of Time to File Responsive Pleading or Motion(s), and Zurich American Insurance Company's Unopposed Motion for Extension of Time to Respond to Plaintiffs Petition for Damages, good cause appearing, this Court hereby grants the Unopposed Motions. Therefore, Defendant CHPB Sub 1, LLC f/k/a Truss, LLC has up to and including July 13, 2020 by which to file its responsive pleading, or motion(s) responding to Plaintiff's petition and Defendant Zurich American Insurance Company has up to and including August 14, 2020, within which to move, answer or otherwise respond to the Petition for Damages. IT IS SO ORDERED.
    **Associated Entries:** 06/11/2020 - Motion for Extension of Time
    **Associated Entries:** 06/11/2020 - Motion for Extension of Time

☐ **Entry of Appearance Filed**
Entry of Appearance - Matthew W Geary for Zurich North American Insurance Company; Electronic Filing Certificate of Service.
    **Filed By:** MATTHEW W GEARY
    **On Behalf Of:** ZURICH AMERICAN INSURANCE COMPANY

☐ **Motion for Extension of Time**
Zurich American Insurance Companys Unopposed Motion for Extension of Time to Respond to Plaintiffs Petition for Damages; Electronic Filing Certificate of Service.
    **Filed By:** CAROL Z SMITH
    **On Behalf Of:** ZURICH AMERICAN INSURANCE COMPANY
    **Associated Entries:** 06/11/2020 - Motion Granted/Sustained

☐ **Designation of Lead Attorney**
    **Filed By:** CAROL Z SMITH

☐ **Entry of Appearance Filed**
Entry of Appearance - Carol Smith on behalf of Zurich American Insurance Company; Electronic Filing Certificate of Service.
    **Filed By:** CAROL Z SMITH

☐ **Proposed Order Filed**
Order Granting Defendant CHPB Sub 1, LLC FKA Truss, LLCs Uncontested Motion for Extension of Time to File Responsive Pleading or Motions; Electronic Filing Certificate of Service.
    **Filed By:** KATRINA LOUISE SMELTZER
    **On Behalf Of:** CHPB SUB 1, LLC

☐ **Motion for Extension of Time**
Defendant CHPB Sub 1, LLC FKA Truss, LLCs Uncontested Motion for Extension of Time to File a Responsive Pleading or Motion; Electronic Filing Certificate of Service.
    **Filed By:** KATRINA LOUISE SMELTZER
    **Associated Entries:** 06/11/2020 - Motion Granted/Sustained

☐ **Entry of Appearance Filed**
Entry of Appearance-Katrina L Smeltzer; Electronic Filing Certificate of Service.
    **Filed By:** KATRINA LOUISE SMELTZER

☐ **Entry of Appearance Filed**
Entry of Appearance-Mary Anne Mellow; Electronic Filing Certificate of Service.

**Filed By:** MARY ANNE MELLOW
**On Behalf Of:** CHPB SUB 1, LLC

☐ **Designation of Lead Attorney**
**Filed By:** PHILIP CHARLES GRAHAM
**On Behalf Of:** CHPB SUB 1, LLC

☐ **Entry of Appearance Filed**
Entry of Appearance-Philip C Graham; Electronic Filing Certificate of Service.
**Filed By:** PHILIP CHARLES GRAHAM

06/10/2020 ☐ **Family Member/Roommate Served**
Document ID - 20-SMOS-390; Served To - MCPHERSON, MATTHEW; Server - ; Served Date - 05-JUN-20; Served Time - 13:50:00; Service Type - Special Process Server; Reason Description - Served

☐ **Summons Returned Non-Est**
Document ID - 20-SMOS-318; Served To - HAAVIG, MONICA; Server - ; Served Date - 21-MAY-20; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Non-est

☐ **Notice of Service**
Return of Service on Matt McPherson; Electronic Filing Certificate of Service.
**Filed By:** MARK EVERETT PARRISH
**On Behalf Of:** VAZQUEZ COMMERCIAL CONTRACTING, LLC

☐ **Notice of Service**
Return of Service Non-Est on Monica Haavig; Electronic Filing Certificate of Service.
**Filed By:** MARK EVERETT PARRISH
**On Behalf Of:** VAZQUEZ COMMERCIAL CONTRACTING, LLC

06/08/2020 ☐ **Motion for Extension of Time**
Motion for Extension of Time; Electronic Filing Certificate of Service.
**Filed By:** JAMIE LAUREN HAIS
**On Behalf Of:** RUSTIN SIMON

☐ **Entry of Appearance Filed**
Notice of Entry of Appearance; Electronic Filing Certificate of Service.
**Filed By:** JAMIE LAUREN HAIS
**On Behalf Of:** RUSTIN SIMON

☐ **Entry of Appearance Filed**
Notice of Entry of Appearance; Electronic Filing Certificate of Service.
**Filed By:** JAMIE LAUREN HAIS

☐ **Return Service - Other**
Mailed to Zurich American Insurance Company

06/04/2020 ☐ **Entry of Appearance Filed**
Entry of Appearance; Electronic Filing Certificate of Service.
**Filed By:** TARYN AUDREY NASH
**On Behalf Of:** TORGESON ELECTRIC COMPANY, INC.

