# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| VAZQUEZ COMMERCIAL CONTRACTING, LLC Plaintiff, v. ZIESON CONSTRUCTION COMPANY, LLC; et al. Defendants. | Cause No. 4:20-cv-00486-DGK **ORAL ARGUMENT REQUESTED** |

## DEFENDANT CHPG SUB 1, LLC F/K/A TRUSS, LLC'S
## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

COMES NOW, Defendant CHPG Sub 1, LLC (improperly named CHPB Sub 1, LLC) f/k/a Truss, LLC ("Truss"), by and through the undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 7.0, and for its Motion to Dismiss for Failure to State a Claim states as follows:

1. Plaintiff brought this lawsuit claiming the Defendants engaged in a fraudulent scheme by misrepresenting Defendants Zieson Construction Company's ("Zieson") and Simcon Corp.'s ("Simcon") eligibility for set-aside construction contracts.

2. Plaintiff, a construction company, further claims it was denied a set-aside contract from the federal government because the contract was awarded to Simcon, which was not eligible for the contract, over Plaintiff, which was eligible.

3. Plaintiff asserted causes of action against Truss for RICO § 1962(c) (Count I), negligence (Count IV), negligent misrepresentation (Count VI), tortious interference (Count VIII), and civil conspiracy (Count IX). (Doc. 1-1).

4. Regarding Plaintiff's RICO § 1962(c) claim against Truss, Plaintiff does not allege Truss, an insurance broker, and Zurich American Insurance Company ("Zurich"), an insurance carrier, masterminded or directed the scheme. Rather, Plaintiff alleged Truss assisted the scheme by providing a professional service in procuring surety bonds and insurance for Zieson and Simcon, which were necessary for the set-aside contracts.

5. Missing from Plaintiff's Petition are factual allegations that Truss participated in the actual operation or management of the alleged enterprise—a necessary element of Plaintiff's RICO claims against Truss. Simply providing professional services to co-Defendants, as alleged by Plaintiff, does not create RICO or other liability for Truss.

6. Moreover, Plaintiff's allegations also fail to sufficiently demonstrate Truss participated in a pattern of racketeering activity. Plaintiff only made loose allegations regarding mail and wire fraud without providing any of the necessary specific factual allegations to sufficiently plead participation in a racketeering activity.

7. Plaintiff's claim for RICO against Truss (Count I) fails as a matter of law and should be dismissed.

8. Regarding Plaintiff's negligence claim against Truss (Count IV), Plaintiff concluded Truss owed a duty to Plaintiff. However, injury to Plaintiff as a result of Truss' actions was not reasonably foreseeable.

9. Plaintiff's cause of action for negligence against Truss (Count IV) fails as a matter of law. The claim should be dismissed.

10. Plaintiff's negligent misrepresentation claim against Truss (Count VI) fails to assert any specific allegations as to what representations were allegedly made by Truss, to whom, and when, and whether Plaintiff has standing to bring that claim regardless.

2
13883633.v1
Case 4:20-cv-00486-DGK   Document 51   Filed 08/14/20   Page 2 of 4

11. As such, Plaintiff fails to sufficiently plead a cause of action for negligent misrepresentation against Truss. This claim should be dismissed.

12. Plaintiff's tortious interference (Count VIII) and civil conspiracy (Count IX) claims against Truss fail to state specific allegations establishing the required elements of those causes of action. These claims too should be dismissed.

13. Plaintiff will not be able to remedy the fatal flaws in its petition even if granted leave to amend.

14. Truss requests oral argument on its Motion.

15. Truss incorporates by reference its Suggestions in Support of its Motion to Dismiss filed contemporaneously with its Motion, as if fully set forth herein.

WHEREFORE, for the above stated reasons and those in Truss' Suggestions in Support, Truss respectfully requests this Court GRANT this Motion, dismiss Plaintiff's claims as to Truss, enter judgment in favor of Truss on each of Plaintiff's claims, and for any further orders and relief this Court deems just and proper.

Respectfully submitted,

SANDBERG PHOENIX & von GONTARD P.C.

By:    */s/ Katrina L. Smeltzer*
Mary Anne Mellow, #33351
Philip C. Graham, #40345
600 Washington Avenue - 15th Floor
St. Louis, MO 63101-1313
314-231-3332
314-241-7604 (Fax)
mmellow@sandbergphoenix.com
pgraham@sandbergphoenix.com


Katrina L. Smeltzer, #60797
4600 Madison Avenue, Suite 1000
Kansas City, MO 64112
816.627.5332
816.627.5532 (fax)
ksmeltzer@sandbergphoenix.com
*Attorneys for Defendant Truss, LLC*

**Certificate of Service**

    I hereby certify on August 14, 2020, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon counsel of record.


   */s/ Katrina L. Smeltzer*