**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| VAZQUEZ COMMERCIAL | ) | |
| CONTRACTING, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 4:20-cv-0486-DGK |
| v. | ) | |
| | ) | |
| ZIESON CONSTRUCTION | ) | |
| COMPANY, LLC | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTIONS TO REMAND

This lawsuit arises from Plaintiff's allegations of a civil RICO conspiracy to present two "front" companies, Defendants Simcon Corp. and Zieson Construction Company, LLC, as Service-Disabled Veteran-Owned Small Businesses ("SDVOSBs") in order to obtain federal "set aside" construction contracts reserved to minority- and veteran-owned businesses. Plaintiff is a third-party SDVOSB contractor who claims to have lost a bid against Defendant Simcon Corp. for a set-aside contract with the U.S. Army Corps of Engineers.

Now before the Court are Defendant Zurich American Insurance Company's ("Zurich") Notice of Removal (Doc. 1), Plaintiff's Motion to Remand (Doc. 20), and Defendant Patrick Dingle's Motion to Remand (Doc. 25). Finding that Plaintiff's RICO claims did not trigger a statutory exception to the default rule of unanimous consent for removal, and noting two Defendants have not consented to removal, the motions to remand are GRANTED.

### Background

Plaintiff filed this case in the Circuit Court of Jackson County, Missouri, on May 1, 2020. The Petition (Doc. 1-1) alleged three claims under the federal Racketeer Influenced and Corrupt

Organizations Act ("RICO"), 18 U.S.C. § 1962, and six state law tort claims. Plaintiff served Zurich on May 15, 2020.

Zurich filed its Notice of Removal (Doc. 1) on June 15, 2020, asserting the Court has federal question jurisdiction under 28 U.S.C. § 1331 over the RICO claims and supplemental jurisdiction under 28 U.S.C. § 1367(a) over the remaining state law claims, thus the case is removable under 28 U.S.C. § 1441(c). The Notice of Removal acknowledged that two defendants, Michael Dingle and Rustin Simon, did not consent to removal. Zurich argued their consent was not required for removal "because Plaintiff's RICO claims triggered a statutory exception [18 U.S.C. § 1965(a)] to the default rule of unanimous consent." Notice of Removal ¶¶ 11-12.

Plaintiff subsequently filed its motion to remand, which Defendant Dingle joined.[1] Both request the Court remand this case to the Circuit Court of Jackson County, Missouri. Neither seeks attorneys' fees pursuant to 28 U.S.C. § 1447(c).

### Standard

A state court action may be removed by the defendant to federal court if the case falls within the original jurisdiction of the district court. 28 U.S.C. § 1441(a). Relevant to the present case, when a lawsuit is removed under § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). The party seeking removal bears the burden of establishing federal jurisdiction. *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). When ruling upon a motion to remand, the Court resolves all doubts in favor of remand. *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010).

---

[1] Defendant Dingle has not filed any briefing in support of his motion. He incorporates by reference Plaintiff's Suggestions in Support of its motion to remand.

## Discussion

Plaintiff moves to remand, arguing that under 28 U.S.C. § 1446(b)'s unanimous consent rule, all defendants must consent to removal, and two defendants did not. Hence, Zurich's removal was defective. Plaintiff also notes that *Taffling v. Levitt*, 493 U.S. 455, 458 (1990), established that state courts have concurrent jurisdiction over civil RICO claims.

Zurich responds that the unanimous consent rule does not apply in civil RICO cases because it would be contrary to the plain text of the statute. It notes that the section of the RICO statute entitled "Venue and Process," states "[a]ny civil action proceeding brought under [RICO] against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a). Zurich argues that the structure, history, and purpose of the RICO statute "confirm that Congress intended to confer an absolute right to invoke a federal forum on all parties in RICO actions." Notice of Removal ¶ 13. It contends that since "both RICO's venue and civil remedies provisions contemplate only federal court actions to enforce RICO claims," and RICO's civil enforcement provision was patterned after the Clayton Act—which vests exclusive jurisdiction over all claims in federal court—this "reflects a clear intent" by Congress "to permit any defendant at least to remove an action to federal court where RICO claims are involved." *Id*. at ¶¶ 14-16. Additionally, Zurich suggests that the fact RICO's venue statute provides for nationwide subpoena power over witnesses and other parties in RICO cases confirms that Congress intended to override the default rule of unanimous consent and allow any defendant in a RICO action to remove the case to federal court. *Id*. at ¶¶ 19-20.

In reply, Plaintiff argues § 1965(a) is not a special removal statute. Congress knows how to enact a special removal statute—by including clear language allowing for such removal—and

it has not done so here.  Plaintiff observes that Zurich's reading of § 1965(a) would permit a single defendant in a multi-defendant case to remove a RICO action to federal court, even if all the other defendants did not consent.

The Court agrees with Plaintiff that Congress knows how to enact a removal statute.  *See* 28 U.S.C. § 1441(a) (stating that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, *may be removed* by the defendant or the defendants"); 28 U.S.C. § 1452 (bankruptcy removal statute stating "[a] party *may remove* any claim or cause of action in a civil action . . . to the district court . . . ."); 12 U.S.C. § 1819(b)(2)(B) (FDIC removal statute stating that the "Corporation *may . . . remove* any action, suit, or proceeding from a State court to the appropriate United States district court").  If Congress wanted to give a single defendant an absolute right to remove a RICO lawsuit to federal court, it would have included clear language doing so.  It did not.  Zurich's attempt to sew together an exception to the rule of unanimous consent for RICO cases from a combination of statutory structure, history, and purpose is creative, but unpersuasive.

## Conclusion

For the reasons discussed above, Zurich's removal of this case from state court was defective because all Defendants who had been properly joined and served did not consent to removal.  The motions to remand (Docs. 20, 25) are GRANTED.

This case is remanded to the Circuit Court of Jackson County, Missouri.  The Clerk of the Court shall delay mailing a certified copy of this order to the Clerk of the Circuit Court of Jackson County, Missouri, until December 4, 2020.

**IT IS SO ORDERED.**

Date:  November 20, 2020               /s/ Greg Kays
                                       GREG KAYS, JUDGE

4

UNITED STATES DISTRICT COURT