☐ **Entry of Appearance Filed**
Entry of Appearance; Electronic Filing Certificate of Service.
**Filed By:** TARYN AUDREY NASH

☐ **Designation of Lead Attorney**
Entry of Appearance and Designation of Lead Counsel; Electronic Filing Certificate of Service.
**Filed By:** TARYN AUDREY NASH

☐ **Suggestions in Support**
Defendant Torgeson Electric Companys Suggestions in Support of Motion to Dismiss or for a More Definite Statement; Electronic Filing Certificate of Service.
**Filed By:** TARYN AUDREY NASH

☐ **Motion to Dismiss**
Defendant Torgeson Electric Companys Motion to Dismiss or for a More Definite Statement; Exhibit 1; Electronic Filing Certificate of Service.

**Filed By:** TARYN AUDREY NASH

06/02/2020 ☐ **Motion Granted/Sustained**
Having reviewed Defendant Patrick Michael Dingle's Unopposed Motion for an Extension of Time to File a Responsive Pleading, and good cause appearing, this Court hereby grants the Motion. IT IS SO ORDERED.
   **Associated Entries:** 06/02/2020 - Motion for Extension of Time

☐ **Proposed Order Filed**
**Filed By:** THOMAS M BRADSHAW

☐ **Motion for Extension of Time**
Motion for Extension of Time to File Responsive Pleading; Proposed Order Granting Extension of Time; Electronic Filing Certificate of Service.
   **Filed By:** THOMAS M BRADSHAW
   **On Behalf Of:** MICHAEL PATRICK DINGLE
   **Associated Entries:** 06/02/2020 - Motion Granted/Sustained

☐ **Summons Issued-Circuit**
Document ID: 20-SMOS-390, for MCPHERSON, MATTHEW.

06/01/2020 ☐ **Alias Summons Requested**
Request for Alias Summons Matthew McPherson; Electronic Filing Certificate of Service.
   **Filed By:** MARK EVERETT PARRISH
   **On Behalf Of:** VAZQUEZ COMMERCIAL CONTRACTING, LLC

05/28/2020 ☐ **Summons Returned Non-Est**
Document ID - 20-SMOS-316; Served To - TORGESON, MATTHEW; Server - ; Served Date - 12-MAY-20; Served Time - 13:43:00; Service Type - Special Process Server; Reason Description - Non-est

☐ **Notice of Service**
Return of Service Non-Est for Matthew Torgeson; Electronic Filing Certificate of Service.
   **Filed By:** MARK EVERETT PARRISH
   **On Behalf Of:** VAZQUEZ COMMERCIAL CONTRACTING, LLC

05/26/2020 ☐ **Corporation Served**
Document ID - 20-SMCC-3660; Served To - ZIESON CONSTRUCTION COMPANY, LLC; Server - ; Served Date - 18-MAY-20; Served Time - 08:35:00; Service Type - Special Process Server; Reason Description - Served; Service Text - SERVED SCOTT CLARK

☐ **Corporation Served**
Document ID - 20-SMCC-3669; Served To - ZURICH AMERICAN INSURANCE COMPANY; Server - ; Served Date - 15-MAY-20; Served Time - 14:30:00; Service Type - Special Process Server; Reason Description - Served; Service Text - SERVED DEBRA LEE

☐ **Entry of Appearance Filed**
Entry of Appearance and Designation of Lead Counsel; Electronic Filing Certificate of Service.
   **Filed By:** THOMAS M BRADSHAW
   **On Behalf Of:** MICHAEL PATRICK DINGLE

05/22/2020 ☐ **Summons Personally Served**
Document ID - 20-SMOS-317; Served To - BAUCOM, JACOB; Server - ; Served Date - 18-MAY-20; Served Time - 18:20:00; Service Type - Special Process Server; Reason Description - Served

☐ **Notice of Service**
Return of Service on Jacob Baucom; Electronic Filing Certificate of Service.
   **Filed By:** MARK EVERETT PARRISH
   **On Behalf Of:** VAZQUEZ COMMERCIAL CONTRACTING, LLC

05/21/2020 ☐ **Summons Returned Non-Est**
Document ID - 20-SMCC-3668; Served To - HAAVIG & ASSOCIATES, L.L.C.; Server - ; Served Date - 21-MAY-20; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Non-est

☐ **Notice of Service**

Return of Service Non-Est for Haavig Associates, LLC; Electronic Filing Certificate of Service.
  **Filed By:** ERICA FUMAGALLI
  **On Behalf Of:** VAZQUEZ COMMERCIAL CONTRACTING, LLC

☐ **Corporation Served**
Document ID - 20-SMCC-3665; Served To - MCPHERSON CONTRACTORS, LLC; Server - ; Served Date - 13-MAY-20; Served Time - 08:00:00; Service Type - Special Process Server; Reason Description - Served

☐ **Corporation Served**
Document ID - 20-SMCC-3670; Served To - CHPB SUB 1, LLC; Server - ; Served Date - 13-MAY-20; Served Time - 08:00:00; Service Type - Special Process Server; Reason Description - Served

05/19/2020 ☐ **Corporation Served**
Document ID - 20-SMCC-3664; Served To - TORGESON ELECTRIC COMPANY, INC.; Server - ; Served Date - 05-MAY-20; Served Time - 10:35:00; Service Type - Special Process Server; Reason Description - Served

☐ **Notice of Service**
Return of Service Non-Est for Onsite Construction Group, LLC; Electronic Filing Certificate of Service. duplicate return for onsite construction company
  **Filed By:** MARK EVERETT PARRISH
  **On Behalf Of:** VAZQUEZ COMMERCIAL CONTRACTING, LLC

☐ **Notice of Service**
Return of Service on Torgeson Electric Company, Inc; Electronic Filing Certificate of Service.
  **Filed By:** MARK EVERETT PARRISH

05/15/2020 ☐ **Summons Personally Served**
Document ID - 20-SMCC-3673; Served To - ZIEGLER, STEPHON; Server - ; Served Date - 07-MAY-20; Served Time - 15:21:00; Service Type - Special Process Server; Reason Description - Served

☐ **Family Member/Roommate Served**
Document ID - 20-SMCC-3674; Served To - SIMON, RUSTIN; Server - ; Served Date - 07-MAY-20; Served Time - 14:50:00; Service Type - Special Process Server; Reason Description - Served

☐ **Summons Personally Served**
Document ID - 20-SMCC-3671; Served To - DINGLE, MICHAEL PATRICK; Server - ; Served Date - 07-MAY-20; Served Time - 15:45:00; Service Type - Special Process Server; Reason Description - Served

☐ **Corporation Served**
Document ID - 20-SMCC-3667; Served To - METS, LLC; Server - ; Served Date - 07-MAY-20; Served Time - 15:45:00; Service Type - Special Process Server; Reason Description - Served

☐ **Notice of Service**
Return of Service on Stephon Ziegler; Electronic Filing Certificate of Service.
  **Filed By:** MARK EVERETT PARRISH
  **On Behalf Of:** VAZQUEZ COMMERCIAL CONTRACTING, LLC

☐ **Notice of Service**
Return of Service on Rustin Simon; Electronic Filing Certificate of Service.
  **Filed By:** MARK EVERETT PARRISH

☐ **Notice of Service**
Return of Service on Micheal Patrick Dingle; Electronic Filing Certificate of Service.
  **Filed By:** MARK EVERETT PARRISH

☐ **Notice of Service**
Return of Service on METS, LLC; Electronic Filing Certificate of Service.
  **Filed By:** MARK EVERETT PARRISH

05/13/2020 ☐ **Summons Returned Non-Est**
Document ID - 20-SMCC-3663; Served To - ONSITE CONSTRUCTION GROUP, LLC; Server - ; Served Date - 11-MAY-20; Served Time - 09:30:00; Service Type - Special Process Server; Reason Description - Non-est

☐ **Notice of Service**
Return of Service Non-Est for Onsite Const; Electronic Filing Certificate of Service.

      **Filed By:** MARK EVERETT PARRISH
      **On Behalf Of:** VAZQUEZ COMMERCIAL CONTRACTING, LLC

☐ **Affidavit Filed**

☐ **Note to Clerk eFiling**
      **Filed By:** MARK EVERETT PARRISH

☐ **Motion Special Process Server**
    Motion for Approval and Appointment of Private Process Server; Exhibit 1; Electronic Filing Certificate of Service.
      **Filed By:** MARK EVERETT PARRISH
      **On Behalf Of:** VAZQUEZ COMMERCIAL CONTRACTING, LLC

☐ **Correspondence Sent**

05/12/2020 ☐ **Proposed Order Filed**
    Order; Electronic Filing Certificate of Service.
      **Filed By:** MARK EVERETT PARRISH
      **On Behalf Of:** VAZQUEZ COMMERCIAL CONTRACTING, LLC

☐ **Motion Special Process Server**
    Motion for Approval and Appointment of Private Process Server; Electronic Filing Certificate of Service.
      **Filed By:** MARK EVERETT PARRISH
      **Associated Entries:** 05/12/2020 - Motion Granted/Sustained

☐ **Motion Granted/Sustained**
      **Associated Entries:** 05/08/2020 - Motion Special Process Server
      **Associated Entries:** 05/12/2020 - Motion Special Process Server

☐ **Note to Clerk eFiling**
      **Filed By:** MARK EVERETT PARRISH

☐ **Proposed Order Filed**
    Order; Electronic Filing Certificate of Service.
      **Filed By:** MARK EVERETT PARRISH
      **On Behalf Of:** VAZQUEZ COMMERCIAL CONTRACTING, LLC

05/11/2020 ☐ **Summons Personally Served**
    Document ID - 20-SMCC-3666; Served To - MLT INVESTMENTS, LLC; Server - ; Served Date - 06-MAY-20; Served Time - 16:35:00; Service Type - Special Process Server; Reason Description - Served

☐ **Notice of Service**
      **Filed By:** MARK EVERETT PARRISH
      **On Behalf Of:** VAZQUEZ COMMERCIAL CONTRACTING, LLC

05/08/2020 ☐ **Affidavit Filed**
      **Filed By:** MARK EVERETT PARRISH

☐ **Motion Special Process Server**
    Motion for Approval and Appointment of Private Process Server; Electronic Filing Certificate of Service.
      **Filed By:** MARK EVERETT PARRISH
      **On Behalf Of:** VAZQUEZ COMMERCIAL CONTRACTING, LLC
      **Associated Entries:** 05/12/2020 - Motion Granted/Sustained

05/01/2020 ☐ **Summons Issued-Circuit**

☐ **Summons Issued-Circuit**
    Document ID: 20-SMOS-317, for BAUCOM, JACOB.

☐ **Summons Issued-Circuit**
    Document ID: 20-SMCC-3674, for SIMON, RUSTIN.

☐ **Summons Issued-Circuit**
    Document ID: 20-SMCC-3673, for ZIEGLER, STEPHON.

☐ **Summons Issued-Circuit**
    Document ID: 20-SMCC-3672, for MCPHERSON, MATTHEW.

☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-3671, for DINGLE, MICHAEL PATRICK.

☐ **Summons Issued-Circuit**
Document ID: 20-SMOS-316, for TORGESON, MATTHEW.

☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-3670, for CHPB SUB 1, LLC.

☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-3669, for ZURICH AMERICAN INSURANCE COMPANY.

☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-3668, for HAAVIG & ASSOCIATES, L.L.C..

☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-3667, for METS, LLC.

☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-3666, for MLT INVESTMENTS, LLC.

☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-3665, for MCPHERSON CONTRACTORS, LLC.

☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-3664, for TORGESON ELECTRIC COMPANY, INC..

☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-3663, for ONSITE CONSTRUCTION GROUP, LLC.

☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-3661, for SIMCON CORP..

☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-3660, for ZIESON CONSTRUCTION COMPANY, LLC.

☐ **Order - Special Process Server**

☐ **Order - Special Process Server**

☐ **Case Mgmt Conf Scheduled**
**Scheduled For:** 08/17/2020;  8:30 AM ;  KENNETH R GARRETT III;  Jackson - Independence

☐ **Judge Assigned**

☐ **Filing Info Sheet eFiling**
**Filed By:** MARK EVERETT PARRISH

☐ **Motion Special Process Server**
Motion for Approval and Appointment of Private Process Server-DB Legal Services.
**Filed By:** MARK EVERETT PARRISH
**On Behalf Of:** VAZQUEZ COMMERCIAL CONTRACTING, LLC

☐ **Motion Special Process Server**
Motion for Approval and Appointment of Private Process Server-Hulver Associates.
**Filed By:** MARK EVERETT PARRISH

☐ **Pet Filed in Circuit Ct**
Petition for Damages.

Case 4:20-cv-00486-DGK   Document 1-1   Filed 06/15/20   Page 173 of 173

JGCC000173